IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

*Civil Action No. 20-cv-02389-DDD-NRN*

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually,
LAWAYNE MOSLEY, individually,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity,
DR. ERIC HILL, in his individual capacity,

    Defendants.

## DEFENDANTS' UNOPPOSED JOINT MOTION FOR EXTENSION OF TIME TO DESIGNATE A NONPARTY AT FAULT PURSUANT TO C.R.S. § 13-21-111.5

Defendants City of Aurora, Officer Nathan Woodyard, Officer Randy Roedema, Officer Jason Rosenblatt, Officer Matthew Green, Sergeant Dale Leonard, Officer Alicia Ward, Officer Kyle Dittrich, Officer Erica Marrero, Officer James Root, Officer Jordan Mullins-Orcutt, Officer Darren Dunson, Sergeant Rachel Nunez, Lieutenant Peter

Cichuniec and Paramedic Jeremy Cooper, in their official capacities, by and through their official capacity counsel, Peter Ruben Morales and Isabelle S. Evans of the Aurora City Attorney's Office, Defendants Officer Nathan Woodyard, Officer Randy Roedema, Officer Jason Rosenblatt, Officer Matthew Green, Sergeant Dale Leonard, Officer Alicia Ward, Officer Kyle Dittrich, Officer Erica Marrero, Officer James Root, Officer Jordan Mullins-Orcutt, Officer Darren Dunson, Sergeant Rachel Nunez, in their individual capacities, by and through their individual capacity counsel, Jonathan M. Abramson and Yulia Nikolaevskaya of Kissinger & Fellman, P.C., Defendants Lieutenant Peter Cichuniec and Paramedic Jeremy Cooper, in their individual capacities, by and through their individual capacity counsel, Michael Lowe and David Goddard, of Bruno, Colin & Lowe, P.C., and Defendant Dr. Eric Hill, in his individual capacity, by and through his counsel of record, Stephen J. Hensen of Hensen | DuWaldt, (collectively "Defendants"), hereby submit Defendants' Unopposed Joint Motion for Extension of Time to Designate a Nonparty at Fault Pursuant to C.R.S. § 13-21-111.5 and respectfully request that the Court allow them up to and including February 8, 2021 to designate non-parties regarding the tort claims brought against the Defendants.

**CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)**

Undersigned counsel for Defendants certifies they have conferred with counsel for Plaintiffs via email on November 2, 2020 concerning the relief requested herein. Plaintiffs' counsel has indicated Plaintiffs are unopposed to the requested extension of time.

## INTRODUCTION

In this action, Plaintiffs are seeking to recover damages arising out of the death of Elijah McClain following an incident that occurred on August 24, 2019. Plaintiffs' Complaint and Jury Demand (ECF 1) was filed on August 11, 2020. The deadline for designating nonparties at fault is November 9, 2020, ninety (90) days following commencement of the action. C.R.S. § 13-21-111.5(3)(b). Defendants respectfully request that the Court allow them up to and including February 8, 2021 for purposes of designating non-parties regarding the tort claims brought against the Defendants.

In this case, justice would be served and no party would be prejudiced by the requested extension of time.

## ARGUMENT

Pursuant to the provisions of C.R.S. §13-21-111.5(1), with few exceptions, a defendant is not responsible for a plaintiff's injuries, damages, or losses that exceed the degree or percentage of negligence or fault attributable to such defendant.

Since a defendant is to be held financially responsible only for the fault, if any, that is attributable to him/her, C.R.S. §13-21-111.5(3)(b) provides that the negligence or fault of a non-party may be considered if the defendant gives notice that the non-party was wholly or partially at fault within 90 days after the commencement of an action against the defendant.

A designation must contain facts that are sufficient to "satisfy all the elements of a negligence claim." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001). Designations must establish a prima facie case against a nonparty. *Stone v. Satriana*,

41 P.3d 705, 712 (Colo. 2002). To establish a prima facie case for a non-party designee, a party must establish "the existence of a duty, a breach of that duty, causation, and damages." *Redden*, 38 P.3d at 80.

Moreover, "a designation of non-parties must give a plaintiff sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it." *Federal Deposit Ins. Corp. v. Isham*, 782 F.Supp. 524, 530 (D.Colo. 1992). "Courts ... have recognized that a designation may be proper if it minimally sets forth 'facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault.'" *Fourhorn v. City & Cnty. Of Denver*, 2008 WL 5423349, at *3 (D.Colo. 2008) (citing *Jenkins v. FMC Tech., Inc.*, 2008 WL 4059861, at *1 (D.Colo. 2008)).

To date, no disclosures have been exchanged between Plaintiffs and Defendants and Defendants have yet to serve written discovery on Plaintiffs. Defendants have not received all relevant and discoverable documents, which would contain, at the minimum, the entire set of Mr. McClain's medical records, and, therefore, lack necessary information to analyze whether a third party may bear any degree of fault for the damages claimed in the Complaint. At this point of litigation, the Defendants are not in a position to file factually supported nonparty designations. Thus, Defendants respectfully request that the Court allow them up to and including February 8, 2021 for purposes of designating non-parties regarding the tort claims brought against the Defendants. No other aspect of this proceeding will be delayed by the requested extension.

WHEREFORE, Defendants City of Aurora, Officer Nathan Woodyard, Officer Randy Roedema, Officer Jason Rosenblatt, Officer Matthew Green, Sergeant Dale

Leonard, Officer Alicia Ward, Officer Kyle Dittrich, Officer Erica Marrero, Officer James Root, Officer Jordan Mullins-Orcutt, Officer Darren Dunson, Sergeant Rachel Nunez, Lieutenant Peter Cichuniec, Paramedic Jeremy Cooper and Dr. Eric Hill respectfully request a ninety (90) day extension of time to designate a nonparty at fault pursuant to C.R.S. § 13-21-111.5 regarding the tort claims brought against the Defendants..

Dated this 2nd day of November, 2020.

*/s/ Peter Ruben Morales*
Peter Ruben Morales
Isabelle S. Evans
Aurora City Attorney's Office
15151 E. Alameda Parkway, Suite 5300
Aurora, CO 80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
pmorales@auroragov.org
ievans@auroragov.org
*Attorneys for Defendant City of Aurora, and Defendants Woodyard, Roedema, Rosenblatt, Green, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson, Nunez, Cichuniec, and Cooper in their official capacities ("Aurora Defendants")*

*/s/ Jonathan M. Abramson*
Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
jonathan@kandf.com
julie@kandf.com
*Attorneys for Defendants Dittrich, Dunson, Green, Leonard, Marrero, Mullins-Orcutt, Nunez, Roedema, Root, Rosenblatt, Ward, and Woodyard in their individual capacities ("APD Defendants")*

*/s/ Michael Lowe*
Michael Lowe
David Goddard
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, Colorado 80202
P: 303.831.1099
F: 303.831.1088
MLowe@brunolawyers.com
dgoddard@brunolawyers.com
*Attorneys for Defendants Cichuniec and Cooper in their individual capacities ("AFR Defendants")*

*/s/ Stephen J. Hensen*
Hensen | DuWaldt
1001 Bannock Street, Suite 39
Denver, CO 80204
Phone: 303-223-0773
Cell: 303-895-4199
steve@hendulaw.com
*Attorney for Defendant Dr. Eric Hill*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Liana Orshan, Esq. (lorshan@kln-law.com)
Michael Fairhurst, Esq. (mfairhurst@kln-law.com)
Mari Newman, Esq. (mnewman@kln-law.com)
*ATTORNEYS FOR PLAINTIFFS*


Peter Morales, Esq. (pmorales@auroragov.org)
Isabelle Evans, Esq. (ievans@auroragov.org)
*ATTORNEYS FOR DEFENDANTS CITY OF AURORA, COLORADO, NATHAN WOODYARD, RANDY ROEDEMA, JASON ROSENBLATT, MATTHEW T. GREEN, DALE LEONARD, ALICIA WARD, KYLE DITTRICH, ERICA MARRERO, JAMES ROOT, JORDAN MULLINS-ORCUTT, DARREN DUNSON, RACHEL NUNEZ, PETER CICHUNIEC AND JEREMY COOPER, IN THEIR OFFICIAL CAPACITIES*

Michael Lowe, Esq. (mlowe@brunolawyers.com)
David Goddard, Esq. (dgoddard@brunolawers.com)
*ATTORNEYS FOR DEFENDANTS PETER CICHUNIEC AND JEREMY COOPER, IN THEIR INDIVIDUAL CAPACITIES*

Stephen J. Hensen, Esq. (steve@hendulaw.com)
*ATTORNEY FOR DEFENDANT DR. ERIC HILL, IN HIS INDIVIDUAL CAPACITY*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

By:   ***s/ Jonathan M. Abramson***
          Jonathan M. Abramson