IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

*Civil Action No. 20-cv-02389-DDD-NRN*

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually,
LAWAYNE MOSLEY, individually,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity,
DR. ERIC HILL, in his individual capacity,

    Defendants.

---

**DEFENDANTS WOODYARD, ROEDEMA AND ROSENBLATT'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND JURY DEMAND (ECF 1)
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

    Defendants Officer Nathan Woodyard ("Officer Woodyard"), Officer Randy Roedema ("Officer Roedema") and Officer Jason Rosenblatt ("Former Officer Rosenblatt") (collectively "APD Defendants"), in their individual capacity, by and through their individual capacity counsel, Jonathan M. Abramson and Yulia Nikolaevskaya of Kissinger & Fellman, P.C., hereby submit

their Motion to Dismiss Plaintiffs' Complaint and Jury Demand (ECF 1) Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") as follows.

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1 AND JUDGE DANIEL D. DOMENICO'S PRACTICE STANDARDS FOR CIVIL CASES (Revised November 22, 2019)

An exception to the duty to confer includes "(2) a motion under Fed. R. Civ. P. 12; . . .". D.C.COLO.LCivR 7.1(b). However, pursuant to Judge Daniel D. Domenico's Practice Standards (Civil Cases) (Revised: December 2019) at Section III. D., *Motions to Dismiss – Fed. R. Civ. P. 12(b)*, Subpart 1., ". . . counsel must confer prior to the filing of the motion to discuss whether an asserted deficiency is correctable by amendment . . .".

Accordingly, on November 19, 2020, undersigned counsel sent counsel for Plaintiffs' a 6-page single spaced conferral letter. The conferral letter detailed the specific deficiencies in the Complaint as it pertains to various APD Defendants and cited case law in support of APD Defendants' position. Plaintiffs' counsel has indicated that based on "limited information" in the 6-page conferral "letter" Plaintiffs "cannot agree to drop any of the claims or defendants".

### I. INTRODUCTION

The death of Elijah McClain ("Mr. McClain") **is** a tragedy; however, this tragedy was not caused by deliberate and discriminatory acts or omissions of the APD Defendants.

Although writhe with conclusory allegations and legal conclusions[1], the Complaint[2] fails

---

[1] The Complaint does not comply with Fed. R. Civ. P. 8, because it is not concise, it contains a separate unnumbered introduction, 585 paragraphs and 106 pages. It also violates Fed. R. Civ. P. 12(f) because it includes numerous photographs, instances of repeated allegations, legal conclusions, redundant, immaterial and impertinent facts.

[2] All official capacity claims against all APD Defendants must be dismissed. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted), *see also Bueno v. Chekush*, 355 F. Supp. 3d 987 (D. Colo. 2018) (dismissing official capacity claims as barred pursuant to the Eleventh Amendment). Thus, the claims against the APD Defendants in their official capacities should be dismissed.

to sufficiently allege that APD Defendants committed an equal protection violation. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), the equal protection claim against APD Defendants, Plaintiffs' Second Claim for Relief, should be dismissed with prejudice.

## II.     STANDARD OF REVIEW

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).

A claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court is not required to accept as true legal conclusions and mere conclusory statements. *See id.* at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Moya v. Schollenbarger,* 465 F.3d 444, 455-57 (10th Cir. 2006) (when considering a Rule 12(b)(6) motion, a court may consider only facts actually alleged and should disregard all conclusory allegations made without supporting factual averments). The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation

omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"'[N]aked assertions[s]' devoid of 'further factual enhancement'" are not sufficient to establish a claim. *Gutierrez v. Luna Cty.*, 2014 U.S. Dist. LEXIS 200434, at *42 (D.N.M. 2014) (quoting *Twombly*, 550 U.S. at 557). "[N]aked assertions" are not entitled to presumptions of truth and need not be considered. *Iqbal*, 556 U.S. at 678. Likewise, allegations so general that they encompass a wide swath of conduct, both permissible and not, may be disregarded. *Hale v. Fed. Bureau of Prisons*, 2015 U.S. Dist. LEXIS 132832, at *16 (D. Colo. Sep. 30, 2015) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Duprey v. Twelfth Judicial Dist. Court*, 760 F. Supp. 2d 1180, 1192 (D.N.M. 2009) (citation omitted). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### III. THE SECOND CLAIM FOR RELIEF OF PLAINTIFFS' COMPLAINT FAILS TO ALLEGE A VIABLE DENIAL OF EQUAL PROTECTION CLAIM.

The Complaint does not sufficiently allege factually or legally that Officer Woodyard, Officer Roedema and Former Officer Rosenblatt denied Mr. McClain equal protection of the law or treated him less favorably than his white counterparts. The Complaint accuses APD Defendants of racism and racial discrimination against Mr. McClain, yet it fails to sufficiently support these allegations against each individual APD Defendant with specificity required under *Iqbal*. **The**

*Complaint fails to plead a viable claim of denial of equal protection against APD Defendants as it: 1) fails to allege that each individual APD Defendant treated similarly situated white counterparts differently from Mr. McClain; and 2) does not contain direct or circumstantial facts to show discriminatory purpose/motivation or discriminatory effect.*[3] Bare conclusory statements, including those alleging racial motivation, do not support a cause of action. *Moore v. Riley,* 1993 U.S. App. LEXIS 30144, at *11 (10th Cir. 1993) (citation omitted). Thus, the equal protection claim must be dismissed with prejudice.

The requirements for a claim of racially selective law enforcement draw on what the Supreme Court has called "ordinary equal protection standards." *United States v. Armstrong*, 517 U.S. 456, 465 91996) (quoting *Wayte v. United States*, 470 U.S. 598, 608, (1985)). The plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose. *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003) (citation omitted). To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were treated differently. See *Armstrong*, 517 U.S. at 465. "[A] showing of discriminatory intent has long been required in *all* types of equal protection cases charging racial discrimination." *Rogers v. Lodge*, 458 U.S. 613, 617 (1982).

"[A] determining the existence of a discriminatory purpose 'demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.'" *Id. (citation omitted).* The party alleging discrimination has the burden of proving that the state's conduct was motivated by a discriminatory purpose. *See Witus v. Georgia*, 385 U.S. 545, 550 (1967)(explaining that "[t]he

---

[3] Emphasis added pursuant to Judge Daniel D. Domenico's Practice Standards (Civil Cases) (Revised: December 2019) at Section III. D. 1. a. "For each claim for relief that the movant seeks to have dismissed, clearly enumerate each element that the movant contends must be alleged, but was not."

burden is, of course, on the petitioners to prove the existence of purposeful discrimination"); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1130 (10th Cir. 1993)(stating that "[a] plaintiff in an equal protection action has the burden of demonstrating discriminatory intent."). It is "hornbook constitutional law that mere negligence or mistake resulting in uneven application of the law is not an equal protection violation." *Roe v. Keady*, 329 F.3d 1188, 1191-92 (10th Cir. 2003). Proof of disparate impact alone, however, is not sufficient to succeed on an equal protection claim; a plaintiff also must prove that the defendant intended to discriminate. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-66 (1977).

The Complaint alleges that Mr. McClain's race was a motivating factor in the APD Defendants' decision to seize him and use excessive force against him. Compl., ¶431. The Complaint claims that Officer Woodyard, Officer Roedema and Former Officer Rosenblatt contacted Mr. McClain as a pretext for race discrimination. Compl., ¶71. The Complaint alleges that Officer Woodyard, Officer Roedema, and Former Officer Rosenblatt contacted Mr. McClain based on his race and inflicted force on him because he was African American. Compl., ¶¶71-72.

However, the Complaint makes clear that Mr. McClain was not pre-textually stopped. An investigative detention, also called a *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968)("Terry") stop, is an encounter in which police may 'stop and briefly detain a person for investigative purposes.'" *Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012) (quotation omitted). A Terry stop is a Fourth Amendment seizure that does not require probable cause. *See Morris v. Noe*, 672 F.3d at 1191 (quotation omitted). "For reasonable suspicion to exist, an officer 'need not rule out the possibility of innocent conduct'; he or she simply must possess 'some minimal level of objective justification' for making the stop." *United States v. Winder*, 557 F.3d 1129, 1134 (10th

6

Cir. 2009) (quoting *United States v. Vercher*, 358 F.3d 1257, 1261 (10th Cir. 2004)).

This objective justification existed at the time Mr. McClain was approached. The Complaint states that on August 24, 2019 at 10:30 p.m. a 911 call was received by APD dispatchers. Compl., ¶¶50-51. The substance of this call was a concern by a motorist passing by Mr. McClain because on the summer evening Mr. McClain was walking down the street, wearing a ski mask[4] and making arm motions. The caller stated that Mr. McClain was African American and was behaving oddly and he might be a good person or bad person. Compl., ¶¶53-54. APD dispatch then radioed this information to responding APD Defendants. Compl., ¶54. Mr. McClain was approached by Officer Woodyard and asked to stop. Compl., ¶¶62-64.

The Complaint makes clear that Officer Woodyard, Officer Roedema, and Former Officer Rosenblatt only approached Mr. McClain, who was wearing a ski mask on a summer evening and was acting oddly, because they were dispatched to Mr. McClain's location based on the 911 call. Officer Woodyard, Officer Roedema and Former Officer Rosenblatt never met Mr. McClain before and were unaware that he wore a ski mask in the summer. Compl., ¶¶1-588. The Complaint does not contain direct or circumstantial facts to show that the stop by APD Defendants or alleged use of force by APD Defendants were motivated by a discriminatory purpose.

In addition, as to each individual APD Defendant, the Complaint fails to sufficiently allege that each individual APD Defendant treated Mr. McClain differently from a similarly situated white counterpart. Plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him." *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (citations omitted). The Complaint does not

---

[4] The COVID-19 pandemic and requirement to wear facemasks in public did not occur until March-April of 2020.

contain factual specific support required under *Iqbal* and *Twombly* to assert a viable equal protection and selective law enforcement claim.

The Complaint contains unsupported denial of equal protection allegations, but the possibility of misconduct does not allow the Court to infer that a violation has occurred. *See Carroll,* 2020 U.S. Dist. LEXIS 66974, at *9. The Supreme Court has directed the lower federal courts to apply qualified immunity broadly, to protect from civil liability for damages against all officers except "the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986). When a plaintiff has failed to sufficiently allege facts that show the actions taken by the individual defendants were motived by race and had a discriminatory effect, defendants' motions to dismiss plaintiff's equal protection claim must be granted. *See Estate of Holmes*, 387 F. Supp. 3d at 1255. Therefore, Officer Woodyard, Officer Roedema and Former Officer Rosenblatt are entitled to qualified immunity.

## IV.   CONCLUSION

The Complaint fails to state a claim for an equal protection violation. Based on the above arguments, APD Defendants Officer Woodyard, Officer Roedema and Former Officer Rosenblatt request this Court grant their Motion to Dismiss.

Dated this 30th day of November, 2020.

                                                */s/ Jonathan M. Abramson*
                                                Jonathan M. Abramson
                                                Yulia Nikolaevskaya
                                                Kissinger & Fellman, P.C.
                                                3773 Cherry Creek N. Dr., #900
                                                Denver, CO 80209
                                                Telephone: 303-320-6100
                                                Facsimile: 303-327-8601
                                                Email: jonathan@kandf.com
                                                          julie@kandf.com

>*Attorneys for Defendants Dittrich, Dunson, Green, Leonard, Marrero, Mullins-Orcutt, Nunez, Roedema, Root, Rosenblatt, Ward, and Woodyard in their individual capacities ("APD Defendants")*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I hereby certify that the foregoing pleading contains 2,236 words and complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), as amended by the Court's Order (ECF 34) granting APD Defendants' Motion for Leave to File Excess Pages (ECF 32 and ECF 33).

>*/s/ Jonathan M. Abramson*
>Jonathan M. Abramson

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Liana Orshan, Esq. (lorshan@kln-law.com)
Michael Fairhurst, Esq. (mfairhurst@kln-law.com)
Mari Newman, Esq. (mnewman@kln-law.com)
*ATTORNEYS FOR PLAINTIFFS*

Peter Morales, Esq. (pmorales@auroragov.org)
Isabelle Evans, Esq. (ievans@auroragov.org)
*ATTORNEYS FOR DEFENDANTS CITY OF AURORA, COLORADO, NATHAN WOODYARD, RANDY ROEDEMA, JASON ROSENBLATT, MATTHEW T. GREEN, DALE LEONARD, ALICIA WARD, KYLE DITTRICH, ERICA MARRERO, JAMES ROOT, JORDAN MULLINS-ORCUTT, DARREN DUNSON, RACHEL NUNEZ, PETER CICHUNIEC AND JEREMY COOPER, IN THEIR OFFICIAL CAPACITIES*

Michael Lowe, Esq. (mlowe@brunolawyers.com)
David Goddard, Esq. (dgoddard@brunolawers.com)
*ATTORNEYS FOR DEFENDANTS PETER CICHUNIEC AND JEREMY COOPER, IN THEIR INDIVIDUAL CAPACITIES*

Stephen J. Hensen, Esq. (steve@hendulaw.com)
*ATTORNEY FOR DEFENDANT DR. ERIC HILL, IN HIS INDIVIDUAL CAPACITY*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

By: <u>*s/ Jonathan M. Abramson*</u>
Jonathan M. Abramson