IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

*Civil Action No. 20-cv-02389-DDD-NRN*

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually,
LAWAYNE MOSLEY, individually,

   Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity,
DR. ERIC HILL, in his individual capacity,

   Defendants.

---

**DEFENDANTS GREEN, LEONARD AND WARD'S
MOTION TO DISMISS PLAINTIFFS COMPLAINT AND JURY DEMAND (ECF 1)
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendants Officer Matthew Green ("Officer Green"), Officer Sergeant Dale Leonard ("Sergeant Leonard") and Officer Alicia Ward ("Officer Ward") (collectively "APD Defendants"), in their individual capacity, by and through their individual capacity counsel, Jonathan M. Abramson and Yulia Nikolaevskaya of Kissinger & Fellman, P.C., hereby submit their Motion to

Dismiss Plaintiffs' Complaint and Jury Demand (ECF 1) Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") as follows.

## CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1 AND JUDGE DANIEL D. DOMENICO'S PRACTICE STANDARDS (Civil Cases) (Revised: December 2019)

An exception to the duty to confer includes "(2) a motion under Fed. R. Civ. P. 12; . . .". D.C.COLO.LCivR 7.1(b). However, pursuant to Judge Daniel D. Domenico's Practice Standards (Civil Cases) (Revised: December 2019) at Section III. D., *Motions to Dismiss – Fed. R. Civ. P. 12(b)*, Subpart 1., ". . . counsel must confer prior to the filing of the motion to discuss whether an asserted deficiency is correctable by amendment . . .".

Accordingly, on November 19, 2020, undersigned counsel sent counsel for Plaintiffs' a 6-page single spaced conferral letter. The conferral letter detailed the specific deficiencies in the Complaint as it pertains to various APD Defendants and cited case law in support of APD Defendants' position. Plaintiffs' counsel has indicated that based on "limited information" in the 6-page conferral "letter" Plaintiffs "cannot agree to drop any of the claims or defendants".

## I.    INTRODUCTION

The death of Elijah McClain ("Mr. McClain") **is** a tragedy; however, this tragedy was not caused by deliberate and discriminatory acts or omissions of the APD Defendants.

Although writhe with conclusory allegations and legal conclusions,[1] the Complaint[2] fails

---

[1] The Complaint does not comply with Fed. R. Civ. P. 8, because it is not concise, it contains a separate unnumbered introduction, 585 paragraphs and 106 pages. It also violates Fed. R. Civ. P. 12(f) because it includes numerous photographs, instances of repeated allegations, legal conclusions, redundant, immaterial and impertinent facts.

[2] All official capacity claims against all APD Defendants must be dismissed. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted), *see also Bueno v. Chekush*, 355 F. Supp. 3d 987 (D. Colo. 2018) (dismissing official capacity claims as barred pursuant to the Eleventh Amendment). Thus, the claims against the APD Defendants in their official capacities should be dismissed.

to sufficiently allege that APD Defendants 1) committed a Fourth Amendment violation (First Claim for Relief); 2) committed an equal protection violation (Second Claim for Relief); and 3) are liable under the Colorado Wrongful Death Act (Sixth and Seventh Claims for Relief). Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), all claims against APD Defendants should be dismissed with prejudice.

## II.    STANDARD OF REVIEW

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).

A claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court is not required to accept as true legal conclusions and mere conclusory statements. *See id.* at 555 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Moya v. Schollenbarger*, 465 F.3d 444, 455-57 (10th Cir. 2006) (when considering a Rule 12(b)(6) motion, a court may consider only facts actually alleged and should disregard all conclusory allegations made without supporting factual averments). The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of

the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"'[N]aked assertions[s]' devoid of 'further factual enhancement'" are not sufficient to establish a claim. *Gutierrez v. Luna Cty.*, 2014 U.S. Dist. LEXIS 200434, at *42 (D.N.M. 2014) (quoting *Twombly*, 550 U.S. at 557). "[N]aked assertions" are not entitled to presumptions of truth and need not be considered. *Iqbal*, 556 U.S. at 678. Likewise, allegations so general that they encompass a wide swath of conduct, both permissible and not, may be disregarded. *Hale v. Fed. Bureau of Prisons*, 2015 U.S. Dist. LEXIS 132832, at *16 (D. Colo. Sep. 30, 2015) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Duprey v. Twelfth Judicial Dist. Court*, 760 F. Supp. 2d 1180, 1192 (D.N.M. 2009) (citation omitted). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## III.   THE FIRST CLAIM FOR RELIEF OF PLAINTIFFS' COMPLAINT FAILS TO ALLEGE A VIABLE FOURTH AMENDMENT VIOLATION AGAINST APD DEFENDANTS.

### 1.   The Complaint Fails to Allege a Viable Fourth Amendment Claim Under the Direct Participation Theory.

The Complaint fails to a allege a viable claim of excessive force against Officer Green,

Sergeant Leonard and Officer Ward. ***The Complaint fails to factually support: 1) an allegation that APD Defendants committed a constitutional violation of excessive force; and 2) that their conduct at the time of the incident was clearly established. Therefore, APD Defendants are entitled to the defense of qualified immunity under the direct participation theory as to the alleged Fourth Amendment violation.***[3]

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). APD Defendants' "assertion of qualified immunity creates a presumption that [they are] immune from suit." *Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016). To overcome this presumption the Complaint must sufficiently allege "that (1) the officers' alleged conduct violated a constitutional right, and (2) it was clearly established at the time of the violation, such that 'every reasonable official would have understood,' that such conduct constituted a violation of that right." *See Reavis v. Frost*, 967 F.3d 978, 984 (10th Cir. 2020) (citation omitted).

### a.   The Complaint Fails to Allege that Officer Green, Sergeant Leonard, and Officer Ward Used Excessive Force on Mr. McClain.

The Complaint fails to allege that APD Defendants used excessive force on Mr. McClain and that Mr. McClain suffered any actual injury from the actions of APD Defendants. *See Sisneros v. Fisher*, 685 F. Supp. 2d 1188, 1218 (D.N.M. 2010). As the Tenth Circuit recognized in *Cortez*

---

[3] Emphasis added pursuant to Judge Daniel D. Domenico's Practice Standards (Civil Cases) (Revised: December 2019) at Section III. D. 1. a. "For each claim for relief that the movant seeks to have dismissed, clearly enumerate each element that the movant contends must be alleged, but was not."

*v. McCauley*, "[p]hysical contact is not required for an excessive force claim -- patently unreasonable conduct is." *McCauley*, 478 F.3d at 1131. Instead, [Plaintiff] needs to prove some "actual" injury that is not de minimis. *Fisher v. City of Las Cruces*, 584 F.3d at 894.

In this case, as alleged in the Complaint, APD Defendants did not arrive on the scene of the incident until after Mr. McClain was already handcuffed and after medical help was already called to the scene. Compl., ¶139. While waiting for the ambulance, Mr. McClain's position was alternated between him facing down on his stomach and on his side. Compl., ¶154. Mr. McClain was vomiting. Compl., ¶163. Mr. McClain admitted to ingesting marijuana. Compl., ¶161. Sergeant Leonard and Officer Green held Mr. McClain's legs for a brief period of time while medical help was on the way to the location of the incident. Compl., ¶¶163, 168, 172. Officer Ward placed pressure on Mr. McClain's head and upper back. Compl., ¶200. Sergeant Leonard, Officer Ward and Officer Green never subjected Mr. McClain to the application of pain compliance techniques. Compl., ¶¶1-585. The Complaint is silent as to any actual injury that Mr. McClain suffered as Sergeant Leonard and Officer Green helped hold Mr. McClain's legs and Officer Ward applied pressure near Mr. McClain's head and upper body while they waited for medical help to arrive. Compl., ¶¶1-585. This conduct in not patently unreasonable under the circumstances. Because the Complaint is silent as to any actual injury that Mr. McClain sustained as result of APD Defendants' reasonable actions, the Complaint fails to allege an excessive force violation against APD Defendants under a direct participation theory.

> **b.**     **The Complaint Fails to Allege the Force Used by Officer Green, Sergeant Leonard, and Officer Ward Was Objectively Unreasonable.**

The Complaint fails to allege that actions of Sergeant Leonard, Officer Green and Officer Ward were objectively unreasonable under the circumstances alleged in the Complaint. At the time

Sergeant Leonard and Officers Green and Ward arrived on the scene of the incident, Mr. McClain was already handcuffed, and medical help was on the way. Compl., ¶139. Sergeant Leonard knew that Mr. McClain had used marijuana earlier that day and was vomiting while waiting for the ambulance to arrive. Compl., ¶¶161, 163. In determining whether an officer used excessive force, and thus violated the arrestee's Fourth Amendment rights, the ultimate question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them. *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 664 (10th Cir. 2010). Fourth Amendment claims are analyzed under this "objective reasonableness" standard, rather than substantive due process. *Graham v. Connor*, 490 U.S. 386, 388 (1989). The reasonableness of the officer's actions must be judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. at 396.

The Fourth Amendment "does not require [police] to use the least intrusive means in the course of a detention, only reasonable ones." *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1222 (10th Cir. 2005), citing to *United States v. Melendez-Garcia*, 28 F.3d 1046, 1052 (10th Cir. 1994). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham*, 490 U.S. at 396 (citation and quotation marks omitted). And courts take seriously that this "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Id*. at 396-97.

In this case, the Complaint is clear the APD Defendants knew that medical help was on the way and that Mr. McClain was vomiting. The use of force violates the Fourth Amendment "if it is

unreasonable under the circumstances a law enforcement officer confronts." *Rowell v. Bd. of Cty. Comm'rs*, 2020 U.S. App. LEXIS 33813, at *13 n.7 (10th Cir. Oct. 27, 2020) (citation omitted). According to the Complaint, upon arrival at the scene the APD Defendants were confronted with Mr. McClain who was sick and throwing up, possibly because of the bad reaction to marijuana he ingested. Medical help was already on the way. It was not objectively unreasonable for the APD Defendants to help hold Mr. McClain, to keep him still and safe until medical help arrived. Therefore, the APD Defendants are entitled to qualified immunity.

> **c.    APD Defendants are Entitled to Qualified Immunity as it Was Not Clearly Established That the Conduct of APD Defendants Constituted a Constitutional Violation.**

It was not clearly established on the day of the incident that holding Mr. McClain's legs, head and upper back while waiting for the ambulance, constituted a constitutional violation of excessive force. Because the APD Defendants have asserted qualified immunity, the burden shifts to Plaintiff to show that Defendants violated a constitutional right and that the constitutional right was clearly established. *Parks v. Zasada*, 2010 U.S. Dist. LEXIS 13044, at *4 (D. Colo. Feb. 16, 2010). APD Defendants have been unable to find a case that would place them on notice that their conduct in holding Mr. McClain down for safety reasons until medical help arrived constitutes prohibited conduct and a constitutional violation. Therefore, APD Defendants are entitled to qualified immunity.

**2.    The Complaint Fails to Allege a Viable Fourth Amendment Claim on the Failure to Intervene Theory.**

The Complaint fails to allege a viable Fourth Amendment violation against Officer Green, Sergeant Leonard, and Officer Ward.  To establish a constitutional violation under a "failure to intervene" theory, Plaintiff must show: (i) the defendant officer was present at the scene; (ii) the

defendant officer witnessed another officer applying force; (iii) the application of force was such that any reasonable officer would recognize that the force being used was excessive under the circumstances; and (iv) the defendant officer had a reasonable opportunity to intercede to prevent the further application of excessive force, but failed to do so. *See generally Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996).

***The Complaint fails: 1) to support an allegation of a failure to intervene as to each separate APD Defendant; and 2) allege/satisfy each requirement necessary pursuant to Mick. 76 F. 3rd at 1136.[4]*** Plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him." *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (citations omitted). In this case the Complaint fails to factually allege that "each individual APD Defendant knew or reasonably should have known that each Direct Participation Defendant presented an excessive risk of harm to Mr. McClain" and that each individual APD Defendant "failed to take reasonable steps to protect Mr. McClain from objectively unreasonable application of force . . .". Compl., ¶410.

The Complaint is clear that APD Defendants did not begin to arrive at the scene of the incident until Mr. McClain was already handcuffed and while medical help was already on the way. Compl., ¶139. The Complaint states that Mr. McClain was subject to alleged excessive force for approximately 18 minutes. Compl., ¶174. However, the voluminous Complaint is silent as to when exactly each individual APD Defendant arrived on the scene[5], how long each individual

---

[4] See FN 3.
[5] The Complaint makes the vague allegation that "[n]umerous other APD officers filtered into the crime scene following Defendant Leonard's arrival, including at least Defendants Green, Ward, Nunez, Mullins-Orcutt, Root, Dunson, Dittrich, and Erica Marrero." Compl., ¶148.

APD Defendant was on the scene and where each individual APD Defendant was on the scene. Compl., ¶¶1-585.  The Complaint is silent as to what each individual APD Defendant observed and what constituted their alleged action/inaction. Compl., ¶¶1-585.

The fact that APD Defendants were on the scene of this incident after the initial contact of and use of force on Mr. McClain, does not make them liable on a failure to intervene theory. "[T]o be liable for failure to intervene, the officers must have 'observe[d] or ha[d] reason to know' of a constitutional violation and have had a 'realistic opportunity to intervene.'" *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015) (quoting *Vondrak*, 535 F.3d at 1210). The Complaint must allege as to each individual APD Defendant not only that they were present at the scene, but also that they observed an application of force, that they recognized that such application of force was unreasonably excessive, and that they had a realistic opportunity to intervene in the further application of force. "Speculation and conclusory assertions are insufficient" to support a claim. *See Iqbal*, 556 U.S. at 678. Because of this failure, the APD Defendants are entitled to qualified immunity as the Complaint fails to allege a viable failure to intervene claim against each individual APD Defendant. See *Harris v. City & Cty. of Denver*, U.S. Dist. LEXIS 216403, at *17-18 (D. Colo. Dec. 17, 2019).

## IV.    THE SECOND CLAIM FOR RELIEF OF PLAINTIFFS' COMPLAINT FAILS TO ALLEGE A VIABLE DENIAL OF EQUAL PROTECTION CLAIM.

The Complaint does not establish factually or legally that Officer Green, Sergeant, and Officer Ward denied Mr. McClain equal protection of the law or treated him less favorably than his white counterparts. Therefore, APD Defendants are entitled to qualified immunity.

The Complaint accuses APD Defendants of racism and racial discrimination against Mr. McClain, yet it fails to sufficiently support these allegations against each and every individual

APD Defendant with specificity required under *Iqbal*. ***The Complaint fails to plead a viable claim of denial of equal protection against APD Defendants as it: 1) fails to allege that each individual APD Defendant treated similarly situated white counterparts differently from Mr. McClain; and 2) does not contain direct or circumstantial facts to show discriminatory purpose/motivation or discriminatory effect.*** [6] Bare conclusory statements, including those alleging racial motivation, do not support a cause of action. *Moore v. Riley*, 1993 U.S. App. LEXIS 30144, at *11 (10th Cir. 1993) (citation omitted). Thus, the equal protection claim must be dismissed with prejudice.

The requirements for a claim of racially selective law enforcement draw on what the Supreme Court has called "ordinary equal protection standards." *United States v. Armstrong*, 517 U.S. 456, 465 91996) (quoting *Wayte v. United States*, 470 U.S. 598, 608, (1985)). The plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose. *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003) (citation omitted). To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were treated differently. See *Armstrong*, 517 U.S. at 465. "[A] showing of discriminatory intent has long been required in *all* types of equal protection cases charging racial discrimination." *Rogers v. Lodge*, 458 U.S. 613, 617 (1982).

"[A] determining the existence of a discriminatory purpose "demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Id. (citation omitted).* The party alleging discrimination has the burden of proving that the state's conduct was motivated by a discriminatory purpose. *See Witus v. Georgia*, 385 U.S. 545, 550 (1967)(explaining that "[t]he burden is, of course, on the petitioners to prove the existence of purposeful discrimination");

---

[6] See FN 3.

11

*Sauers v. Salt Lake County*, 1 F.3d 1122, 1130 (10th Cir. 1993)(stating that "[a] plaintiff in an equal protection action has the burden of demonstrating discriminatory intent."). It is "hornbook constitutional law that mere negligence or mistake resulting in uneven application of the law is not an equal protection violation." *Roe v. Keady*, 329 F.3d 1188, 1191-92 (10th Cir. 2003). Proof of disparate impact alone, however, is not sufficient to succeed on an equal protection claim; a plaintiff also must prove that the defendant intended to discriminate. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-66, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977).

The Complaint alleges that Mr. McClain's race was a motivating factor in the APD Defendants' decision to seize him, use excessive force against him, and/or fail to intervene in the seizure and the use of such excessive force. Compl., ¶431. The Complaint alleges that APD Defendants acted with the intent or purpose of depriving Mr. McClain of equal protection and benefit of the law, and equal privileges and immunities under the law. Compl., ¶43. The Complaint alleges that APD Defendants treated Mr. McClain less favorably and with much more unreasonable force that his similarly situated white counterparts, wholly or in part because he was black. Compl., ¶432.

However, the Complaint is bare as to specific facts required to establish an equal protection violation as it does not contain sufficient facts to properly allege that actions of APD Defendants were motivated by race. APD Defendants did not arrive in the vicinity of Mr. McClain or approach him because of his race. These specific ADP Defendants arrived on the scene after Mr. McClain was already in handcuffs and after a request for medical assistance from Officer Woodyard, Officer Roedema and Former Officer Rosenblatt was already made. Compl., ¶¶139, 148. The Complaint

alleges that once at the scene, at some point during their interaction with Mr. McClain, and while waiting for paramedics and the ambulance to arrive, Sergeant Leonard and Officer Green held Mr. McClain's legs. Compl., ¶168, 172. Officer Ward is alleged to have put pressure on Mr. McClain's head and upper back while Mr. McClain was handcuffed and waiting for the ambulance. Compl., ¶200. Not a single non-conclusory fact in the Complaint sufficiently alleges that actions or inactions of these specific individual ADP Defendants were motivated by discriminatory purpose or discriminatory motive.

In addition, besides conclusory allegation, nothing in the Complaint supports the allegation that each specific APD Defendant treated Mr. McClain differently from a similarly situated white counterpart. The Complaint simply lumps APD Defendants all together. *See Estate of Holmes v. Somers*, 387 F. Supp. 3d 1233, 1255 (D. Kan. 2019). Plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him." *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (citations omitted). Factual specific support is required under *Iqbal* and *Twombly* in order to assert a viable equal protection and selective law enforcement claim, yet it is missing from the Complaint rendering this Complaint legally and factually deficient.

"A plaintiff must plead facts that show 'more than the mere possibility of misconduct.'" *Moses-El v. City & Cty. of Denver*, 376 F. Supp. 3d 1160, 1172 (D. Colo. 2019) (citation omitted). Plaintiff has an obligation to sufficiently support his allegations prior to commencing discovery. *See McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002) (unpublished) ("a district court is not [ ] 'required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim.'")

The Supreme Court has directed the lower federal courts to apply qualified immunity broadly, to protect from civil liability for damages all officers except "the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986). When Plaintiff has failed to sufficiently allege facts that show the actions taken by the individual APD Defendants were motived by race and had a discriminatory effect, APD Defendants' motions to dismiss Plaintiffs' equal protection claim must be granted. *See Estate of Holmes*, 387 F. Supp. 3d at 1255. Therefore, as not a single non-conclusory fact of this Complaint supports an equal protection violation by Officer Green, Sergeant Leonard, and Officer Ward, these specific ADP Defendants are entitled to qualified immunity as to the equal protection claim.

## V. THE SIXTH AND SEVENTH CLAIMS FOR RELIEF OF PLAINTIFFS' COMPLAINT FAIL TO SUFFICIENTLY ALLEGE LIABILITY FOR BATTERY OR NEGLIGENCE CAUSING WRONGFUL DEATH AS TO OFFICER GREEN, SERGEANT LEONARD, AND OFFICER WARD.

The Complaint fails to allege a viable claim pursuant to the Colorado Wrongful Death Act. *Officer Green, Sergeant Leonard and Officer Ward are immune from liability under the Colorado Governmental Immunity Act ("CGIA") as the Complaint fails to allege willful and wanton acts or omissions of each above mentioned APD Defendant with specificity. In addition, the Complaint fails to viably allege that it was the alleged negligence or battery by APD Defendants that caused Mr. McClain's death.*[7]

The Complaint alleges that Officer Green, Sergeant Leonard and Officer Ward generally arrived after Mr. McClain was handcuffed and after medical help was already called to the scene. Compl., ¶139. Sergeant Leonard was first to arrive. Compl., ¶140. The Complaint alleges the above

---

[7] See FN 3.

mentioned APD Defendants had a duty to exercise reasonable care in protecting Mr. McClain's health and safety. Compl., ¶534. The Complaint alleges that Sergeant Leonard leaned on Mr. McClain's legs; Officer Ward placed pressure in the area around Mr. McClain's head and upper-back; and Officer Green held Mr. McClain's legs. Compl. ¶¶168, 172, 200. Without any factual support, the Complaint conclusory alleges that the purported use of force by Officer Green, Sergeant Leonard and Officer Ward on Mr. McClain, which constituted holding of Mr. McClain's legs and applying pressure in the area of the head/upper back, resulted in Mr. McClain's death. Compl., ¶¶522, 540.

1.      **Plaintiffs' Claims are Barred by the Colorado Government Immunity Act ("CGIA").**

Plaintiffs' battery and negligence claims against Officer Green, Sergeant Leonard and Officer Ward are prohibited under CGIA and must be dismissed as a matter of law. Not only does APD Defendants' alleged conduct fail to satisfy the definition of willful and wanton behavior, but Plaintiffs' fail to plead a specific factual basis as to each individual APD Defendants' alleged willful and wanton behavior, requiring a complete dismissal of this claim pursuant to case and statutory authority.

The CGIA provides that public employees are immune from liability on tort claims arising out of an act or omission of the employee — during the performance of his duties and within the scope of his employment — unless the act or omission causing such injury was willful and wanton. Colo. Rev. Stat. § 24-10-105(1); *Carothers v. Archuleta County Sheriff*, 159 P.3d 647, 650 (Colo. App. 2006); *see also Carnation Building Services, Inc. v. City and County of Denver*, 2011 U.S. Dist. LEXIS 149981 (D.Colo. 2011). When a claim of willful and wanton behavior is asserted, the CGIA requires that a specific factual basis thereof be plead in the complaint, and the failure to do

so "shall result in dismissal of the claim for failure to state a claim upon which relief can be granted." *Kemp v. Lawyer*, 2012 U.S. Dist. LEXIS 15883, at *33-34 (D. Colo. 2012), citing Colo. Rev. Stat. §§ 24-10-110(5)(a) and (b). While "willful and wanton" is not defined in the CGIA, Colorado courts have applied the definition found in the punitive damages context; specifically, as "conduct purposely committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." *Id.*, citing *Wilson v. Meyer*, 126 P.3d 276, 282 (Colo. App. 2005) (*quoting* Colo. Rev. Stat. § 13-21-102(1)(b)); *see also Carnation Building v. Denver, supra*. Whether a plaintiff has pleaded sufficient facts to state a claim based upon willful and wanton conduct is a matter determined by the court. *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1139 (D. Colo. 2001) (citation omitted).

In this case, the only conduct that Plaintiffs allege against APD Defendants is the fact that they were on the scene at the same time as Mr. McClain and applied pressure in the area of Mr. McClain's head/upper back and held his legs. At that time, paramedics were already either (i) called to the scene; (ii) on the way to the scene; or (iii) on the scene. Compl., ¶¶139, 176. Mr. McClain was vomiting. Compl., ¶163. The Complaint does not establish with specificity at what exact point in time each APD Defendant entered the location of the incident, what they did at the location of the incident, how long they were at the location of the incident and at what point in time each above mentioned APD Defendants was hands-on with Mr. McClain. Compl., ¶¶1-585. Besides unsupported conclusory allegations, the Complaint fails to allege "conduct purposely committed" by each individual APD Defendant "which the [Defendant] must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and

safety of others, particularly the plaintiff." *See Kemp, 2012 U.S. Dist. LEXIS 15883, at \*33-34.* Not a single case supports a proposition that being at the location of this incident in itself, and physically touching Mr. McClain when medical help was already on the way or already on the scene constitutes willful and wanton conduct. Therefore, Plaintiffs' claim of negligence or battery against the above named APD Defendants must be dismissed with prejudice.

2.      **Plaintiffs' Claims of Battery and Negligence Are Legally Deficient as Facts in the Complaint and Applicable Law Do Not Legally Establish Causation.**

Plaintiffs' battery and negligence claims against Officer Green, Sergeant Leonard and Officer Ward are legally deficient as Plaintiffs fail to sufficiently allege that it was these APD Defendants' actions that caused Mr. McClain's death. Because Plaintiffs' battery and negligence claims are legally deficient, they must be dismissed with prejudice.

The Wrongful Death Act ("WDA") provides that:

When the death of a person is caused by a wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured.

§ 13-21-202, C.R.S. (2019)(emphasis added).

a.      **Plaintiffs Fail to Sufficiently Allege that Mr. McClain's Death Was Caused by APD Defendants' Negligence.**

Plaintiffs fail to allege a required causation between APD Defendants' actions/inactions and Mr. McClain's death.

To recover on a claim of negligence, the plaintiff must establish the existence of a legal duty on the part of the defendant, breach of that duty by the defendant, causation, and damages." *Davenport v. Community Corrections of the Pikes Peak Region, Inc.*, 962 P.2d 963, 966 (Colo.

1998). In order to establish a claim for common law negligence, Plaintiff must show "(1) the existence of a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) that the breach of the duty caused the harm resulting in damages to the plaintiff." *Oertli v. Event*, 2019 Colo. Dist. LEXIS 3052, *14 (Colo. 2019), *citing Keller v. Koca,* 111 P.3d 445, 447 (Colo. 2005).

Negligence cannot be legally established without establishing causation. *See generally Schimmel v. Chang*, 2019 Colo. Dist. LEXIS 2692, *23. (Colo. 2019). "The requirement of 'but for' causation is satisfied if the negligent conduct in a natural and continued sequence, unbroken by any efficient, intervening cause, produces the result complained of, and without which the result would not have occurred." *Burns v. Pohto*, 2016 U.S. Dist. LEXIS 193142, at *12 (D. Colo. 2016) (citation omitted). The plaintiff must establish causation "beyond mere possibility or speculation." *Id.* (citation omitted).

In this case, Plaintiffs fail to plead causation without speculation and show that APD Defendants' actions/inactions resulted in Mr. McClain's death. Plaintiffs do not and cannot show that APD Defendants' 1) actions of holding Mr. McClain's legs and touching his upper back/head; and 2) alleged failure to intervene after Mr. McClain was already handcuffed and waiting for the ambulance, was the cause of Mr. McClain's death.

In this case, each APD Defendant arrived at the scene of the incident right after Mr. McClain was already handcuffed and the paramedics had already been called. Compl., ¶139. Mr. McClain was already on the ground. Compl., ¶¶139-194. Mr. McClain was vomiting. Compl., ¶163. Under the facts alleged in the Complaint, no case supports Plaintiffs' position that APD Defendants could be found liable for their alleged actions or inactions while waiting for the ambulance and paramedics; after the ambulance and paramedics have arrived on the scene; and

while Mr. McClain was receiving treatment. The clear, and only, inference from the above facts is that APD Defendants did not cause Mr. McClain's death as no evidence exists that Mr. McClain died because his legs were held, and his head/upper back was touched by APD Defendants. Therefore, Officer Green, Sergeant Leonard and Officer Ward cannot be held legally responsible for Mr. McClain's death and are immune from liability under the Colorado Wrongful Death Act. Claim VII must be dismissed with prejudice.

### i.   The Complaint Fails to Sufficiently Allege that Mr. McClain's Death Was Caused by APD Defendants' Alleged Battery.

The Complaint does not establish the actions of Officer Green, Sergeant Leonard and Officer Ward constitute felonious killing and were the proximate cause of Mr. McClain's death. Plaintiffs fail to sufficiently allege these APD Defendants could be liable to Plaintiffs under the Colorado Wrongful Death Act.

Causation is a question of fact for the jury unless the facts are undisputed and reasonable minds could draw but one inference from them. *Allen*, 203 P.3d at 566; *Sanderson v. Heath Mesa Homeowners Ass'n*, 183 P.3d 679, 683 (Colo. App. 2008). C.R.S. § 13-21-202 allows a person to bring an action based on wrongful death, where "the death of the person is caused by a wrongful act … and the act … is such as would, if death had not ensued … entitled the party injured to maintain an action." *Salazar v. Steelman,* 2016 Colo. Dist. LEXIS 492, *5 (2016). The elements of battery are that: (1) the defendant intended to cause a harmful or offensive contact with another person; and (2) the harmful or offensive contact resulted from defendant's actions. *White v. Muniz*, 999 P.2d 814, 816 (Colo. 2000), *citing* Restatement (Second) of Torts § 18 (1965); *see also* COLJI 4th - Civil, 20:5 (2016). As to "felonious killing", "felonious killing" is clearly defined as "the killing of the decedent by an individual who, as a result thereof, is convicted of, pleads guilty to,

or enters a plea of nolo contendere to the crime of murder in the first or second degree or manslaughter, as said crimes are defined in sections 18-3-102 to 18-3-104, C.R.S." *See C.R.S. 15-11-803(1)(b)*.

The Complaint alleges Sergeant Leonard and Officer Green held Mr. McClain's legs and Officer Ward put pressure on Mr. McClain's upper body/head while waiting for medical help to arrive. Compl., ¶¶163, 168, 172, 200. Plaintiffs do not viably allege that any actual injury resulted from APD Defendants' actions. It is undisputed that Officer Green, Sergeant Leonard or Officer Ward were never charged with the crime of murder/manslaughter as to Mr. McClain. Compl., ¶¶1-585. The Complaint does not contain facts to support an allegation that Officer Green, Sergeant Leonard and Officer Ward 1) intended to cause harmful or offensive contact with Mr. McClain; and/or 2) that any harmful or offensive conduct resulted from APD Defendants' actions. Compl. ¶¶1-585. The Complaint does not contain facts to support the allegation that he above named APD Defendants inflicted physical harm on Mr. McClain which caused his death. Compl., ¶524. Therefore, the Complaint does not state a viable Colorado Wrongful Death Act claim against Sergeant Leonard, Officer Green and Officer Ward. These APD Defendants are immune from liability and Claim VI must be dismissed with prejudice.

## VI.  CONCLUSION

The Complaint fails to state a claim for a Fourth Amendment violation, equal protection violation and Wrongful Death Act liability. Based on the above arguments, Officer Green, Sergeant Leonard and Officer Ward request this Court grant their Motion to Dismiss.

Dated this 30th day of November, 2020.

*/s/ Jonathan M. Abramson*
Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
Email: jonathan@kandf.com
           julie@kandf.com
*Attorneys for Defendants Dittrich, Dunson,*
*Green, Leonard, Marrero, Mullins-Orcutt,*
*Nunez, Roedema, Root, Rosenblatt, Ward,*
*and Woodyard in their individual capacities*
*("APD Defendants")*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

I hereby certify that the foregoing pleading contains 6,008 words and complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), as amended by the Court's Order (ECF 34) granting APD Defendants' Motion for Leave to File Excess Pages (ECF 32 and ECF 33).

*/s/ Jonathan M. Abramson*
Jonathan M. Abramson

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Liana Orshan, Esq. (lorshan@kln-law.com)
Michael Fairhurst, Esq. (mfairhurst@kln-law.com)
Mari Newman, Esq. (mnewman@kln-law.com)
*ATTORNEYS FOR PLAINTIFFS*

Peter Morales, Esq. (pmorales@auroragov.org)
Isabelle Evans, Esq. (ievans@auroragov.org)
*ATTORNEYS FOR DEFENDANTS CITY OF AURORA, COLORADO, NATHAN WOODYARD, RANDY ROEDEMA, JASON ROSENBLATT, MATTHEW T. GREEN, DALE LEONARD, ALICIA WARD, KYLE DITTRICH, ERICA MARRERO, JAMES ROOT, JORDAN MULLINS-ORCUTT, DARREN DUNSON, RACHEL NUNEZ, PETER CICHUNIEC AND JEREMY COOPER, IN*

21

*THEIR OFFICIAL CAPACITIES*

Michael Lowe, Esq. (mlowe@brunolawyers.com)
David Goddard, Esq. (dgoddard@brunolawers.com)
*ATTORNEYS FOR DEFENDANTS PETER CICHUNIEC AND JEREMY COOPER, IN THEIR*
*INDIVIDUAL CAPACITIES*

Stephen J. Hensen, Esq. (steve@hendulaw.com)
*ATTORNEY FOR DEFENDANT DR. ERIC HILL, IN HIS INDIVIDUAL CAPACITY*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

By:     ***s/ Jonathan M. Abramson***
        Jonathan M. Abramson