IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

*Civil Action No. 20-cv-02389-DDD-NRN*

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually,
LAWAYNE MOSLEY, individually,

       Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity,
DR. ERIC HILL, in his individual capacity,

       Defendants.

## DEFENDANTS DITTRICH, MARRERO, ROOT, MULLINS-ORCUTT, DUNSON AND NUNEZ' MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND JURY DEMAND (ECF 1) PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants Officer Kyle Dittrich ("Former Officer Dittrich"), Officer Erica Marrero ("Former Officer Marrero"), Officer James Root ("Officer Root"), Officer Jordan Mullins-Orcutt ("Officer Mullins"), Officer Darren Dunson ("Officer Dunson"), and Sergeant Rachel Nunez ("Sergeant Nunez") (collectively "APD Defendants"), in their individual capacity, by and through

their individual capacity counsel, Jonathan M. Abramson and Yulia Nikolaevskaya of Kissinger & Fellman, P.C., hereby submit their Motion to Dismiss Plaintiffs' Complaint and Jury Demand (ECF 1) Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss") as follows.

**CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1
AND JUDGE DANIEL D. DOMENICO'S
PRACTICE STANDARDS (Civil Cases) (Revised: December 2019)**

An exception to the duty to confer includes "(2) a motion under Fed. R. Civ. P. 12; . . .". D.C.COLO.LCivR 7.1(b). However, pursuant to Judge Daniel D. Domenico's Practice Standards (Civil Cases) (Revised: December 2019) at Section III. D., *Motions to Dismiss – Fed. R. Civ. P. 12(b)*, Subpart 1., ". . . counsel must confer prior to the filing of the motion to discuss whether an asserted deficiency is correctable by amendment . . .".

Accordingly, on November 19, 2020, undersigned counsel sent counsel for Plaintiffs' a 6-page single spaced conferral letter. The conferral letter detailed the specific deficiencies in the Complaint as it pertains to various APD Defendants and cited case law in support of APD Defendants' position. Plaintiffs' counsel has indicated that based on "limited information" in the 6-page conferral "letter" Plaintiffs "cannot agree to drop any of the claims or defendants".

**I.      INTRODUCTION**

The death of Elijah McClain ("Mr. McClain") on August 24, 2019 **is** a tragedy. However, Mr. McClain's death was not caused by deliberate and discriminatory actions or omissions of APD Defendants.

Although writhe with conclusory allegations and legal conclusions,[1] the Complaint[2] fails to sufficiently allege that APD Defendants 1) committed a Fourth Amendment violation (First Claim for Relief); 2) committed an equal protection violation (Second Claim for Relief); and 3) are liable under the Colorado Wrongful Death Act (Seventh Claim for Relief). Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), all claims against APD Defendants should be dismissed with prejudice.

## II.    STANDARD OF REVIEW

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).

A claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court is not required to accept as true legal conclusions and mere conclusory statements. *See id.* at 555

---

[1] The Complaint does not comply with Fed. R. Civ. P. 8, because it is not concise, it contains a separate unnumbered introduction, 585 paragraphs and 106 pages. It also violates Fed. R. Civ. P. 12(f) because it includes numerous photographs, instances of repeated allegations, legal conclusions, redundant, immaterial and impertinent facts.

[2] All official capacity claims against all APD Defendants must be dismissed. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted), *see also Bueno v. Chekush*, 355 F. Supp. 3d 987 (D. Colo. 2018) (dismissing official capacity claims as barred pursuant to the Eleventh Amendment). Thus, the claims against the APD Defendants in their official capacities should be dismissed.

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Moya v. Schollenbarger,* 465 F.3d 444, 455-57 (10th Cir. 2006) (when considering a Rule 12(b)(6) motion, a court may consider only facts actually alleged and should disregard all conclusory allegations made without supporting factual averments). The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"'[N]aked assertions[s]' devoid of 'further factual enhancement'" are not sufficient to establish a claim. *Gutierrez v. Luna Cty*., 2014 U.S. Dist. LEXIS 200434, at *42 (D.N.M. 2014) (quoting *Twombly*, 550 U.S. at 557). "[N]aked assertions" are not entitled to presumptions of truth and need not be considered. *Iqbal*, 556 U.S. at 678. Likewise, allegations so general that they encompass a wide swath of conduct, both permissible and not, may be disregarded. *Hale v. Fed. Bureau of Prisons*, 2015 U.S. Dist. LEXIS 132832, at *16 (D. Colo. Sep. 30, 2015) (citing *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Duprey v. Twelfth Judicial Dist. Court*, 760 F. Supp. 2d 1180, 1192 (D.N.M. 2009) (citation omitted). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*,

493 F.3d 1174, 1177 (10th Cir. 2007).

### III.   THE FIRST CLAIM FOR RELIEF OF PLAINTFFS' COMPLAINT FAILS TO ALLEGE A VIABLE FAILURE TO INTERVENE CLAIM.

The Complaint fails to allege a viable Fourth Amendment violation against Former Officer Dittrich, Former Officer Marrero, Officer Root, Officer Mullins, Officer Dunson and Sergeant Nunez. Therefore, these APD Defendants are entitled to qualified immunity as to the alleged Fourth Amendment violation.

To establish a constitutional violation under a "failure to intervene" theory, the Plaintiff must show: (i) the defendant officer was present at the scene; (ii) the defendant officer witnessed another officer applying force; (iii) the application of force was such that any reasonable officer would recognize that the force being used was excessive under the circumstances; and (iv) the defendant officer had a reasonable opportunity to intercede to prevent the further application of excessive force, but failed to do so. *See generally Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996).

*The Complaint fails: 1) to support an allegation of a failure to intervene as to each separate APD Defendant; and 2) allege/satisfy each requirement necessary pursuant to Mick, 76 F. 3ʳᵈ at 1136.*[3] Plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him." *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (citations omitted). In this case, the Complaint fails to factually allege that "each individual APD Defendant knew or reasonably should have

---

[3] Emphasis added pursuant to Judge Daniel D. Domenico's Practice Standards (Civil Cases) (Revised: December 2019) at Section III. D. 1. a. "For each claim for relief that the movant seeks to have dismissed, clearly enumerate each element that the movant contends must be alleged, but was not."

known that each Direct Participation APD Defendant presented an excessive risk of harm to Mr. McClain" and that each individual Defendant "failed to take reasonable steps to protect Mr. McClain from objectively unreasonable application of force . . .". Compl., ¶410.

The Complaint is clear that APD Defendants did not begin to arrive at the scene of the incident until Mr. McClain was already handcuffed and when medical help was already on the way. Compl., ¶139. The Complaint states that Mr. McClain was subject to alleged excessive force for approximately 18 minutes. Compl., ¶174. However, the voluminous Complaint is silent as to when exactly each individual APD Defendant arrived on the scene[4], how long each individual APD Defendant was on the scene and where each individual APD Defendant was on the scene. Compl. ¶¶1-585. The Complaint makes clear that not a single APD Defendant touched Mr. McClain. Compl., ¶¶1-585. The Complaint is silent as to what individual APD Defendant observed and what constituted their alleged action/inaction. Compl., ¶¶1-585.

The fact that APD Defendants were on the scene of this incident after the initial contact of and use of force on Mr. McClain, does not make them liable on a failure to intervene theory. "[T]o be liable for failure to intervene, the officers must have 'observe[d] or ha[d] reason to know' of a constitutional violation and have had a 'realistic opportunity to intervene.'" *Jones v. Norton*, 809 F.3d 564, 576 (10th Cir. 2015) (quoting *Vondrak*, 535 F.3d at 1210). The Complaint must allege as to each individual APD defendant not only that they were present at the scene, but also that they observed an application of force, that they recognize that such application of force was unreasonably excessive, and that they had a realistic opportunity to intervene in the further

---

[4] The Complaint makes the vague allegation that "[n]umerous other APD officers filtered into the crime following Defendant Leonard's arrival, including at least Defendants Green, Ward, Nunez, Mullins-Orcutt, Root, Dunson, Dittrich, and Marrero." Compl. ¶148.

application of force. Because this Complaint fails to do, each individual APD Defendant is entitled to qualified immunity on the failure to intervene claim. See *Harris v. City & Cty. of Denver*, U.S. Dist. LEXIS 216403, at *17-18 (D. Colo. Dec. 17, 2019).

## IV.   THE SECOND CLAIM FOR RELIEF OF PLAINTIFFS' COMPLAINT FAILS TO ALLEGE A VIABLE DENIAL OF EQUAL PROTECTION CLAIM.

The Complaint does not establish factually or legally that Former Officer Dittrich, Former Officer Marrero, Officer Root, Officer Mullins, Officer Dunson and Sergeant Nunez denied Mr. McClain equal protection of the laws or treated him less favorably than his white counterparts. Therefore, these APD Defendants are entitled to qualified immunity based on the alleged equal protection claim.

The Complaint accuses APD Defendants of racism and racial discrimination against Mr. McClain, yet it fails to sufficiently support these allegations against each and every individual APD Defendant with specificity required under *Iqbal. **The Complaint fails to plead a viable claim of denial of equal protection against APD Defendants as it: 1) fails to allege that each APD individual Defendant treated similarly situated white counterparts differently from Mr. McClain; and 2) does not contain direct or circumstantial facts to show discriminatory purpose/motivation or discriminatory effect.***[5] Bare conclusory statements, including those alleging racial motivation, do not support a cause of action. *Moore v. Riley*, 1993 U.S. App. LEXIS 30144, at *11 (10th Cir. 1993) (citation omitted). Thus, the equal protection claim must be dismissed with prejudice.

The requirements for a claim of racially selective law enforcement draw on what the

---

[5] See FN 3.

Supreme Court has called "ordinary equal protection standards." *United States v. Armstrong*, 517 U.S. 456, 465 91996) (quoting *Wayte v. United States*, 470 U.S. 598, 608, (1985)). The plaintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose. *Marshall v. Columbia Lea Reg'l Hosp*., 345 F.3d 1157, 1168 (10th Cir. 2003) (citation omitted). To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were treated differently. See *Armstrong*, 517 U.S. at 465. "[A] showing of discriminatory intent has long been required in *all* types of equal protection cases charging racial discrimination." *Rogers v. Lodge*, 458 U.S. 613, 617 (1982).

"[A] determining the existence of a discriminatory purpose "demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Id. (citation omitted).* The party alleging discrimination has the burden of proving that the state's conduct was motivated by a discriminatory purpose. *See Witus v. Georgia*, 385 U.S. 545, 550 (1967)(explaining that "[t]he burden is, of course, on the petitioners to prove the existence of purposeful discrimination"); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1130 (10th Cir.1993)(stating that "[a] plaintiff in an equal protection action has the burden of demonstrating discriminatory intent."). It is "hornbook constitutional law that mere negligence or mistake resulting in uneven application of the law is not an equal protection violation." *Roe v. Keady*, 329 F.3d 1188, 1191-92 (10th Cir. 2003). Proof of disparate impact alone, however, is not sufficient to succeed on an equal protection claim; a plaintiff also must prove that the defendant intended to discriminate. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-66, 97 S. Ct. 555, 50 L. Ed. 2d 450 (1977).

The Complaint alleges that Mr. McClain's race was a motivating factor in the APD

Defendants' decision to seize him, use excessive force against him, and/or fail to intervene in the seizure and the use of excessive force.[6] Compl., ¶¶431, 437.

However, the Complaint is bare as to specific facts required to establish an equal protection violation as it does not contain sufficient facts to properly allege that actions of each individual APD Defendant were motivated by race. APD Defendants did not arrive in the vicinity of Mr. McClain or approach him because of his race. These ADP Defendants arrived on the scene after Mr. McClain was already in handcuffs and after a request for medical assistance from Officer Woodyard, Officer Roedema and Former Officer Rosenblatt was already made. Compl., ¶¶139, 148. The Complaint makes clear that Former Officer Dittrich, Former Officer Marrero, Officer Root, Officer Mullins, Officer Dunson and Sergeant Nunez never touched Mr. McClain. Compl., ¶¶1-585. Not a single non-conclusory fact in the Complaint sufficiently alleges that actions or inactions of these individual ADP Defendants were specifically motivated by discriminatory purpose or discriminatory motive.

In addition, as to each individual APD Defendant, the Complaint fails to sufficiently allege that each individual APD Defendant treated Mr. McClain differently from a similarly situated white counterpart. The Complaint simply lumps all APD Defendants all together. *See Estate of Holmes v. Somers*, 387 F. Supp. 3d 1233, 1255 (D. Kan. 2019). Plaintiff must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him." *Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (citations omitted). Factual specific support is required under *Iqbal* and *Twombly* in order to assert

---

[6] As discussed above, the Complaint does not allege the APD Defendants were present during the seizure and use of force on Mr. McClain.

a viable equal protection and selective law enforcement claim, yet it is missing from the Complaint rendering this Complaint legally and factually deficient.

"A plaintiff must plead facts that show 'more than the mere possibility of misconduct.'" *Moses-El v. City & Cty. of Denver*, 376 F. Supp. 3d 1160, 1172 (D. Colo. 2019) (citation omitted). Plaintiff has an obligation to sufficiently support his allegations prior to commencing discovery. *See McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002) (unpublished) ("a district court is not [ ] 'required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim.'")

The Supreme Court has directed the lower federal courts to apply qualified immunity broadly, to protect from civil liability for damages all officers except "the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986). When Plaintiff has failed to sufficiently allege facts that show the actions taken by the individual APD Defendants were motived by race and had a discriminatory effect, APD Defendants' motions to dismiss Plaintiffs' equal protection claim must be granted. *See Estate of Holmes*, 387 F. Supp. 3d at 1255. Therefore, Former Officer Dittrich, Former Officer Marrero, Officer Root, Officer Mullins, Officer Dunson and Sergeant Nunez are entitled to qualified immunity.

**V.     THE SEVENTH CLAIM FOR RELIEF OF PLAINTIFFS' COMPLAINT FAILS TO SUFFICIENTLY ALLEGE LIABILITY FOR NEGLIGENCE CAUSING WRONGFUL DEATH AS TO FORMER OFFICER DITTRICH, FORMER OFFICER MARRERO, OFFICER MULLINS, OFFICER DUNSON AND SERGEANT NUNEZ.**

The Complaint fails to allege a viable claim pursuant to the Colorado Wrongful Death Act.

***Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez are immune from liability under the Colorado Governmental Immunity Act***

***("CGIA") as the Complaint fails to allege willful and wanton acts or omissions of each above listed APD Defendant with specificity. In addition, the Complaint fails to establish that it was the alleged negligence by APD Defendants that caused Mr. McClain's death. Lastly, the Complaint fails to allege that each APD Defendant had a duty of care to Mr. McClain, in the situation where each above mentioned individual APD Defendant never physically touched or interacted with Mr. McClain.[7]***

The Complaint alleges that Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez generally arrived on the scene after Mr. McClain was handcuffed and had a duty to exercise reasonable care in protecting Mr. McClain's health and safety. Compl., ¶¶139, 534. The Complaint alleges that Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez are liable to Sheneen McClain ("Ms. McClain") and LaWayne Mosley ("Mr. Mosley") under the Colorado Wrongful Death Act. Compl., ¶548. The Complaint alleges that Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez each had a duty to intervene in the other APD Defendants' alleged excessive application of force. Compl., ¶539. These allegations are not enough to allege a viable claim under the Colorado Wrongful Death Act.

## 1.      Plaintiffs' Claims Are Barred by the Colorado Government Immunity Act ("CGIA")

Plaintiffs' negligence claim against Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez is prohibited under CGIA and must be dismissed as a matter of law. Not only does APD Defendants' alleged conduct fail to satisfy the definition of willful and wanton behavior, but Plaintiffs fail to plead a specific factual basis as to

---

[7] See FN 3.

each individual APD Defendants' alleged willful and wanton behavior, requiring a complete dismissal of this claim pursuant to case and statutory authority.

The CGIA provides that public employees are immune from liability on tort claims arising out of an act or omission of the employee — during the performance of his duties and within the scope of his employment — unless the act or omission causing such injury was willful and wanton. Colo. Rev. Stat. § 24-10-105(1); *Carothers v. Archuleta County Sheriff*, 159 P.3d 647, 650 (Colo. App. 2006); *see also Carnation Building Services, Inc. v. City and County of Denver*, 2011 U.S. Dist. LEXIS 149981 (D.Colo. 2011). When a claim of willful and wanton behavior is asserted, the CGIA requires that a specific factual basis thereof be plead in the complaint, and the failure to do so "shall result in dismissal of the claim for failure to state a claim upon which relief can be granted." *Kemp v. Lawyer*, 2012 U.S. Dist. LEXIS 15883, at *33-34 (D. Colo. 2012), citing Colo. Rev. Stat. §§ 24-10-110(5)(a) and (b). While "willful and wanton" is not defined in the CGIA, Colorado courts have applied the definition found in the punitive damages context; specifically, as "conduct purposely committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." *Id.*, citing *Wilson v. Meyer*, 126 P.3d 276, 282 (Colo. App. 2005) (*quoting* Colo. Rev. Stat. § 13-21-102(1)(b)); *see also Carnation Building v. Denver, supra*. Whether a plaintiff has pleaded sufficient facts to state a claim based upon willful and wanton conduct is a matter determined by the court. *Castaldo v. Stone*, 192 F. Supp. 2d 1124, 1139 (D. Colo. 2001) (citation omitted).

In this case, the only conduct that Plaintiffs allege against APD Defendants is the fact that they were on the scene at the same time as Mr. McClain with Defendants Roedema, Rosenblatt,

Woodyard, Green, Leonard, Ward and AFD Defendants. At that time, paramedics were already called to the scene, on the way or on the scene. Compl., ¶139. The Complaint does not establish with specificity at what exact point in time each APD Defendant entered the location of the incident, what they did at the location of the incident or how long they were at the location of the incident. Compl., ¶¶1-585. The Complaint does not allege that any of the APD Defendants physically touched Mr. McClain. Compl., ¶¶1-585. The Complaint fails to allege "conduct purposely committed" by each individual APD Defendant "which the [Defendant] must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." *See Kemp, 2012 U.S. Dist. LEXIS 15883, at *33-34.* Not a single case supports a proposition that being at the location of this incident without physically touching Mr. McClain, constitutes willful and wanton conduct. Therefore, Plaintiffs' claim of negligence against above named APD Defendants should be dismissed with prejudice.

**2.     Plaintiffs' Claim of Negligence is Legally Deficient as Facts in the Complaint and Applicable Law Do Not Legally Establish Duty of Care and/or Causation.**

Plaintiffs' negligence claim against Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez is legally deficient as Plaintiffs fail to sufficiently allege that these APD Defendants owed a duty of care to Mr. McClain or that it was APD Defendants' actions that caused Mr. McClain's death. Plaintiffs' allege that Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez had a duty to exercise reasonable care in protecting Mr. McClain's health and safety and that they breached that duty. Compl., ¶¶535-536. Because Plaintiffs' negligence claim is legally deficient, it must be dismissed with prejudice.

The Wrongful Death Act ("WDA") provides that:

> When the death of a person is caused by a wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable, if death had not ensued, shall be liable in an action for damages notwithstanding the death of the party injured.

§ 13-21-202, C.R.S. (2019).

To recover on a claim of negligence, the plaintiff must establish the existence of a legal duty on the part of the defendant, breach of that duty by the defendant, causation, and damages." *Davenport v. Community Corrections of the Pikes Peak Region, Inc*., 962 P.2d 963, 966 (Colo. 1998). In order to establish a claim for common law negligence, Plaintiff must show "(1) the existence of a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) that the breach of the duty caused the harm resulting in damages to the plaintiff." *Oertli v. Event*, 2019 Colo. Dist. LEXIS 3052, *14 (Colo. 2019), *citing Keller v. Koca,* 111 P.3d 445, 447 (Colo. 2005). "Whether a specific defendant owes a specific plaintiff a legal duty and the scope of any such duty are questions of law properly determined by a court." *Ryder v. Mitchell*, 54 P.3d 885, 889 (Colo. 2002). A court should base its determination "on several factors including: the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the defendant's conduct, the magnitude of the burden of guarding against the harm, and the consequences of placing the burden of a duty on the defendant." *Id*. at 890. "Colorado law recognizes that these factors are not exclusive and allows a court to consider any other relevant factors founded on the competing individual and social interests implicated by the particular facts of the case at issue." *Id*. (*quoting Greenberg v. Perkins*, 845 P.2d 530, 536 (Colo. 1993). "Because no one factor controls the analysis, the question of whether a duty exists in a certain situation is based on 'fairness

14

under contemporary standards-that is, would reasonable persons recognize and agree that a duty of care exists.'" *Id.* (*quoting Greenberg*, 845 P.2d at 536). The determination that defendant did or did not owe plaintiff a legal duty is "an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is [or is not] entitled to protection." *University of Denver v. Whitlock*, 744 P.2d 54, 57 (Colo. 1987), *quoting* W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts §53, at 358. (5th Ed. 1984).

   a.   **The Complaint Fails to Allege Factually and Legally that Defendants Owed Mr. McClain a Legal Duty.**

Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez owed no legal duty to Mr. McClain and, therefore, they were not negligent in their alleged failure to protect him from excessive force.

"The 'special relation rule' enunciated in *Leake v. Cain,* 720 P.2d 152 (Colo. 1986) controls our resolution of the issue of duty. *Whitcomb v. Denver*, 731 P.2d 749, 750 (Colo. App. 1986). In order for a special relation to have arisen, the officers must have voluntarily assumed a duty to plaintiff by acting affirmatively to induce plaintiff to rely on them, or they must have created a peril or changed the nature of an already existing risk. See *Whitcomb v. Denver*, 731 P.2d 749, 751 Colo. App. 1986). In this case, as Plaintiffs' Complaint makes clear, these APD Defendants did not touch or interact with Mr. McClain. Compl. ¶¶1-585. Therefore, these APD Defendants did not induce Mr. McClain to rely on them, did not create a peril or change the nature of the already existing risk. See *Whitcomb v. Denver*, 731 P.2d at 751. The law does not support existence of a legal duty to Mr. McClain by the APD Defendants just because they were present at the scene. Because Plaintiffs' Complaint fails to sufficiently allege that these APD Defendants owed Mr. McClain a duty, the negligence claim should be dismissed with prejudice.

         ***i.***     ***The Complaint is Legally and Factually Deficient as it Fails to Allege That APD Defendants' Actions Were the Proximate Cause of Mr. McClain's Death.***

The Complaint does not and cannot allege the actions or inactions of Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez were the proximate cause of Mr. McClain's death. Therefore, Plaintiffs fail to sufficiently allege the above named APD Defendants could be liable to Plaintiffs under the Colorado Wrongful Death Act.

"[T]he concepts of duty and proximate cause are often interchangeable, and can be easily confused, when the analysis of both involves the common question of foreseeability." *Moore v. W. Forge Corp.*, 192 P.3d 427, 434 (Colo. App. 2007) (citation omitted). Although more than one cause can produce a single event, only the predominate cause is actionable. *See N. Colo. Med. Ctr., Inc. v. Comm. on Anticompetitive Conduct*, 914 P.2d 902, 908 (Colo. 1996). "[C]asual and unsubstantial causes" are not. *Id.* "Where some events unrelated to the defendant's conduct may also have contributed to the bringing about of the claimed injury, the plaintiff must show that the defendant's alleged negligence was a substantial factor in producing the injury." *Id.; see also Smith v. State Compensation Ins. Fund*, 749 P.2d 462, 464 (Colo. 1987). "For a plaintiff to prevail on causation, it is necessary to show that the negligence was a substantial factor in producing the harm." *Wagner v. Planned Parenthood Fedn. of Am.*, Inc., 2016 Colo. Dist. LEXIS 1853, *5 (D. Colo. 2016) (citation omitted). Causation is a question of fact for the jury unless the facts are undisputed and reasonable minds could draw but one inference from them. *Allen*, 203 P.3d at 566; *Sanderson v. Heath Mesa Homeowners Ass'n*, 183 P.3d 679, 683 (Colo. App. 2008).

In this case, as alleged in the Complaint, Plaintiffs fail to allege a viable negligence claim

against APD Defendants. Plaintiffs do not and cannot show that  APD Defendants' alleged failure to intervene after Mr. McClain was already handcuffed and waiting for an ambulance, or attended by paramedics was the cause of Mr. McClain's death. Negligence cannot be legally established without establishing causation. *See generally Schimmel v. Chang*, 2019 Colo. Dist. LEXIS 2692, *23. (Colo. 2019). In addition, "[a] finding of negligence does not create liability on the part of the defendant unless the negligence is the proximate cause of the plaintiff's injuries." *Miller v. Mountain Valley Ambulance Serv., Inc.*, 694 P.2d 362, 364 (Colo. 1984); *Rodriquez v. Morgan County R.E.A., Inc.*, 878 P.2d 77, 82 (Colo. App. 1994).

In this case, even if we assume *arguendo*, that each APD Defendant arrived at the scene of the incident right after Mr. McClain was already handcuffed, the paramedics had already been called. Compl., ¶139. Mr. McClain was already on the ground and other APD Defendants were already attending to him (turning him from his side to his stomach), holding his legs and touching his upper back/head. Compl., ¶¶139-194. Under the above undisputed circumstances, not a single case supports Plaintiffs' position that Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez could be found liable for their alleged inaction while waiting for the ambulance and paramedics; after the ambulance and paramedics had arrived on the scene; and while Mr. McClain was receiving treatment. The clear, and only, inference from the above facts is that these APD Defendants did not cause Mr. McClain's death as no evidence exists that Mr. McClain died because his legs and an arm were held by other APD Defendants or because other APD Defendants were simply on the scene. Therefore, Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Dunson and Sergeant Nunez cannot be held legally responsible for Mr. McClain's death and are immune from liability under the Colorado Wrongful

Death Act. Claim VII must be dismissed with prejudice.

## VI.    CONCLUSION

The Complaint fails to state a claim for a Fourth Amendment violation, equal protection violation and Wrongful Death Act liability. Based on the above arguments, Former Officer Dittrich, Former Officer Marrero, Officer Mullins, Officer Root, Officer Dunson and Sergeant Nunez request this Court grant their motion to dismiss.

Dated this 30th day of November, 2020.

> */s/ Jonathan M. Abramson*
> Jonathan M. Abramson
> Yulia Nikolaevskaya
> Kissinger & Fellman, P.C.
> 3773 Cherry Creek N. Dr., #900
> Denver, CO 80209
> Telephone: 303-320-6100
> Facsimile: 303-327-8601
> Email: jonathan@kandf.com
>            julie@kandf.com
> *Attorneys for Defendants Dittrich, Dunson,*
> *Green, Leonard, Marrero, Mullins-Orcutt,*
> *Nunez, Roedema, Root, Rosenblatt, Ward,*
> *and Woodyard in their individual capacities*
> *("APD Defendants")*

### CERTIFICATE OF COMPLIANCE
### WITH TYPE-VOLUME LIMITATION

I hereby certify that the foregoing pleading contains 5,127 words and complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), as amended by the Court's Order (ECF 34) granting APD Defendants' Motion for Leave to File Excess Pages (ECF 32 and ECF 33). The cumulative word count for APD Defendants' Motions to Dismiss (ECF Nos. 39, 40 and 41, respectively) is 13,371.

> */s/ Jonathan M. Abramson*
> Jonathan M. Abramson

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Liana Orshan, Esq. (lorshan@kln-law.com)
Michael Fairhurst, Esq. (mfairhurst@kln-law.com)
Mari Newman, Esq. (mnewman@kln-law.com)
*ATTORNEYS FOR PLAINTIFFS*

Peter Morales, Esq. (pmorales@auroragov.org)
Isabelle Evans, Esq. (ievans@auroragov.org)
*ATTORNEYS FOR DEFENDANTS CITY OF AURORA, COLORADO, NATHAN WOODYARD, RANDY ROEDEMA, JASON ROSENBLATT, MATTHEW T. GREEN, DALE LEONARD, ALICIA WARD, KYLE DITTRICH, ERICA MARRERO, JAMES ROOT, JORDAN MULLINS-ORCUTT, DARREN DUNSON, RACHEL NUNEZ, PETER CICHUNIEC AND JEREMY COOPER, IN THEIR OFFICIAL CAPACITIES*

Michael Lowe, Esq. (mlowe@brunolawyers.com)
David Goddard, Esq. (dgoddard@brunolawyers.com)
*ATTORNEYS FOR DEFENDANTS PETER CICHUNIEC AND JEREMY COOPER, IN THEIR INDIVIDUAL CAPACITIES*

Stephen J. Hensen, Esq. (steve@hendulaw.com)
*ATTORNEY FOR DEFENDANT DR. ERIC HILL, IN HIS INDIVIDUAL CAPACITY*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

By:    ***s/ Jonathan M. Abramson***
          Jonathan M. Abramson