IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

*Civil Action No. 20-cv-02389-DDD-NRN*

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually,
LAWAYNE MOSLEY, individually,

      Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity,
DR. ERIC HILL, in his individual capacity,

      Defendants.

**DEFENDANTS' WOODYARD, ROEDEMA AND ROSENBLATT'S
ANSWER TO PLAINTIFFS' COMPLAINT AND JURY DEMAND (ECF 1)**

      Aurora Police Department ("APD") Defendants Officer Nathan Woodyard, Officer Randy Roedema and Former Officer Jason Rosenblatt (collectively referred to herein as "APD Defendants" or by their individual names), in their individual capacities, by and through their individual capacity counsel, Jonathan M. Abramson and Yulia Nikolaevskaya of Kissinger & Fellman, P.C., hereby Answer Plaintiffs' Complaint and Jury Demand (ECF 1) ("Complaint"), as

follows.

## I.     ANSWER TO INTRODUCTION

The quotation found between the heading of Section I (Introduction) and Paragraph 1 of the Complaint contains no allegation(s).  Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny any allegation(s) contained in the quotation found between the heading of Section I (Introduction) and Paragraph 1 of the Complaint.

1.      As to the allegation(s) contained in Paragraph 1 of the Complaint, APD Defendants deny Elijah McClain ("Mr. McClain") was killed by Aurora, Colorado police and paramedics on August 24, 2019. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 1 of the Complaint and, therefore deny the same.[1]

2.      As to the allegation(s) contained in Paragraph 2 of the Complaint, APD Defendants have no knowledge of Mr. McClain's activities prior to their contact with Mr. McClain on August 24, 2019. APD Defendants deny all remaining allegation(s) contained in Paragraph 2 of the Complaint.

3.      APD Defendants deny the allegation(s) contained in Paragraph 3 of the Complaint.

4.      As to the allegation(s) contained in Paragraph 4 of the Complaint, APD Defendants deny the use of excessive force and torture. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 4 of

---

[1] Defendants' Green, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez' Motion to Dismiss all claims against them is currently pending with this Court; therefore, no answer to Paragraphs 1-585 is required at this time. **Because no response from Defendants Green, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez is required at this time, the Answer will only contain the responses for APD Defendants.**

the Complaint and, therefore deny the same.

5.      As to the allegation(s) contained in Paragraph 5 of the Complaint, APD Defendants deny any brutality towards Mr. McClain. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 5 of the Complaint and, therefore deny the same.

6.      As to the allegation(s) contained in Paragraph 6 of the Complaint, APD Defendants deny any unconstitutional conduct or participation in any custom, policy and practice of racism and brutality on August 24, 2019. APD Defendants deny all remaining allegation(s) contained in Paragraph 6 of the Complaint.

7.      As to the allegation(s) contained in Paragraph 7 of the Complaint, APD Defendants deny any unconstitutional conduct or participation in any custom, policy and practice of racism and brutality. The remaining allegation(s) contained in Paragraph 7 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the remaining allegation(s) contained in Paragraph 7 of the Complaint.

8.      As to the allegation(s) contained in Paragraph 8 of the Complaint directed at the City, these allegations are not directed at APD Defendants and APD Defendants need not to respond. To the extent a response is required, APD Defendants deny those allegations and the remaining allegation(s) contained in Paragraph 8 of the Complaint.

9.      The content contained in Paragraph 9 of the Complaint does not state an allegation and APD Defendants need not to respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 9 of the Complaint.

## II.     ANSWER TO JURISDICTION AND VENUE

10.     As to allegation(s) contained in Paragraph 10 of the Complaint, APD Defendants admit the allegation(s) contained in Paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 11 of the Complaint.

12.     As to allegation(s) contained in Paragraph 12 of the Complaint, APD Defendants admit the allegation(s) contained in Paragraph 12 of the Complaint.

## III.     ANSWER TO PARTIES

**A.     Plaintiffs**

13.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 13 of the Complaint and, therefore deny the same.

14.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 14 of the Complaint and, therefore deny the same.

15.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 15 of the Complaint and, therefore deny the same.

**B.     Defendants**

**1.     Institutional Defendant**

16.     APD Defendants admit that the City is a municipal corporation and is the employer

4

of APD Defendants. The remainder of the allegation(s) contained in Paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, APD Defendants deny the remaining allegation(s) contained in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 18 of the Complaint.

**2.     Aurora Police Department Defendants**

19.     APD Defendants admit the allegation(s) contained in Paragraph 19 of the Complaint.

20.     APD Defendants admit the allegation(s) contained in Paragraph 20 of the Complaint.

21.     APD Defendants admit the allegation(s) contained in Paragraph 21 of the Complaint.

22.     APD Defendants admit the allegation(s) contained in Paragraph 22 of the Complaint.

23.     APD Defendants admit the allegation(s) contained in Paragraph 23 of the Complaint.

24.     APD Defendants admit the allegation(s) contained in Paragraph 24 of the Complaint.

25.     APD Defendants admit the allegation(s) contained in Paragraph 25 of the Complaint.

26.     APD Defendants admit the allegation(s) contained in Paragraph 26 of the Complaint.

27.     APD Defendants admit the allegation(s) contained in Paragraph 27 of the Complaint.

28.     APD Defendants admit the allegation(s) contained in Paragraph 28 of the Complaint.

29.     APD Defendants admit the allegation(s) contained in Paragraph 29 of the Complaint.

30.     APD Defendants admit the allegation(s) contained in Paragraph 30 of the Complaint.

31.     The content contained in Paragraph 31 of the Complaint does not state an allegation and APD Defendants need not to respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 31 of the Complaint.

**3.      Aurora Fire Rescue Defendants**

32.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 32 of the Complaint and, therefore deny the same.

33.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 33 of the Complaint and, therefore deny the same.

34.     Paragraph 34 of the Complaint contains no allegation(s). Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny any allegation(s) contained in Paragraph 34 of the Complaint.

35.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 35 of the Complaint and, therefore deny the same.

## IV.     ANSWER TO FACTUAL ALLEGATIONS

Paragraph A, "Elijah McClain was a peaceful and beloved young man with a promising future", contained in Section IV (Factual Allegations) of the Complaint, contains no allegation(s). Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants are without knowledge or information sufficient to form a belief as to the truth of any allegation(s) contained in Paragraph A.

36.     As to allegation(s) contained in Paragraph 36 of the Complaint, APD Defendants admit that Mr. McClain was 23 years old at the time of his death. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 36 of the Complaint and, therefore deny the same.

37.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 37 of the Complaint and, therefore deny the same.

The photo captioned "Elijah McClain" between Paragraphs 37 and 38 of the Complaint contains no allegation(s). Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny any allegation(s) contained in photo captioned "Elijah McClain"

between Paragraphs 37 and 38 of the Complaint.

38.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 38 of the Complaint and, therefore deny the same.

39.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 39 of the Complaint and, therefore deny the same.

40.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 40 of the Complaint and, therefore deny the same.

The photo captioned "Elijah discovered his passion for massage therapy" between Paragraphs 40 and 41 of the Complaint contains no allegation(s). Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny any allegation(s) contained in photo captioned "Elijah discovered his passion for massage therapy" between Paragraphs 40 and 41 of the Complaint.

41.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 41 of the Complaint and, therefore deny the same.

42.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 42 of the Complaint and, therefore deny the same.

43.     APD Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegation(s) contained in Paragraph 43 of the Complaint and, therefore deny the same.

44.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 44 of the Complaint and, therefore deny the same.

45.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 45 of the Complaint and, therefore deny the same.

46.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 46 of the Complaint and, therefore deny the same.

47.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 47 of the Complaint and, therefore deny the same.

The photo captioned "Elijah plays his violin for animals awaiting adoption" between Paragraphs 47 and 48 of the Complaint contains no allegation(s). Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny any allegation(s) contained in photo captioned "Elijah plays his violin for animals awaiting adoption" between Paragraphs 47 and 48 of the Complaint.

48.     As to the allegation(s) contained in Paragraph 48 of the Complaint, APD Defendants deny they killed Mr. McClain. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 48

of the Complaint and, therefore deny the same.

49.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 49 of the Complaint and, therefore deny the same.

APD Defendants deny Paragraph B, "APD Defendants unlawfully seized Elijah McClain as he walked home from a convenience store", contained in Section IV (Factual Allegations) of the Complaint.

50.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 50 of the Complaint and, therefore deny the same.

51.     As to the allegation(s) contained in Paragraph 51 of the Complaint, APD Defendants admit APD dispatch received a 911 call on August 24, 2019 from a caller who provided his name and phone number and reported seeing Mr. McClain walking down the street, wearing a "full-on" ski mask, "acting weird", "waving his arms around" and that Mr. McClain looks "sketchy". APD Defendants deny the remaining allegation(s) contained in Paragraph 51 of the Complaint.

52.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 52 of the Complaint and, therefore deny the same.

53.     As to the allegation(s) contained in Paragraph 53 of the Complaint, to the extent the allegation(s) refer to the substance of the 911 call, APD Defendants affirmatively state that the 911 audio, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in

Paragraph 53 which are inconsistent therewith. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 53 of the Complaint and therefore, deny the same.

54.     As to the allegation(s) contained in Paragraph 54 of the Complaint, to the extent the allegation(s) refer to the substance of the 911 call and dispatch radio communications, APD Defendants affirmatively state that the substance of the 911 audio and dispatch radio communications, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 54 which are inconsistent therewith. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 54 of the Complaint and therefore, deny the same.

55.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 55 of the Complaint and, therefore deny the same.

56.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 56 of the Complaint and, therefore deny the same.

57.     As to the allegation(s) contained in Paragraph 57 of the Complaint, APD Defendants admit APD was dispatched to the scene. Defendants deny the remaining allegation(s) contained in Paragraph 57 of the Complaint.

58.     APD Defendants admit the allegation(s) contained in Paragraph 58 of the Complaint.

59.     As to the allegation(s) contained in Paragraph 59 of the Complaint, Defendant

Woodyard admits that he arrived on the scene, located Mr. McClain who was walking down the street and parked his car on the street. Defendants Rosenblatt and Roedema also arrived on the scene and parked their car. APD Defendants deny the remaining allegation(s) contained in Paragraph 59 of the Complaint.

60. APD Defendants deny the allegation(s) contained in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 61 of the Complaint.

62. As to the allegation(s) contained in Paragraph 62 of the Complaint, Defendant Woodyard admits that he exited his car and asked Mr. McClain to stop. Defendant Woodyard denies the remaining allegation(s) contained in Paragraph 62 of the Complaint.[2]

63. As to the allegation(s) contained in Paragraph 63 of the Complaint, Defendant Woodyard admits that Mr. McClain continued to walk after he was asked to stop and that Mr. McClain stated "I have a right to go where I'm going". Defendant Woodyard denies the remaining allegation(s) contained in Paragraph 63 of the Complaint.

64. As to the allegation(s) contained in Paragraph 64 of the Complaint, Defendant Woodyard admits that he told Mr. McClain that he had a right to stop him because Mr. McClain was being suspicious and then grabbed Mr. McClain's left arm. Defendant Woodyard denies the

---

[2] The allegation(s) in Paragraph 62 of the Complaint, appears to be directed at Defendant Woodyard only. Because this allegation(s) is not directed at Defendants Roedema and Rosenblatt, these Defendants will not be responding. Throughout the remainder of the Complaint, Paragraphs 62-585, if the allegation(s) is not directed at a particular APD Defendant, that Defendant will not respond. To the extent a response is required, that Defendant will deny the allegation(s) contained in said paragraph.

remaining allegation(s) contained in Paragraph 64 of the Complaint.

65.     As to the allegation(s) contained in Paragraph 65 of the Complaint, APD Defendants admit that the CAD system entry indicated "no known wpns invl.".  APD Defendants deny the remaining allegation(s) contained in Paragraph 65 of the Complaint.

66.     APD Defendants deny the allegation(s) contained in Paragraph 66 of the Complaint.

67.     APD Defendants deny the allegation(s) contained in Paragraph 67 of the Complaint.

68.     As to the allegation(s) contained in Paragraph 68 of the Complaint, to the extent to the extent the allegation(s) refer to  the substance of Defendant Woodyard's video interview, Defendant Woodyard affirmatively states that the video interview, in its entirety, speaks for itself. Defendant Woodyard deny all allegation(s) contained in Paragraph 68 which are inconsistent therewith.

69.     As to the allegation(s) contained in Paragraph 69 of the Complaint, to the extent the allegation(s) refer to  the substance of Defendant Woodyard's video interview, Defendant Woodyard affirmatively states that the video interview, in its entirety, speaks for itself. Defendant Woodyard deny all allegation(s) contained in Paragraph 69 which are inconsistent therewith.

70.     As to the allegation(s) contained in Paragraph 70 of the Complaint, to the extent to the extent the allegation(s) refer to  the substance of Defendants Roedema's and Rosenblatt's video interviews, Defendants Roedema and Rosenblatt affirmatively state that the video interviews, in their entirety, speak for themselves. Defendants Roedema and Rosenblatt deny all allegation(s) contained in Paragraph 70 which are inconsistent therewith.

71.     APD Defendants deny the allegation(s) contained in Paragraph 71 of the Complaint.

72.     APD Defendants deny the allegation(s) contained in Paragraph 72 of the Complaint.

73.     APD Defendants deny the allegation(s) contained in Paragraph 73 of the Complaint, including the allegation(s) contained in FN 1 of the Complaint.

74.     As to the allegation(s) contained in Paragraph 74 of the Complaint, to the extent to the extent the allegation(s) refer to  the substance of body-worn camera ("BWC") videos from APD Defendants, APD Defendants affirmatively state that the BWC videos, in their entirety, speak for themselves. APD Defendants deny all allegation(s) contained in Paragraph 74 which are inconsistent therewith. Defendant Woodyard denies that he attempted to handcuff Mr. McClain at that point or that he was manhandling Mr. McClain.

75.     As to the allegation(s) contained in Paragraph 75 of the Complaint, to the extent to the extent the allegation(s) refer to  the substance of body-worn camera ("BWC") videos from APD Defendants, Defendants Woodyard affirmatively state that the BWC videos, in their entirety, speak for themselves. Defendants Woodyard deny all allegation(s) contained in Paragraph 75 which are inconsistent therewith. Defendant Woodyard denies the remaining allegation(s) contained in Paragraph 75 of the Complaint including that Mr. McClain offered no physical resistance.

76.     As to the allegation(s) contained in Paragraph 76 of the Complaint, to the extent to the extent the allegation(s) refer to  the substance of video recorded interview with Defendant Woodyard, Defendants Woodyard affirmatively states that the video recorded interview, in its

entirety, speaks for itself. Defendant Woodyard denies all allegation(s) contained in Paragraph 76 which are inconsistent therewith. As to the remaining allegation(s) contained in Paragraph 76 of the Complaint, APD Defendants deny them.

77.     As to allegation(s) contained in Paragraph 77 of the Complaint, Defendant Rosenblatt admits that he approached Mr. McClain and grabbed his right hand. Defendants Rosenblatt and Roedema deny the remaining allegation(s) contained in Paragraph 77 of the Complaint.

78.     As to the allegation(s) contained in Paragraph 78 of the Complaint, APD Defendants  are without knowledge or information sufficient to form a belief as to Mr. McClain's state of mind being "rightfully terrified". APD Defendants deny the remaining allegation(s) contained in Paragraph 78 of the Complaint.

79.     As to allegation(s) contained in Paragraph 79 of the Complaint, APD Defendants admit that Mr. McClain was asked to "stop tensing up" and "to relax". APD Defendants deny the remaining allegation(s) contained in Paragraph 79 of the Complaint.

80.     As to the allegation(s) contained in Paragraph 80 of the Complaint, to the extent the allegation(s) refer to the substance of video recorded interview with Defendant Rosenblatt, Defendants Rosenblatt affirmatively states that the video recorded interview, in its entirety, speaks for itself. Defendant Rosenblatt denies all allegation(s) contained in Paragraph 76 which are inconsistent therewith. APD Defendants deny the remaining allegations contained in Paragraph 80 of the Complaint.

81.     As to the allegation(s) contained in Paragraph 81 of the Complaint, to the extent the allegation(s) refer to the substance of BWC videos of APD Defendants, Defendant Rosenblatt

affirmatively states that the substance of  videos, in their entirety, speaks for itself. Defendant Rosenblatt deny all allegation(s) contained in Paragraph 81 which are inconsistent therewith. Defendant Rosenblatt denies the remaining allegation(s) contained in Paragraph 81 of the Complaint.

82.     As to the allegation(s) contained in Paragraph 82 of the Complaint, to the extent the allegation(s) refer to the substance of BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of  videos, in their entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 82 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 82 of the Complaint.

83.     APD Defendants deny the allegation(s) contained in Paragraph 83 of the Complaint.

84.     As to the allegation(s) contained in Paragraph 84 of the Complaint, to the extent the allegation(s) refer to  the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 84 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 84 of the Complaint.

85.     As to the allegation(s) contained in Paragraph 85 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, Defendant Woodyard affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Woodyard denies all allegation(s) contained in Paragraph 85 which are inconsistent therewith. Defendant Woodyard denies the remaining allegation(s) contained in Paragraph 85 of the Complaint including an allegation of menacingly threatening Mr. McClain.

86. As to the allegation(s) contained in Paragraph 86 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 86 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 86 of the Complaint, and Defendant Roedema denies refusing to leave Mr. McClain alone.

87. As to the allegation(s) contained in Paragraph 87 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 87 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 87 of the Complaint.

88. As to the allegation(s) contained in Paragraph 88 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 88 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 88 of the Complaint.

89. As to the allegation(s) contained in Paragraph 89 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 89 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 89 of the Complaint.

90. As to the allegation(s) contained in Paragraph 90 of the Complaint, to the extent

the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 90 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 90 of the Complaint, and Defendant Roedema denies "snatching" Mr. McClain's plastic grocery bag.

91.      As to the allegation(s) contained in Paragraph 91 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 91 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 91 of the Complaint including allegations of frog-marching Mr. McClain and shoving Mr. McClain against the brick wall.

92.      As to the allegation(s) contained in Paragraph 92 of the Complaint, Defendants Woodyard and Rosenblatt admit that Defendants Woodyard's and Rosenblatt's body worn cameras became detached from their uniforms. Defendants Woodyard and Rosenblatt deny the allegation(s) contained in FN 2 of Paragraph 92 of the Complaint. Defendants Woodyard and Rosenblatt deny the remaining allegation(s) contained in Paragraph 92 of the Complaint.

93.      As to the allegation(s) contained in Paragraph 93 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 93 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 93 of the Complaint including allegations regarding justification for the use of force and notably non-urgent tone of Defendant

Roedema.

94.     As to the allegation(s) contained in Paragraph 94 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Leonard and Rosenblatt, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 94 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 94 of the Complaint including allegations of struggling to come up with justification, ongoing use of force, volunteering totally different false story.

95.     As to the allegation(s) contained in Paragraph 95 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Leonard and Rosenblatt, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 95 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 95 of the Complaint including allegations of providing a different version of the story and contradicting Defendant Woodyard's explanation.

96.     As to the allegation(s) contained in Paragraph 96 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interview of Defendant Rosenblatt, Defendant Rosenblatt affirmatively states that the substance of video recorded interview, in its entirety, speaks for itself. Defendant Rosenblatt denies all allegation(s) contained in Paragraph 96 which are inconsistent therewith. Defendant Rosenblatt denies the remaining allegation(s) contained in Paragraph 96 of the Complaint including allegation of apparently providing another version of the story.

97.     As to the allegation(s) contained in Paragraph 97 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interview of Defendant Rosenblatt, Defendant Rosenblatt affirmatively states that the substance of video recorded interview, in its entirety, speaks for itself. Defendant Rosenblatt denies all allegation(s) contained in Paragraph 97 which are inconsistent therewith. Defendant Rosenblatt denies the remaining allegation(s) contained in Paragraph 97 of the Complaint.

98.     As to the allegation(s) contained in Paragraph 98 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of any APD Defendant or Officer on the scene and video recorded interview of Defendant Rosenblatt, Defendant Rosenblatt affirmatively states that the substance of BWC videos and his video recorded interview, in its entirety, speaks for itself. Defendant Rosenblatt denies all allegation(s) contained in Paragraph 98 which are inconsistent therewith. Defendant Rosenblatt denies the remaining allegation(s) contained in Paragraph 95 of the Complaint.

99.     APD Defendants deny the allegation(s) contained in Paragraph 99 of the Complaint.

100.     As to the allegation(s) contained in Paragraph 100 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC video of Defendant Roedema, APD Defendants affirmatively state that the substance of BWC video of Defendant Roedema, in its entirety, speaks for itself. Defendants Woodyard, Roedema and Rosenblatt deny all allegation(s) contained in Paragraph 100 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 100 of the Complaint.

101.     As to the allegation(s) contained in Paragraph 101 of the Complaint, to the extent

the allegation(s) refer to the substance of the video recorded interviews of Defendants Woodyard and Rosenblatt, Defendants Woodyard and Rosenblatt affirmatively state that the substance of video recorded interviews, in its entirety, speaks for itself. Defendants Woodyard and Rosenblatt deny all allegation(s) contained in Paragraph 101 which are inconsistent therewith. Defendants Woodyard and Rosenblatt deny the remaining allegation(s) contained in Paragraph 101 of the Complaint.

102.    APD Defendants deny the allegation(s) contained in Paragraph 102 of the Complaint.

APD Defendants deny Paragraph C, "Defendants Roedema, Rosenblatt and Woodyard tackled Elijah and brutalized him with multiple, compounding forms of excessive force", contained in Section IV (Factual Allegations) of the Complaint.

103.    As to the allegation(s) contained in Paragraph 103 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, Defendant Roedema affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 103 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 103 of the Complaint.

104.    Defendant Rosenblatt denies the allegation(s) contained in Paragraph 104 of the Complaint.

105.    As to the allegation(s) contained in Paragraph 105 of the Complaint, APD Defendants are without knowledge or information as to Mr. McClain's weight and stature at the time of the incident.   Defendant Rosenblatt denies the remaining allegation(s) contained in

Paragraph 105 of Plaintiff's Complaint.

106.     APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 106 of the Complaint and, therefore deny the same.

107.     As to the allegation(s) contained in Paragraph 107 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants and substance of the video recorded interview of Defendant Woodyard, Defendant Woodyard affirmatively states that the substance of BWC videos and the video recorded interview, in its entirety, speaks for itself. Defendant Woodyard denies all allegation(s) contained in Paragraph 107 which are inconsistent therewith. Defendant Woodyard denies the remaining allegation(s) contained in Paragraph 107 of the Complaint.

108.     Defendant Woodyard denies the allegation(s) contained in Paragraph 108 of the Complaint. Defendant Woodyard is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) of weight of all involved Defendants contained in Paragraph 108 of the Complaint and, therefore deny the same.

109.     As to the allegation(s) contained in Paragraph 109 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 109 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 109 of the Complaint.

110.     Defendant Rosenblatt denies the allegation(s) contained in Paragraph 110 of the Complaint. Defendant Woodyard admits that he applied a carotid hold to Mr. McClain.

111.    APD Defendants deny the allegation(s) contained in Paragraph 111 of the Complaint.

112.    As to the allegation(s) contained in Paragraph 112 of the Complaint, Defendants Woodyard is without knowledge or information as to Mr. McClain's weight, stature and whether he was or was not armed, at the time of the incident.  Defendant Woodyard denies the remaining allegation(s) contained in Paragraph 112 of Plaintiff's Complaint.

113.    As to the allegation(s) contained in Paragraph 113 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, Defendants Woodyard and Roedema  affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. Defendants Woodyard and Roedema deny all allegation(s) contained in Paragraph 113 which are inconsistent therewith. Defendants Woodyard and Roedema deny the remaining allegation(s) contained in Paragraph 113 of the Complaint.

114.    As to the allegation(s) contained in Paragraph 114 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, Defendants Woodyard and Rosenblatt affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. Defendants Woodyard and Rosenblatt deny all allegation(s) contained in Paragraph 114 which are inconsistent therewith. Defendants Woodyard and Rosenblatt deny the remaining allegation(s) contained in Paragraph 114 of the Complaint.

115.    As to the allegation(s) contained in Paragraph 115 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants and substance of the video recorded interview of Defendant Woodyard, Defendants Woodyard and Roedema affirmatively state that the substance of BWC videos and the video recorded interview, in its

entirety, speaks for itself. Defendants Woodyard and Roedema deny all allegation(s) contained in Paragraph 115 which are inconsistent therewith. Defendants Woodyard and Roedema deny the remaining allegation(s) contained in Paragraph 115 of the Complaint.

116.    As to the allegation(s) contained in Paragraph 116 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants and substance of the video recorded interviews of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos and the video recorded interviews, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 116 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 116 of the Complaint.

117.    As to the allegation(s) contained in Paragraph 117 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interview of Defendant Woodyard, Defendant Woodyard affirmatively states that the video recorded interview, in its entirety, speaks for itself. Defendant Woodyard denies all allegation(s) contained in Paragraph 117 which are inconsistent therewith. Defendant Woodyard denies the remaining allegation(s) contained in Paragraph 107 of the Complaint.

118.    As to the allegation(s) contained in Paragraph 118 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interview of Defendant Roedema, Defendant Roedema affirmatively states that the video recorded interview, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 118 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 118 of the Complaint.

119.    As to the allegation(s) contained in Paragraph 119 of the Complaint, to the extent

the allegation(s) refer to the substance of the video recorded interview of Defendant Rosenblatt, Defendant Rosenblatt affirmatively states that the video recorded interview, in its entirety, speaks for itself. Defendant Rosenblatt denies all allegation(s) contained in Paragraph 119 which are inconsistent therewith. Defendant Rosenblatt denies the remaining allegation(s) contained in Paragraph 119 of the Complaint.

120.    APD Defendants deny the allegation(s) contained in Paragraph 121 of the Complaint.

121.    As to the allegation(s) contained in Paragraph 121 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants and substance of the video recorded interview of Defendant Roedema, Defendants Woodyard and Roedema affirmatively state that the substance of BWC videos and the video recorded interview, in its entirety, speaks for itself. Defendants Woodyard and Roedema deny all allegation(s) contained in Paragraph 121 which are inconsistent therewith. Defendants Woodyard and Roedema deny the remaining allegation(s) contained in Paragraph 121 of the Complaint.

122.    As to the allegation(s) contained in Paragraph 122 of the Complaint, to the extent the allegation(s) refer to  the substance of the BWC videos of APD Defendants and substance of the video recorded interview of Defendant Rosenblatt, Defendant Rosenblatt affirmatively states that the substance of BWC videos and the video recorded interview, in its entirety, speaks for itself. Defendants Rosenblatt denies all allegation(s) contained in Paragraph 122 which are inconsistent therewith. Defendant Rosenblatt denies the remaining allegation(s) contained in Paragraph 122 of the Complaint.

123.    Defendants Rosenblatt and Roedema deny the allegation(s) contained in Paragraph

123 of the Complaint.

124.    Defendants Rosenblatt and Roedema deny the allegation(s) contained in Paragraph 124 of the Complaint.

125.    As to the allegation(s) contained in Paragraph 125 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interview of Defendant Roedema, Defendant Roedema affirmatively states that the video recorded interview, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 125 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 125 of the Complaint.

126.    As to the allegation(s) contained in Paragraph 126 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 126 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 126 of the Complaint.

127.    As to the allegation(s) contained in Paragraph 127 of the Complaint, to the extent the allegation(s) refer to  the substance of the video recorded interviews of Defendants Roedema and Rosenblatt, Defendants Roedema and Rosenblatt affirmatively state that the substance of video recorded interviews, in its entirety, speaks for itself. Defendants Roedema and Rosenblatt deny all allegation(s) contained in Paragraph 127 which are inconsistent therewith. Defendants Roedema and Rosenblatt deny the remaining allegation(s) contained in Paragraph 127 of the Complaint.

128.    As to the allegation(s) contained in Paragraph 128 of the Complaint, to the extent the allegation(s) refer to   the substance of the BWC videos of APD Defendants, Defendant

Roedema affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 128 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 128 of the Complaint.

129.     As to the allegation(s) contained in Paragraph 129 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interview of Defendant Roedema, Defendant Roedema affirmatively states that the video recorded interview, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 129 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 129 of the Complaint.

130.     As to the allegation(s) contained in Paragraph 130 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants and the video recorded interview of Defendant Rosenblatt, Defendant Rosenblatt affirmatively states that the substance of BWC videos and the video recorded interview, in its entirety, speaks for itself. Defendant Rosenblatt denies all allegation(s) contained in Paragraph 130 which are inconsistent therewith. Defendant Rosenblatt denies the remaining allegation(s) contained in Paragraph 130 of the Complaint.

131.     As to the allegation(s) contained in Paragraph 131 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 131 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 131 of the Complaint.

132.     As to the allegation(s) contained in Paragraph 132 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, Defendants Woodyard and Roedema affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. Defendants Woodyard and Roedema deny all allegation(s) contained in Paragraph 132 which are inconsistent therewith. Defendants Woodyard and Roedema admit that at some point Mr. McClain was placed in handcuffs and deny the remaining allegation(s) contained in Paragraph 132 of the Complaint.

133.     APD Defendants deny the allegation(s) contained in Paragraph 133 of the Complaint.

134.     APD Defendants deny the allegation(s) contained in Paragraph 134 of the Complaint.

135.     As to the allegation(s) contained in Paragraph 135 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interview of Defendant Roedema, Defendant Roedema affirmatively states that the video recorded interview, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 135 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 135 of the Complaint.

136.     As to the allegation(s) contained in Paragraph 136 of the Complaint, APD Defendants deny that APD body worn cameras were "discarded". Defendants Woodyard and Rosenblatt admit that their BWC continued to record. APD Defendants deny the remaining allegation(s) contained in Paragraph 136 of the Complaint.

137.     As to the allegation(s) contained in Paragraph 137 of the Complaint, to the extent

the allegation(s) refer to the substance of the BWC videos of APD Defendants and video recorded interview of Defendant Roedema, Defendant Roedema affirmatively states that the substance of BWC videos and the video recorded interview, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 137 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 137 of the Complaint.

138.     As to the allegation(s) contained in Paragraph 138 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 138 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 138 of the Complaint.

APD Defendants deny Paragraph D, "Though Elijah was handcuffed and non-violent, APD Defendants continued to threaten and inflict force on him", contained in Section IV (Factual Allegations) of the Complaint.

139.     As to the allegation(s) contained in Paragraph 139 of the Complaint, APD Defendants admit that Mr. McClain was handcuffed, that Defendant Rosenblatt called for medical personnel after carotid hold was applied by Defendant Woodyard, and additional APD personnel and Aurora Fire Rescue arrived on the scene. APD Defendants deny the remaining allegation(s) contained in Paragraph 139 of the Complaint.

140.     As to the allegation(s) contained in Paragraph 140 of the Complaint, APD Defendants admit Sergeant Leonard arrived on the scene. APD Defendants deny the remaining allegation(s) contained in Paragraph 140 of the Complaint.

141.     APD Defendants deny the allegation(s) contained in Paragraph 141 of the

Complaint.

142.    Defendant Leonard's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 142 is required at this time.

143.    As to the allegation(s) contained in Paragraph 143 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 143 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 143 of the Complaint.

144.    As to the allegation(s) contained in Paragraph 144 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 144 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 144 of the Complaint including allegations of manufacturing conflicting reasons, falsely claiming and ongoing use of force.

145.    Defendant Leonard's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 145 is required at this time.

146.    As to the allegation(s) contained in Paragraph 146 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interviews of APD Defendants, APD Defendants affirmatively state that the substance of video recorded interviews, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 146 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph

146 of the Complaint.

147.    APD Defendants admit that Mr. McClain tested positive for marijuana upon his hospital admission.

148.    As to the allegation(s) contained in Paragraph 148 of the Complaint, APD Defendants admit additional APD officers arrived on the scene.

149.    Defendants Green, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez' Motion to Dismiss all claims against them is currently pending with this Court; therefore, no answer to Paragraph 149 is required at this time.

150.    Defendants Leonard and Ward's Motion to Dismiss all claims against them is currently pending with this Court; therefore, no answer to Paragraph 150 is required at this time.

151.    Defendants Leonard and Ward's Motion to Dismiss all claims against them is currently pending with this Court; therefore, no answer to Paragraph 151 is required at this time.

152.    Defendants Leonard and Ward's Motion to Dismiss all claims against them is currently pending with this Court; therefore, no answer to Paragraph 152 is required at this time.

153.    Defendant Ward's Motion to Dismiss all claims against her is currently pending with this Court; therefore, no answer to Paragraph 153 is required at this time.

154.    As to the allegation(s) contained in Paragraph 154 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, Defendants Rosenblatt and Roedema affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. Defendants Rosenblatt and Roedema deny all allegation(s) contained in Paragraph 154 which are inconsistent therewith. Defendants Rosenblatt and Roedema admit that

Mr. McClain's position was alternated between don won the stomach to laying on the side and deny the remaining allegation(s) contained in Paragraph 154 of the Complaint.

155.    Defendant Roedema denies the allegation(s) contained in Paragraph 155 of the Complaint.

156.    As to the allegation(s) contained in Paragraph 156 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interview of Defendant Roedema, Defendant Roedema affirmatively states that the video recorded interview, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 156 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 156 of the Complaint.

157.    As to the allegation(s) contained in Paragraph 157 of the Complaint, Defendant Roedema denies that he used excessive force, applied pain or tortured Mr. McClain. The remaining allegation(s) contained in Paragraph 157 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant Roedema denies the same.

158.    Defendant Roedema denies the allegation(s) contained in Paragraph 158 of the Complaint.

159.    Defendant Leonard's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 159 is required at this time.

160.    As to the allegation(s) contained in Paragraph 160 of the Complaint, Defendant Roedema denies remaining in the position he was in so he can continue to inflict needless force on Mr. McClain.  Defendant Leonard's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 160 is required at this time.

161.    Defendant Leonard's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 161 is required at this time.

162.    Defendant Leonard's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 162 is required at this time.

163.    As to the allegation(s) contained in Paragraph 163 of the Complaint,  APD Defendants admit that Mr. McClain was vomiting while waiting for AFR to arrive. APD Defendants deny the remaining allegation(s) contained in Paragraph 163 of the Complaint.

164.    As to the allegation(s) contained in Paragraph 164 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 164 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 164 of the Complaint.

165.    As to the allegation(s) contained in Paragraph 165 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, Defendant Roedema affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 165 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 165 of the Complaint including allegations of roughly jerking Mr. McClain around.

166.    As to the allegation(s) contained in Paragraph 166 of the Complaint, to the extent

the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, Defendant Roedema affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 166 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 166 of the Complaint.

167.    As to the allegation(s) contained in Paragraph 167 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, Defendant Roedema affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 167 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 167 of the Complaint.

168.    As to the allegation(s) contained in Paragraph 168 of the Complaint, Defendant Leonard's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 168 is required at this time. Defendant Roedema denies persisting in torturing Mr. McClain and the remaining allegation(s) contained in Paragraph 168 of the Complaint.

169.    As to the allegation(s) contained in Paragraph 169 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself.

APD Defendants deny all allegation(s) contained in Paragraph 169 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 169 of the Complaint.

170.     As to the allegation(s) contained in Paragraph 170 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 164 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 170 of the Complaint.

171.     As to the allegation(s) contained in Paragraph 171 of the Complaint, Defendant Green's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 171 is required at this time.

172.     As to the allegation(s) contained in Paragraph 172 of the Complaint, Defendant Green's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 172 is required at this time.

173.     As to the allegation(s) contained in Paragraph 173 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 173 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 173 of the

Complaint.

174.    APD Defendants deny the allegation(s) contained in Paragraph 174 of the Complaint.

175.    APD Defendants deny the allegation(s) contained in Paragraph 175 of the Complaint.

The allegation(s) contained in Paragraph E, "Despite ample evidence to the contrary, AFR Defendants falsely, recklessly, and intentionally claimed that Elijah was experiencing so-called 'excited delirium'", contained in Section IV (Factual Allegations) of the Complaint, contain no allegation(s) directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny any allegation(s) contained in Paragraph E, "Despite ample evidence to the contrary, AFR Defendants falsely, recklessly, and intentionally claimed that Elijah was experiencing so-called 'excited delirium'", contained in Section IV (Factual Allegations) of the Complaint.

176.    As to the allegation(s) contained in Paragraph 176 of the Complaint, APD Defendants are without knowledge or information as to the exact time AFR personnel arrived on the scene. APD Defendants deny the remaining allegation(s) contained in Paragraph 176 of the Complaint.

177.    As to the allegation(s) contained in Paragraph 177 of the Complaint, Defendant Leonard's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 177 is required at this time.

178.    APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 178 of the Complaint and, therefore deny

the same.

179.    APD Defendants deny the allegation(s) contained in Paragraph 179 of the Complaint.

180.    The allegation(s) contained in Paragraph 180 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 180 of the Complaint.

181.    The allegation(s) contained in Paragraph 181 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 181 of the Complaint.

182.    As to the allegation(s) contained in Paragraph 182 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, Defendant Roedema affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 182 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 182 of the Complaint and has no knowledge what Defendant Cooper observed.

183.    As to the allegation(s) contained in Paragraph 183 of the Complaint, to the extent the allegation(s) refer to  the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, Defendant Roedema affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 183 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in

Paragraph 183 of the Complaint.

184.    The allegation(s) contained in Paragraph 184 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 184 of the Complaint.

185.    The allegation(s) contained in Paragraph 185 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 185 of the Complaint.

186.    The allegation(s) contained in Paragraph 186 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 186 of the Complaint.

187.    As to the allegation(s) contained in Paragraph 187 of the Complaint, Defendant Roedema denies that he tortured or jerked Mr. McClain around like a rag doll. The remaining allegation(s) contained in Paragraph 187 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 187 of the Complaint.

188.    The allegation(s) contained in Paragraph 188 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 188 of the Complaint.

189.    The allegation(s) contained in Paragraph 189 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 189 of the Complaint.

190.    The allegation(s) contained in Paragraph 190 of the Complaint are not directed to

APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 190 of the Complaint.

191.    The allegation(s) contained in Paragraph 191 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 191 of the Complaint.

192.    The allegation(s) contained in Paragraph 192 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 192 of the Complaint.

193.    As to the allegation(s) contained in Paragraph 193 of the Complaint, APD Defendants deny the infliction of any pain to Mr. McClain. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 193 of the Complaint and, therefore deny the same.

194.    As to the allegation(s) contained in Paragraph 194 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, Defendants Roedema and Rosenblatt affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. Defendants Rosenblatt and Roedema deny all allegation(s) contained in Paragraph 194 which are inconsistent therewith. Defendants Rosenblatt and Roedema deny the remaining allegation(s) contained in Paragraph 194 of the Complaint including enthusiastically responding and greeting idea of ketamine with excitement

195.    APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 195 of the Complaint and, therefore deny

the same.

196.     As to the allegation(s) contained in Paragraph 196 of the Complaint, APD Defendants deny inflicting "needless pain compliance techniques" or slamming Mr. McClain to the ground while handcuffed behind his back. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 196 of the Complaint and, therefore deny the same

197.     The allegation(s) contained in Paragraph 197 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 197 of the Complaint.

198.     The allegation(s) contained in Paragraph 198 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 198 of the Complaint.

199.     As to the allegation(s) contained in Paragraph 199 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, Defendant Roedema affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 199 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 199 of the Complaint.

200.     As to the allegation(s) contained in Paragraph 200 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez,

Defendant Roedema affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 200 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 200 of the Complaint.

201.    APD Defendants deny the allegation(s) contained in Paragraph 201 of the Complaint.

202.    APD Defendants deny the allegation(s) contained in Paragraph 201 of the Complaint.

203.    As to the allegation(s) contained in Paragraph 203 of the Complaint, APD Defendants deny the use of excessive force and torture. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 203 of the Complaint and, therefore deny the same.

As to the allegation(s) contained in Paragraph F, "AFR Defendants compounded Elijah's worsening medical condition by giving him a dangerous overdose of ketamine, which, combined with the acidosis caused by the excessive force, caused Elijah's death'", contained in Section IV (Factual Allegations) of the Complaint, APD Defendants deny any excessive force causing acidosis and Mr. McClain's death. The remaining allegation(s) contained in Paragraph F are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the remaining allegation(s) contained in Paragraph F, "AFR Defendants compounded Elijah's worsening medical condition by giving him a dangerous overdose of ketamine, which, combined with the acidosis caused by the excessive force, caused Elijah's death'", contained in Section IV (Factual Allegations) of the Complaint.

204.     The allegation(s) contained in Paragraph 204 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 204 of the Complaint.

205.     The allegation(s) contained in Paragraph 205 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 205 of the Complaint.

206.     The allegation(s) contained in Paragraph 206 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 206 of the Complaint.

207.     The allegation(s) contained in Paragraph 207 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 207 of the Complaint.

208.     The allegation(s) contained in Paragraph 208 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 208 of the Complaint.

209.     The allegation(s) contained in Paragraph 209 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 209 of the Complaint.

210.     APD Defendants deny the allegation(s) contained in Paragraph 210 of the Complaint.

211.     Defendant Roedema denies the allegation(s) contained in Paragraph 211 of the Complaint.

212.    As to the allegation(s) contained in Paragraph 212 of the Complaint, APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Defendant Cooper later told investigators. APD Defendants deny the remaining allegation(s) contained in Paragraph 212 of the Complaint.

213.    As to the allegation(s) contained in Paragraph 213 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of Defendants Woodyard, Roedema, Rosenblatt, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson and Nunez, Defendant Roedema affirmatively states that the substance of BWC videos, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 213 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 213 of the Complaint.

214.    As to the allegation(s) contained in Paragraph 214 of the Complaint, APD Defendants admit they moved Mr. McClain's body to the gurney. APD Defendants deny the remaining allegation(s) contained in Paragraph 214 of the Complaint.

215.    APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 215 of the Complaint and, therefore deny the same.

216.    As to the allegation(s) contained in Paragraph 216 of the Complaint, APD Defendants deny the use of excessive force and torture. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 216 of the Complaint and, therefore deny the same.

217.    As to the allegation(s) contained in Paragraph 217 of the Complaint, APD

Defendants deny the use of excessive force and torture. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 217 of the Complaint and, therefore deny the same.

218.    APD Defendants admit the allegation(s) contained in Paragraph 218 of the Complaint.

219.    APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 219 of the Complaint and, therefore deny the same.

220.    APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 220 of the Complaint and, therefore deny the same.

221.    As to the allegation(s) contained in Paragraph 221 of the Complaint, APD Defendants deny inflicting any excessive force on Mr. McClain causing acidosis. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Mr. McClain's consciousness. The remaining allegation(s) contained in Paragraph 221 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, APD Defendants deny the remaining allegation(s) contained in Paragraph 221 of the Complaint including allegations of excessive force infliction.

222.    APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 222 of the Complaint and, therefore deny the same.

223.    APD Defendants deny the allegation(s) contained in Paragraph 223 of the

Complaint.

The allegation(s) contained in Paragraph G, "The AFR Defendants offered contradictory reasoning for the ketamine overdose", contained in Section IV (Factual Allegations) of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph G, "The AFR Defendants offered contradictory reasoning for the ketamine overdose", contained in Section IV (Factual Allegations) of the Complaint.

224.    The allegation(s) contained in Paragraph 224 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 224 of the Complaint.

225.    The allegation(s) contained in Paragraph 225 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 225 of the Complaint.

226.    The allegation(s) contained in Paragraph 226 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 226 of the Complaint.

227.    The allegation(s) contained in Paragraph 227 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 227 of the Complaint.

228.    The allegation(s) contained in Paragraph 228 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 228 of the Complaint.

229.    The allegation(s) contained in Paragraph 229 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 229 of the Complaint.

230.    The allegation(s) contained in Paragraph 230 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 230 of the Complaint.

231.    The allegation(s) contained in Paragraph 231 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 231 of the Complaint.

232.    The allegation(s) contained in Paragraph 232 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 232 of the Complaint.

233.    The allegation(s) contained in Paragraph 233 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 233 of the Complaint.

234.    APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 234 of the Complaint and, therefore deny the same.

235.    The allegation(s) contained in Paragraph 235 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 235 of the Complaint.

236.    The allegation(s) contained in Paragraph 236 of the Complaint are not directed to

APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 236 of the Complaint.

237.    The allegation(s) contained in Paragraph 237 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 237 of the Complaint.

238.    As to the allegation(s) contained in Paragraph 238 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interview of Defendant Roedema, Defendant Roedema affirmatively states that the video recorded interview, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 238 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 238 of the Complaint. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 238 of the Complaint and, therefore deny the same.

239.    The allegation(s) contained in Paragraph 239 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 239 of the Complaint.

240.    The allegation(s) contained in Paragraph 240 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 240 of the Complaint.

241.    As to the allegation(s) contained in Paragraph 241 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interview of Defendant Rosenblatt, Defendant Rosenblatt affirmatively states that the video recorded interview, in its entirety, speaks

for itself. Defendant Rosenblatt denies all allegation(s) contained in Paragraph 241 which are inconsistent therewith. Defendant Rosenblatt denies the remaining allegation(s) contained in Paragraph 241 of the Complaint. APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) contained in Paragraph 241 of the Complaint and, therefore deny the same.

242.    The allegation(s) contained in Paragraph 242 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 242 of the Complaint.

243.    As to the allegation(s) of prolonged and excessive use of force and restraint that cost Mr. McClain his life, APD Defendants deny those allegation(s).  The remaining allegation(s) contained in Paragraph 243 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the remaining (s) contained in Paragraph 243 of the Complaint.

APD Defendants deny the allegation(s) contained in Paragraph H, "Multiple APD Defendants intentionally turned off body cameras or directed others to move or turn off body cameras such that the body cameras failed to capture critical moments of the use of force", contained in Section IV (Factual Allegations) of the Complaint.

244.    As to the allegation(s) contained in Paragraph 244 of the Complaint, APD Defendants admit that they were equipped with body-worn cameras. APD Defendants deny the remaining allegation(s) contained in Paragraph 244 of the Complaint including allegation of shedding their cameras almost as soon as the use of force began.

245.    As to the allegation(s) contained in Paragraph 245 of the Complaint, to the extent

the allegation(s) refer to the substance of the BWC videos of APD Defendants, APD Defendants affirmatively state that the substance of BWC videos, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 126 which are inconsistent therewith. APD Defendants admit that their body-worn cameras became dislodged during the incident. APD Defendants deny the remaining allegation(s) contained in Paragraph 245 of the Complaint.

246.    As to the allegation(s) contained in Paragraph 246 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants or any other video, APD Defendants affirmatively state that the substance of BWC videos and any other video, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 246 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 246 of the Complaint.

247.    As to the allegation(s) contained in Paragraph 247 of the Complaint, to the extent the allegation(s) refer to the substance of the video recorded interviews of APD Defendants, APD Defendants affirmatively state that the substance of video recorded interviews, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 247 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 247 of the Complaint.

248.    As to the allegation(s) contained in Paragraph 248 of the Complaint, APD Defendants deny the allegation(s) contained in Paragraph 248 of the Complaint.

249.    APD Defendants deny the allegation(s) contained in Paragraph 249 of the Complaint.

250.    APD Defendants deny the allegation(s) contained in Paragraph 250 of the

Complaint.

251.    Defendant Roedema denies the allegation(s) contained in Paragraph 251 of the Complaint.

252.    As to the allegation(s) contained in Paragraph 252 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants or any other video, Defendants Rosenblatt and Roedema affirmatively state that the substance of BWC videos and any other video, in its entirety, speaks for itself. Defendants Rosenblatt and Roedema deny all allegation(s) contained in Paragraph 252 which are inconsistent therewith. Defendants Rosenblatt and Roedema deny the remaining allegation(s) contained in Paragraph 252 of the Complaint.

253.    As to the allegation(s) contained in Paragraph 253 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants or any other video, Defendants Woodyard and Rosenblatt affirmatively state that the substance of BWC videos and any other video, in its entirety, speaks for itself. Defendants Woodyard and Rosenblatt deny all allegation(s) contained in Paragraph 253 which are inconsistent therewith. Defendants Woodyard and Rosenblatt deny the remaining allegation(s) contained in Paragraph 253 of the Complaint.

254.    As to the allegation(s) contained in Paragraph 254 of the Complaint, to the extent the allegation(s) refer to the substance of the BWC videos of APD Defendants or any other BWC video, APD Defendants affirmatively state that the substance of BWC videos and any other BWC video, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 254 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 254 of the Complaint.

As to the allegation(s) contained in Paragraph I, "To attempt to justify the use of excessive

force against Elijah, APD charged Elijah with aggravated assault against a police officer, despite the lack of any objective evidence supporting the charge", contained in Section IV (Factual Allegations) of the Complaint, APD Defendants admit Mr. McClain was charged with aggravated assault against a police officer. APD Defendants deny the remaining allegation(s) contained in Paragraph I, "To attempt to justify the use of excessive force against Elijah, APD charged Elijah with aggravated assault against a police officer, despite the lack of any objective evidence supporting the charge", contained in Section IV (Factual Allegations) of the Complaint.

255.    As to the allegation(s) contained in Paragraph 255 of the Complaint, APD Defendants admit Mr. McClain was charged with aggravated assault against a police officer. APD Defendants deny the remaining allegation(s) contained in Paragraph 255 of the Complaint.

256.    APD Defendants deny the allegation(s) contained in Paragraph 256 of the Complaint.

257.    Defendant Ward's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 257 is required at this time.

258.    APD Defendants deny the allegation(s) contained in Paragraph 258 of the Complaint. Defendant Ward's Motion to Dismiss all claims against him is currently pending with this Court; therefore, no answer to Paragraphs 258 is required at this time.

259.    APD Defendants deny the allegation(s) contained in Paragraph 259 of the Complaint.

260.    APD Defendants deny the allegation(s) contained in Paragraph 260 of the Complaint.

261.    As to the allegation(s) contained in Paragraph 261 of the Complaint, to the extent

the allegation(s) refer to the substance of the video recorded interview of Defendant Roedema, Defendant Roedema affirmatively states that the substance of video recorded interview, in its entirety, speaks for itself. Defendant Roedema denies all allegation(s) contained in Paragraph 261 which are inconsistent therewith. Defendant Roedema denies the remaining allegation(s) contained in Paragraph 261 of the Complaint.

262.   As to the allegation(s) contained in Paragraph 262 of the Complaint, APD Defendants affirmatively state that the General Office Report, in its entirety, speaks for itself. APD Defendants deny all allegation(s) contained in Paragraph 262 which are inconsistent therewith. APD Defendants deny the remaining allegation(s) contained in Paragraph 262 of the Complaint.

263.   APD Defendants deny the allegation(s) contained in Paragraph 263 of the Complaint.

264.   APD Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in Paragraph 264 of the Complaint and, therefore deny the same.

265.   APD Defendants deny the allegation(s) contained in Paragraph 265 of the Complaint.

The allegation(s) contained in Paragraph J, "Defendant Aurora's customs, policies, and/or practices within the APD caused the violations of Elijah's constitutional rights", contained in Section IV (Factual Allegations) of the Complaint, are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, allegation(s) contained in Paragraph J, "Defendant Aurora's customs, policies, and/or practices within the APD caused the violations of Elijah's constitutional rights", contained in Section IV (Factual Allegations) of the

Complaint.

266.     The allegation(s) contained in Paragraph 266 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 266 of the Complaint.

267.     The allegation(s) contained in Paragraph 267 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 267 of the Complaint.

268.     The allegation(s) contained in Paragraph 268 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 268 of the Complaint.

269.     The allegation(s) contained in Paragraph 269 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 269 of the Complaint.

270.     APD Defendants deny violating Mr. McClain's constitutional rights. The remaining allegation(s) contained in Paragraph 270 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 270 of the Complaint.

271.     The allegation(s) contained in Paragraph 271 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 271 of the Complaint.

The allegation(s) contained in Sub-Paragraph 1 "Aurora's unconstitutional customs, policies, and/or practices are demonstrated by statistics that Aurora Police are more likely to use

force against Black people, even though Black people comprise a minority of the Aurora population", contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in in Sub-Paragraph 1 "Aurora's unconstitutional customs, policies, and/or practices are demonstrated by statistics that Aurora Police are more likely to use force against Black people, even though Black people comprise a minority of the Aurora population", contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint.

272.     The allegation(s) contained in Paragraph 272 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 272 of the Complaint.

273.     The allegation(s) contained in Paragraph 273 of the Complaint, including FN 3, are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 273 of the Complaint, including FN 3.

274.     The allegation(s) contained in Paragraph 274, including FN 4, of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 274, including FN 4, of the Complaint.

275.     The allegation(s) contained in Paragraph 275, including FN 5, of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 275, including FN 5,

of the Complaint.

276.    The allegation(s) contained in Paragraph 276, including FN 6, of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 276, including FN 6, of the Complaint.

277.    The allegation(s) contained in Paragraph 277 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 277 of the Complaint.

278.    The allegation(s) contained in Paragraph 278, including FN 7, of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 278, including FN 7, of the Complaint.

279.    The allegation(s) contained in Paragraph 279 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 279 of the Complaint.

The allegation(s) contained in Sub-Paragraph 2 "Aurora's unconstitutional customs, policies, and/or practices are demonstrated by many incidents of unconstitutional brutality by APD, especially against Black victims, and racially-biased policing by APD", contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Sub-Paragraph 2 "Aurora's unconstitutional customs, policies, and/or practices are demonstrated by many incidents of unconstitutional

brutality by APD, especially against Black victims, and racially-biased policing by APD",
contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint.

280.    The allegation(s) contained in Paragraph 280 of the Complaint are not directed to
APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,
APD Defendants deny the allegation(s) contained in Paragraph 280 of the Complaint.

281.    The allegation(s) contained in Paragraph 281 of the Complaint are not directed to
APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,
APD Defendants deny the allegation(s) contained in Paragraph 281 of the Complaint.

282.    The allegation(s) contained in Paragraph 282 of the Complaint are not directed to
APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,
APD Defendants deny the allegation(s) contained in Paragraph 282 of the Complaint.

283.    The allegation(s) contained in Paragraph 283 of the Complaint are not directed to
APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,
APD Defendants deny the allegation(s) contained in Paragraph 283 of the Complaint.

284.    The allegation(s) contained in Paragraph 284 of the Complaint are not directed to
APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,
APD Defendants deny the allegation(s) contained in Paragraph 284 of the Complaint.

285.    The allegation(s) contained in Paragraph 285 of the Complaint are not directed to
APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,
APD Defendants deny the allegation(s) contained in Paragraph 285 of the Complaint.

286.    The allegation(s) contained in Paragraph 286 of the Complaint are not directed to
APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 286 of the Complaint.

287.    The allegation(s) contained in Paragraph 287 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 287 of the Complaint.

288.    The allegation(s) contained in Paragraph 288 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 288 of the Complaint.

289.    The allegation(s) contained in Paragraph 289 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 289 of the Complaint.

290.    The allegation(s) contained in Paragraph 290 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 290 of the Complaint.

291.    The allegation(s) contained in Paragraph 291 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 291 of the Complaint.

292.    The allegation(s) contained in Paragraph 292 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 292 of the Complaint.

293.    The allegation(s) contained in Paragraph 293 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 293 of the Complaint.

294.     The allegation(s) contained in Paragraph 294 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 294 of the Complaint.

295.     The allegation(s) contained in Paragraph 295 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 295 of the Complaint.

296.     The allegation(s) contained in Paragraph 296 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 296 of the Complaint.

297.     The allegation(s) contained in Paragraph 297 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 298 of the Complaint.

298.     The allegation(s) contained in Paragraph 298 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 298 of the Complaint.

299.     The allegation(s) contained in Paragraph 299 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 299 of the Complaint.

300.     The allegation(s) contained in Paragraph 300 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 300 of the Complaint.

301.     The allegation(s) contained in Paragraph 301 of the Complaint are not directed to

APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 301 of the Complaint.

302.    The allegation(s) contained in Paragraph 302 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 302 of the Complaint.

303.    The allegation(s) contained in Paragraph 303 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 303 of the Complaint.

304.    The allegation(s) contained in Paragraph 304 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 304 of the Complaint.

305.    The allegation(s) contained in Paragraph 305 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 305 of the Complaint.

306.    The allegation(s) contained in Paragraph 306 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 306 of the Complaint.

307.    The allegation(s) contained in Paragraph 307 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 307 of the Complaint.

The allegation(s) contained in Sub-Paragraph 3, "Aurora's unconstitutional customs, policies, and/or practices are demonstrated by APD's continuing misconduct and cover up after

killing Elijah", contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Sub-Paragraph 3, "Aurora's unconstitutional customs, policies, and/or practices are demonstrated by APD's continuing misconduct and cover up after killing Elijah", contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint.

The allegation(s) contained in Sub-Paragraph a, "Aurora's approval of Defendants' conduct is reflected in its failure to discipline any of the APD Defendants for their role in killing Elijah", of Sub-Paragraph 3 contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Sub-Paragraph a, "Aurora's approval of Defendants' conduct is reflected in its failure to discipline any of the APD Defendants for their role in killing Elijah", of Sub-Paragraph 3 contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint.

308.    The allegation(s) contained in Paragraph 308 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 308 of the Complaint.

309.    The allegation(s) contained in Paragraph 309 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 309 of the Complaint.

310.    The allegation(s) contained in Paragraph 310 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 310 of the Complaint.

311. The allegation(s) contained in Paragraph 311 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 311 of the Complaint.

As to the allegation(s) contained in Sub-Paragraph b, "Defendants Dittrich and Marrero, along with APD Officer Jaron Jones, took photographs at the site where Defendants killed Elijah, reenacting the chokehold that contributed to his death, and sending them to Defendants Rosenblatt and Woodyard as a "'joke'", of Sub-Paragraph 3 contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint, no answer is required at this time as Motion to Dismiss by Defendants Dittrich and Marrero are pending before this Court.

312. As to the allegation(s) contained in Paragraph 312 of the Complaint, see FN 1 of the Answer.

313. As to the allegation(s) contained in Paragraph 313 of the Complaint, see FN 1 of the Answer.

314. As to the allegation(s) contained in Paragraph 314 of the Complaint, see FN 1 of the Answer.

315. As to the allegation(s) contained in Paragraph 315 of the Complaint, see FN 1 of the Answer.

316. As to the allegation(s) contained in Paragraph 316 of the Complaint, see FN 1 of the Answer.

317. As to the allegation(s) contained in Paragraph 317 of the Complaint, see FN 1 of the Answer.

318.     As to the allegation(s) contained in Paragraph 318 of the Complaint, Defendants Woodyard and Rosenblatt admit that photos were sent to them. See also FN 1 of the Answer.

319.     As to the allegation(s) contained in Paragraph 319 of the Complaint, see FN 1 of the Answer.

320.     As to the allegation(s) contained in Paragraph 320 of the Complaint, see FN 1 of the Answer.

321.     Defendant Rosenblatt admits replying to the text message and denies the remaining allegation(s) contained in Paragraph 321 of the Complaint.

322.     As to the allegation(s) contained in Paragraph 322 of the Complaint, Defendant Rosenblatt admits that he no longer works for APD. Defendant Rosenblatt has no knowledge as to Officer Jones and, therefore, denies the remaining allegation(s) contained in Paragraph 322 of the Complaint. See also FN 1 of the Answer.

323.     Defendants Woodyard and Rosenblatt deny the allegation(s) contained in Paragraph 323 of the Complaint.

324.     As to allegation(s) contained in Paragraph 324 of the Complaint, Defendant Rosenblatt admits that he was not disciplined for any conduct during the incident on August 24, 2019 involving Mr. McClain. Defendant Rosenblatt denies the remaining allegation(s) contained in Paragraph 324 of the Complaint including causing Mr. McClain's death. See also FN 1 of the Answer.

The allegation(s) contained in Sub-Paragraph c, "Defendant Aurora falsely, publicly claimed to have hired an 'independent' investigator to examine the use of force against Elijah", of Sub-Paragraph 3 contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint

are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Sub-Paragraph c, "Defendant Aurora falsely, publicly claimed to have hired an 'independent' investigator to examine the use of force against Elijah", of Sub-Paragraph 3 contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint.

325.    The allegation(s) contained in Paragraph 325 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 325 of the Complaint.

326.    The allegation(s) contained in Paragraph 326 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 326 of the Complaint.

327.    The allegation(s) contained in Paragraph 327 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 327 of the Complaint.

328.    The allegation(s) contained in Paragraph 328 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 328 of the Complaint.

329.    The allegation(s) contained in Paragraph 329 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 329 of the Complaint.

330.    The allegation(s) contained in Paragraph 330 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 330 of the Complaint.

331.    The allegation(s) contained in Paragraph 331 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 331 of the Complaint.

332.    The allegation(s) contained in Paragraph 332 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 332 of the Complaint.

333.    The allegation(s) contained in Paragraph 333 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 333 of the Complaint.

The allegation(s) contained in Sub-Paragraph d, "Defendant Aurora actively and violently suppressed public protests calling for justice for Elijah McClain", of Sub-Paragraph 3 contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Sub-Paragraph d, "Defendant Aurora actively and violently suppressed public protests calling for justice for Elijah McClain", of Sub-Paragraph 3 contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint.

334.    The allegation(s) contained in Paragraph 334 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 334 of the Complaint.

335.    The allegation(s) contained in Paragraph 335 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 335 of the Complaint.

336.    The allegation(s) contained in Paragraph 336 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 336 of the Complaint.

337.    The allegation(s) contained in Paragraph 337 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 337 of the Complaint.

The allegation(s) contained in Sub-Paragraph 4, "Defendant Aurora is liable for the APD Defendants' violations of Elijah's rights", contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Sub-Paragraph 4, "Defendant Aurora is liable for the APD Defendants' violations of Elijah's rights", contained in Paragraph J, of Section IV (Factual Allegations) of the Complaint.

338.    The allegation(s) contained in Paragraph 338 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 338 of the Complaint.

339.    The allegation(s) contained in Paragraph 339 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 339 of the Complaint.

340.    The allegation(s) contained in Paragraph 340 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 340 of the Complaint.

341.     The allegation(s) contained in Paragraph 341 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 341 of the Complaint.

342.     The allegation(s) contained in Paragraph 342 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 342 of the Complaint.

343.     The allegation(s) contained in Paragraph 343 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 343 of the Complaint.

344.     The allegation(s) contained in Paragraph 344 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 344 of the Complaint.

345.     The allegation(s) contained in Paragraph 345 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 345 of the Complaint.

346.     The allegation(s) contained in Paragraph 346 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 346 of the Complaint.

347.     The allegation(s) contained in Paragraph 347 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 347 of the Complaint.

348.     The allegation(s) contained in Paragraph 348 of the Complaint are not directed to

APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 348 of the Complaint.

349.     The allegation(s) contained in Paragraph 349 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 349 of the Complaint.

350.     The allegation(s) contained in Paragraph 350 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 350 of the Complaint.

351.     The allegation(s) contained in Paragraph 351 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 351 of the Complaint.

352.     The allegation(s) contained in Paragraph 352 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 352 of the Complaint.

353.     The allegation(s) contained in Paragraph 353 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 353 of the Complaint.

354.     The allegation(s) contained in Paragraph 354 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 354 of the Complaint.

The allegation(s) contained in Paragraph K, "Defendant Aurora's and Dr. Hill's customs, policies, and/or practices within the AFR caused the violations of Elijah's constitutional rights",

contained in Section IV (Factual Allegations) of the Complaint, are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph K, "Defendant Aurora's and Dr. Hill's customs, policies, and/or practices within the AFR caused the violations of Elijah's constitutional rights", contained in Section IV (Factual Allegations) of the Complaint.

355.    The allegation(s) contained in Paragraph 355 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 355 of the Complaint.

356.    The allegation(s) contained in Paragraph 356 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 356 of the Complaint.

357.    The allegation(s) contained in Paragraph 357 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 357 of the Complaint.

358.    The allegation(s) contained in Paragraph 358 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 358 of the Complaint.

359.    The allegation(s) contained in Paragraph 359 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 359 of the Complaint.

360.    The allegation(s) contained in Paragraph 360 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 360 of the Complaint.

361. The allegation(s) contained in Paragraph 361 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 361 of the Complaint.

362. The allegation(s) contained in Paragraph 362 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 362 of the Complaint.

363. The allegation(s) contained in Paragraph 363 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 363 of the Complaint.

364. The allegation(s) contained in Paragraph 364 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 364 of the Complaint.

365. The allegation(s) contained in Paragraph 365 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 365 of the Complaint.

366. The allegation(s) contained in Paragraph 366 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 366 of the Complaint.

367. The allegation(s) contained in Paragraph 367 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 367 of the Complaint.

368.    The allegation(s) contained in Paragraph 368 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 368 of the Complaint.

369.    The allegation(s) contained in Paragraph 369 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 369 of the Complaint.

370.    The allegation(s) contained in Paragraph 370 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 370 of the Complaint.

371.    The allegation(s) contained in Paragraph 371 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 371 of the Complaint.

372.    The allegation(s) contained in Paragraph 372 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 372 of the Complaint.

373.    The allegation(s) contained in Paragraph 373 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 373 of the Complaint.

374.    The allegation(s) contained in Paragraph 374 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 374 of the Complaint.

375.    The allegation(s) contained in Paragraph 375 of the Complaint are not directed to

APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 375 of the Complaint.

376. The allegation(s) contained in Paragraph 376 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 376 of the Complaint.

377. The allegation(s) contained in Paragraph 377 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 377 of the Complaint.

378. The allegation(s) contained in Paragraph 378 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 378 of the Complaint.

379. The allegation(s) contained in Paragraph 379 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 379 of the Complaint.

380. The allegation(s) contained in Paragraph 380 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 380 of the Complaint.

381. The allegation(s) contained in Paragraph 381 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 381 of the Complaint.

382. The allegation(s) contained in Paragraph 382 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 382 of the Complaint.

383.    The allegation(s) contained in Paragraph 383 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 383 of the Complaint.

384.    The allegation(s) contained in Paragraph 384 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 384 of the Complaint.

385.    The allegation(s) contained in Paragraph 385 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 385 of the Complaint.

386.    The allegation(s) contained in Paragraph 386 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 386 of the Complaint.

387.    The allegation(s) contained in Paragraph 387 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 387 of the Complaint.

388.    The allegation(s) contained in Paragraph 388 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 388 of the Complaint.

389.    The allegation(s) contained in Paragraph 389 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 389 of the Complaint.

390.    The allegation(s) contained in Paragraph 390 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 390 of the Complaint.

391.    The allegation(s) contained in Paragraph 391 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 391 of the Complaint.

392.    The allegation(s) contained in Paragraph 392 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 392 of the Complaint.

## V.    ANSWER TO STATEMENT OF CLAIMS FOR RELIEF

### ANSWER TO FIRST CLAIM FOR RELIEF[3]
**42 U.S.C. § 1983 – Fourth Amendment**
**Excessive Force**
**(Estate of Elijah Javon McClain against Defendants City of Aurora, Officer Nathan Woodyard, Officer Randy Roedema, Officer Jason Rosenblatt, Officer Matthew Green, Sergeant Dale Leonard, Officer Alicia Ward, Officer Kyle Dittrich, Officer Erica Marrero, Officer James Root, Officer Jordan Mullins-Orcutt, Officer Darren Dunson, and Sergeant Rachel Nunez)**

393.    APD Defendants hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

394.    APD Defendants admit the allegation(s) contained in Paragraph 394 of the Complaint.

395.    The allegation(s) contained in Paragraph 395 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, APD

---

[3] See FN 1 of the Answer.

Defendants deny the allegation(s) contained in Paragraph 395 of the Complaint.

396.    The allegation(s) contained in Paragraph 396 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 396 of the Complaint.

397.    APD Defendants deny the allegation(s) contained in Paragraph 397 of the Complaint.

398.    The allegation(s) contained in Paragraph 398 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 398 of the Complaint.

399.    APD Defendants deny the allegation(s) contained in Paragraph 399 of the Complaint.

400.    APD Defendants deny the allegation(s) contained in Paragraph 400 of the Complaint.

401.    APD Defendants deny the allegation(s) contained in Paragraph 401 of the Complaint.

402.    APD Defendants deny the allegation(s) contained in Paragraph 402 of the Complaint.

403.    APD Defendants deny the allegation(s) contained in Paragraph 403 of the Complaint.

404.    The allegation(s) contained in Paragraph 404 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 404 of the Complaint.

405.    The allegation(s) contained in Paragraph 405 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 405 of the Complaint.

406.    APD Defendants deny the allegation(s) contained in Paragraph 406 of the Complaint.

407.    The allegation(s) contained in Paragraph 407 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 407 of the Complaint.

408.    The allegation(s) contained in Paragraph 408 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 408 of the Complaint.

409.    The allegation(s) contained in Paragraph 409 of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 409 of the Complaint.

410.    APD Defendants deny the allegation(s) contained in Paragraph 410 of the Complaint.

411.    APD Defendants deny the allegation(s) contained in Paragraph 411 of the Complaint.

412.    APD Defendants deny the allegation(s) contained in Paragraph 412 of the Complaint.

413.    As to the allegation(s) contained in Paragraph 413 of the Complaint, see FN 1 of

the Answer.[4]

414.     As to allegation(s) contained in Paragraph 414 of the Complaint, see FN 1 and FN 3 of the Answer

415.     As to allegation(s) contained in Paragraph 415 of the Complaint, see FN 1 and FN 3 of the Answer

416.     As to allegation(s) contained in Paragraph 416 of the Complaint, see FN 1 and FN 3 of the Answer. Defendant Woodyard, Roedema and Rosenblatt deny allegation(s) contained in Paragraph 416 of the Complaint.

417.     APD Defendants deny the allegation(s) contained in Paragraph 417 of the Complaint.

418.     APD Defendants deny the allegation(s) contained in Paragraph 418 of the Complaint. The remaining allegation(s) contained in Paragraph 418 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 418 of the Complaint.

419.     The allegation(s) contained in Paragraph 419 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 419 of the Complaint.

420.     The allegation(s) contained in Paragraph 420 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 420 of the Complaint. See also FN

---

[4] As to the allegations against Defendants Nunez and Leonard in their official capacity and supervisory authority, no answer is required at this time as the City's Motion to Dismiss is currently pending before court.

1 and FN 3 of the Answer.

421.    The allegation(s) contained in Paragraph 421 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 421 of the Complaint. See also FN 1 and FN 3 of the Answer.

422.    The allegation(s) contained in Paragraph 422 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 422 of the Complaint. See also FN 1 and FN 3 of the Answer.

423.    The allegation(s) contained in Paragraph 423 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 423 of the Complaint. See also FN 1 and FN 3 of the Answer.

424.    The allegation(s) contained in Paragraph 424 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 424 of the Complaint. See also FN 1 and FN 3 of the Answer.

425.    As to the allegation(s) contained in Paragraph 425 of the Complaint, APD Defendants deny they were the moving force behind any alleged violation of Mr. McClain's constitutional right to be be free from excessive force or were the proximate cause of the Estate's injuries, damages and losses, including Mr. McClain's death. The remaining allegation(s) contained in Paragraph 425 of the Complaint are not directed to APD Defendants. Thus, APD

Defendants need not respond. To the extent a response is required, APD Defendants deny the remaining allegation(s) contained in Paragraph 425 of the Complaint.

426.   As to the allegation(s) contained in Paragraph 426 of the Complaint, APD Defendants deny they were the moving force behind any alleged violation of Mr. McClain's constitutional right to be free from excessive force or were the proximate cause of the Estate's injuries, damages and losses, including Mr. McClain's death. The remaining allegation(s) contained in Paragraph 426 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the remaining allegation(s) contained in Paragraph 426 of the Complaint.

427.   As to the allegation(s) contained in Paragraph 427 of the Complaint, APD Defendants deny they were the moving force behind any alleged violation of Mr. McClain's constitutional right to be free from excessive force or were the proximate cause of the Estate's injuries, damages and losses, including Mr. McClain's death. The remaining allegation(s) contained in Paragraph 427 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the remaining allegation(s) contained in Paragraph 427 of the Complaint.

**ANSWER TO SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourteenth Amendment**
**Denial of Equal Protection**
**(Estate of Elijah Javon McClain against Defendants City of Aurora, Officer Nathan Woodyard, Officer Randy Roedema, Officer Jason Rosenblatt, Officer Matthew Green, Sergeant Dale Leonard, Officer Alicia Ward, Officer Kyle Dittrich, Officer Erica Marrero, Officer James Root, Officer Jordan Mullins-Orcutt, Officer Darren Dunson, and Sergeant Rachel Nunez)[5]**

---

[5] See FN 1 of the Answer.

428.    APD Defendants hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

429.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

430.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

431.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

432.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

433.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

434.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

435.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court;

therefore, no answer is required at time.

436.   APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

437.   APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

438.   APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

439.   APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

440.   APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

441.   APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

442.   APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

443.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

444.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

445.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

446.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

447.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

448.    APD Defendants' Motions to Dismiss Plaintiffs' Second Claim for Relief (Fourteenth Amendment Denial of Equal Protection) are currently pending with this Court; therefore, no answer is required at time.

### ANSWER TO THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Fourth Amendment
### Failure to Ensure Basic Safety and Provide Adequate Medical Care and Treatment
### (Estate of Elijah Javon McClain against Defendants City of Aurora, Lieutenant Peter Cichuniec, Paramedic Jeremy Cooper, and Dr. Eric Hill)

449.    APD Defendants hereby incorporate each of the foregoing paragraphs as if fully set

forth herein.

450.    The allegation(s) contained in Paragraph 450 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 450 of the Complaint.

451.    The allegation(s) contained in Paragraph 451 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 451 of the Complaint.

452.    The allegation(s) contained in Paragraph 452 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 452 of the Complaint.

453.    The allegation(s) contained in Paragraph 453 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 453 of the Complaint.

454.    The allegation(s) contained in Paragraph 454 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 454 of the Complaint.

455.    The allegation(s) contained in Paragraph 455 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 455 of the Complaint.

456.    The allegation(s) contained in Paragraph 456 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 456 of the Complaint.

457.    The allegation(s) contained in Paragraph 457, including FN 9, of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 457, including FN 9, of the Complaint.

458.    The allegation(s) contained in Paragraph 458 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 458 of the Complaint.

459.    The allegation(s) contained in Paragraph 459 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 459 of the Complaint.

460.    The allegation(s) contained in Paragraph 460 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 460 of the Complaint.

461.    The allegation(s) contained in Paragraph 461 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 461 of the Complaint.

462.    The allegation(s) contained in Paragraph 462 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 462 of the Complaint.

463.    The allegation(s) contained in Paragraph 463 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 463 of the Complaint.

464.    The allegation(s) contained in Paragraph 464 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 464 of the Complaint.

465.    The allegation(s) contained in Paragraph 465 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 465 of the Complaint.

466.    The allegation(s) contained in Paragraph 466 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 466 of the Complaint.

467.    The allegation(s) contained in Paragraph 467 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 467 of the Complaint.

468.    The allegation(s) contained in Paragraph 468 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 468 of the Complaint.

469.    The allegation(s) contained in Paragraph 469 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 469 of the Complaint.

470.    The allegation(s) contained in Paragraph 470 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 470 of the Complaint.

471.    The allegation(s) contained in Paragraph 471 of the Complaint are not directed to

APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 471 of the Complaint.

472.    The allegation(s) contained in Paragraph 472 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 472 of the Complaint.

473.    The allegation(s) contained in Paragraph 473 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 473 of the Complaint.

474.    The allegation(s) contained in Paragraph 474 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 474 of the Complaint.

475.    The allegation(s) contained in Paragraph 475 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 475 of the Complaint.

476.    The allegation(s) contained in Paragraph 476 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 476 of the Complaint.

477.    The allegation(s) contained in Paragraph 477 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 477 of the Complaint.

478.    The allegation(s) contained in Paragraph 478 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 478 of the Complaint.

479.    The allegation(s) contained in Paragraph 479 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 479 of the Complaint.

**ANSWER TO FOURTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourteenth Amendment**
**Substantive Due Process-Deprivation of Liberty-Forcible Administration of Medication**
**(Estate of Elijah Javon McClain against Lieutenant Peter Cichuniec, Paramedic Jeremy Cooper)**

480.    APD Defendants hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

481.    The allegation(s) contained in Paragraph 481 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 481 of the Complaint.

482.    The allegation(s) contained in Paragraph 482 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 482 of the Complaint.

483.    The allegation(s) contained in Paragraph 483 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 483 of the Complaint.

484.    The allegation(s) contained in Paragraph 484 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 484 of the Complaint.

485.    The allegation(s) contained in Paragraph 485 of the Complaint are not directed to

APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 485 of the Complaint.

486.    The allegation(s) contained in Paragraph 486 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 486 of the Complaint.

487.    The allegation(s) contained in Paragraph 487 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 487 of the Complaint.

488.    The allegation(s) contained in Paragraph 488 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 488 of the Complaint.

489.    The allegation(s) contained in Paragraph 489 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 489 of the Complaint.

490.    The allegation(s) contained in Paragraph 490 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 490 of the Complaint.

491.    The allegation(s) contained in Paragraph 491 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 491 of the Complaint.

492.    The allegation(s) contained in Paragraph 492 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 492 of the Complaint.

493.    The allegation(s) contained in Paragraph 493 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 493 of the Complaint.

494.    The allegation(s) contained in Paragraph 494 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 494 of the Complaint.

495.    The allegation(s) contained in Paragraph 495 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 495 of the Complaint.

496.    The allegation(s) contained in Paragraph 496 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 496 of the Complaint.

497.    The allegation(s) contained in Paragraph 497 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 497 of the Complaint.

498.    The allegation(s) contained in Paragraph 498 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 498 of the Complaint.

499.    The allegation(s) contained in Paragraph 499 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 499 of the Complaint.

500.     The allegation(s) contained in Paragraph 500 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 500 of the Complaint.

**ANSWER TO FIFTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Fourth Amendment**
**Excessive Force**
**(Estate of Elijah Javon McClain against Lieutenant Peter Cichuniec and Paramedic Jeremy Cooper)**

501.     APD Defendants hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

502.     The allegation(s) contained in Paragraph 502 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 502 of the Complaint.

503.     The allegation(s) contained in Paragraph 503 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 503 of the Complaint.

504.     The allegation(s) contained in Paragraph 504 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 504 of the Complaint.

505.     The allegation(s) contained in Paragraph 505 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 505 of the Complaint.

506.     The allegation(s) contained in Paragraph 506 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 506 of the Complaint.

507.     The allegation(s) contained in Paragraph 507 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 507 of the Complaint.

508.     The allegation(s) contained in Paragraph 508 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 508 of the Complaint.

509.     The allegation(s) contained in Paragraph 509 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 509 of the Complaint.

510.     The allegation(s) contained in Paragraph 510 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 510 of the Complaint.

511.     The allegation(s) contained in Paragraph 511 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 511 of the Complaint.

512.     The allegation(s) contained in Paragraph 512 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 512 of the Complaint.

513.     The allegation(s) contained in Paragraph 513 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 513 of the Complaint.

514.    The allegation(s) contained in Paragraph 514 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 514 of the Complaint.

515.    The allegation(s) contained in Paragraph 515 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 515 of the Complaint.

516.    The allegation(s) contained in Paragraph 516 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 516 of the Complaint.

517.    The allegation(s) contained in Paragraph 517 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 517 of the Complaint.

518.    The allegation(s) contained in Paragraph 518 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 518 of the Complaint.

**ANSWER TO SIXTH CLAIM FOR RELIEF**
**Colo. Rev. Stat. § 13-21-201 et seq.**
**Battery Causing Wrongful Death**
**(Sheneen McClain and LaWayne Mosley against Defendants Officer Nathan Woodyard, Officer Randy Roedema, Officer Jason Rosenblatt, Officer Matthew Green, Sergeant Dale Leonard and Officer Alicia Ward)**[6]

519.    APD Defendants hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

---

[6] See FN 1 of the Answer.

520. The allegation(s) contained in Paragraph 520 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 520 of the Complaint.

521. APD Defendants admit the allegation(s) contained in Paragraph 521 of the Complaint.

522. APD Defendants deny the allegation(s) contained in Paragraph 522 of the Complaint.

523. APD Defendants deny the allegation(s) contained in Paragraph 523 of the Complaint.

524. APD Defendants deny the allegation(s) contained in Paragraph 524 of the Complaint.

525. APD Defendants deny the allegation(s) contained in Paragraph 525 of the Complaint.

526. APD Defendants deny the allegation(s) contained in Paragraph 526 of the Complaint.

527. APD Defendants deny the allegation(s) contained in Paragraph 527 of the Complaint.

528. APD Defendants deny the allegation(s) contained in Paragraph 528 of the Complaint.

529. APD Defendants deny the allegation(s) contained in Paragraph 529 of the Complaint.

530. APD Defendants deny the allegation(s) contained in Paragraph 530 of the

Complaint.

## ANSWER TO SEVENTH CLAIM FOR RELIEF
### Colo. Rev. Stat. § 13-21-201 et seq.
### Negligence Causing Wrongful Death
**(Sheneen McClain and LaWayne Mosley against Defendants Officer Nathan Woodyard, Officer Randy Roedema, Officer Jason Rosenblatt, Officer Matthew Green, Sergeant Dale Leonard, Officer Alicia Ward, Officer Kyle Dittrich, Officer Erica Marrero, Officer James Root, Officer Jordan Mullins-Orcutt, Officer Darren Dunson, and Sergeant Rachel Nunez)[7]**

531.    APD Defendants hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

532.    The allegation(s) contained in Paragraph 532 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 532 of the Complaint.

533.    APD Defendants admit the allegation(s) contained in Paragraph 533 of the Complaint.

534.    The allegation(s) contained in Paragraph 534 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 534 of the Complaint.

535.    The allegation(s) contained in Paragraph 535 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 535 of the Complaint.

536.    APD Defendants deny the allegation(s) contained in Paragraph 536 of the Complaint.

---

[7] See FN 1 of the Answer.

537.   APD Defendants deny the allegation(s) contained in Paragraph 537 of the Complaint.

538.   APD Defendants deny the allegation(s) contained in Paragraph 538 of the Complaint.

539.   APD Defendants deny the allegation(s) contained in Paragraph 539 of the Complaint.

540.   APD Defendants deny the allegation(s) contained in Paragraph 540 of the Complaint.

541.   APD Defendants deny the allegation(s) contained in Paragraph 541 of the Complaint.

542.   APD Defendants deny the allegation(s) contained in Paragraph 542 the Complaint.

543.   APD Defendants deny the allegation(s) contained in Paragraph 543 the Complaint.

544.   APD Defendants deny the allegation(s) contained in Paragraph 544 the Complaint.

545.   APD Defendants deny the allegation(s) contained in Paragraph 545 the Complaint.

546.   APD Defendants deny the allegation(s) contained in Paragraph 546 the Complaint.

547.   APD Defendants deny the allegation(s) contained in Paragraph 547 the Complaint.

548.   APD Defendants deny the allegation(s) contained in Paragraph 548 the Complaint.

**ANSWER TO EIGHTH CLAIM FOR RELIEF**
**Colo. Rev. Stat. § 13-21-201 et seq.**
**Negligence Causing Wrongful Death**
**(Sheneen McClain and LaWayne Mosley against Defendants Lieutenant Peter Cichuniec, Paramedic Jeremy Cooper, and Dr. Hill)**

549.   APD Defendants hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

550.     The allegation(s) contained in Paragraph 550 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 550 of the Complaint.

551.     The allegation(s) contained in Paragraph 551 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 551 of the Complaint.

552.     The allegation(s) contained in Paragraph 552 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 552 of the Complaint.

553.     The allegation(s) contained in Paragraph 553 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 553 of the Complaint.

554.     The allegation(s) contained in Paragraph 554 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 554 of the Complaint.

555.     The allegation(s) contained in Paragraph 555 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 555 of the Complaint.

556.     The allegation(s) contained in Paragraph 556 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 556 of the Complaint.

557.     The allegation(s) contained in Paragraph 557 of the Complaint are not directed to

APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 557 of the Complaint.

558.     The allegation(s) contained in Paragraph 558 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 558 of the Complaint.

559.     The allegation(s) contained in Paragraph 559 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 559 of the Complaint.

560.     The allegation(s) contained in Paragraph 560 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 560 of the Complaint.

561.     The allegation(s) contained in Paragraph 561 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 561 of the Complaint.

562.     The allegation(s) contained in Paragraph 562 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 562 of the Complaint.

563.     The allegation(s) contained in Paragraph 563 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 563 of the Complaint.

564.     The allegation(s) contained in Paragraph 564 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 564 of the Complaint.

565. The allegation(s) contained in Paragraph 565 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 565 of the Complaint.

566. The allegation(s) contained in Paragraph 566 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 566 of the Complaint.

567. The allegation(s) contained in Paragraph 567 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 567 of the Complaint.

568. The allegation(s) contained in Paragraph 568 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 568 of the Complaint.

569. The allegation(s) contained in Paragraph 569 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 569 of the Complaint.

570. The allegation(s) contained in Paragraph 570 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 570 of the Complaint.

**ANSWER TO NINTH CLAIM FOR RELIEF**
**Colo. Rev. Stat. § 13-21-201 et seq.**
**Battery Causing Wrongful Death**
**(Sheneen McClain and LaWayne Mosley against Defendants Lieutenant Peter Cichuniec and Paramedic Jeremy Cooper)**

571.    APD Defendants hereby incorporate each of the foregoing paragraphs as if fully set forth herein.

572.    The allegation(s) contained in Paragraph 572 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 572 of the Complaint.

573.    The allegation(s) contained in Paragraph 573 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 573 of the Complaint.

574.    The allegation(s) contained in Paragraph 574 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 574 of the Complaint.

575.    The allegation(s) contained in Paragraph 575 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 575 of the Complaint.

576.    The allegation(s) contained in Paragraph 576 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 576 of the Complaint.

577.    The allegation(s) contained in Paragraph 577 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 577 of the Complaint.

578.    The allegation(s) contained in Paragraph 578 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required,

APD Defendants deny the allegation(s) contained in Paragraph 578 of the Complaint.

579.    The allegation(s) contained in Paragraph 579 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 579 of the Complaint.

580.    The allegation(s) contained in Paragraph 580 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 580 of the Complaint.

581.    The allegation(s) contained in Paragraph 581 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 581 of the Complaint.

582.    The allegation(s) contained in Paragraph 582 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 582 of the Complaint.

583.    The allegation(s) contained in Paragraph 583 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 583 of the Complaint.

584.    The allegation(s) contained in Paragraph 584 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 584 of the Complaint.

585.    The allegation(s) contained in Paragraph 585 of the Complaint are not directed to APD Defendants. Thus, APD Defendants need not respond. To the extent a response is required, APD Defendants deny the allegation(s) contained in Paragraph 585 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

APD Defendants deny Plaintiffs are entitled to any of the requested relief in the Prayer for Relief at pages 105-106 of the Complaint.

## GENERAL DENIAL

APD Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Complaint, and each and every Claim for Relief against APD Defendants set forth therein, fails to state a valid claim upon which the relief prayed for may be granted.

2.      Subject matter jurisdiction is lacking inasmuch as Plaintiffs' claims fail to rise to the level of a deprivation of federal constitutional rights.

3.      APD Defendants sued in their individual capacities are entitled to qualified immunity.

4.      Plaintiffs' injuries, damages and losses may be the result of Mr. McClain's conduct.

5.      Damages alleged by Plaintiffs in the Complaint may have been caused in whole or in part by Mr. McClain's own comparative fault as provided by C.R.S. §13-21-111.

6.      Plaintiffs have failed to mitigate their damages as required by law.

7.      Plaintiffs have not sufficiently alleged and cannot establish that their injuries, if any, were attributable to any act or omission of APD Defendants in their official capacities which resulted from the conduct of APD Defendants as final policy-makers for the City of Aurora, nor can Plaintiffs establish that their alleged injuries, damages, or losses, if any, arose from the implementation of a policy or custom attributable to APD Defendants in their official capacities.

8.      APD Defendants were properly exercising their public duties pursuant to C.R.S. §

18-1-701. Further, APD Defendants were properly exercising their police powers and the authority vested in them by virtue of C.R.S. §§ 16-3-101, 16-3-102, 16-3-103, and C.R.S. § 18-1-707.

9.      Plaintiffs' damages, if any, were not approximately caused by any act or omission of APD Defendants.

10.      At all times material, Plaintiffs were accorded all rights, privileges, and immunities guaranteed to them by the Constitution and laws of the United States of America.

11.      APD Defendants in their official capacities are not liable for exemplary damages pursuant to Colorado and federal law.

12.      Plaintiffs' claims are frivolous and groundless entitling APD Defendants to an award of attorney's fees and costs pursuant to F.R.C.P. 11 and 42 U.S.C. § 1988.

13.      Upon information and belief, some or part of Plaintiffs' claims may be barred, limited or controlled by the Colorado Governmental Immunity Act, C.R.S. §§ 24-10-101, et. seq.

14.      Plaintiffs' injuries and damages, if any, were proximately caused by the acts or omissions of third parties over whom APD Defendants possessed no ability or opportunity to control or right of control.

## JURY DEMAND

Defendants hereby demand that this case be tried to a jury pursuant to Fed. R. Civ. P. 38.

**WHEREFORE,** Defendants Officer Nathan Woodyard, Officer Randy Roedema and Former Officer Jason Rosenblatt, in their individual capacities, having fully answered Plaintiffs' Complaint, respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety, with prejudice, enter judgment in favor of APD Defendants and against Plaintiffs, for an award of attorney's fees and costs against Plaintiffs and their counsel, jointly and severally, and for such

other and further relief as the Court deems just and proper.

Dated this 30th day of November, 2020.

/s/ *Jonathan M. Abramson*
Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
jonathan@kandf.com
julie@kandf.com
*Attorneys for Defendants Woodyard,*
*Roedema, Rosenblatt, Green, Leonard, Ward,*
*Dittrich, Marrero, Root, Mullins-Orcutt,*
*Dunson and Nunez in their individual*
*capacities ("APD Defendants")*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Liana Orshan, Esq. (lorshan@kln-law.com)
Michael Fairhurst, Esq. (mfairhurst@kln-law.com)
Mari Newman, Esq. (mnewman@kln-law.com)
*ATTORNEYS FOR PLAINTIFFS*

Peter Morales, Esq. (pmorales@auroragov.org)
Isabelle Evans, Esq. (ievans@auroragov.org)
*ATTORNEYS FOR DEFENDANTS CITY OF AURORA, COLORADO, NATHAN WOODYARD, RANDY ROEDEMA, JASON ROSENBLATT, MATTHEW T. GREEN, DALE LEONARD, ALICIA WARD, KYLE DITTRICH, ERICA MARRERO, JAMES ROOT, JORDAN MULLINS-ORCUTT, DARREN DUNSON, RACHEL NUNEZ, PETER CICHUNIEC AND JEREMY COOPER, IN THEIR OFFICIAL CAPACITIES*

Michael Lowe, Esq. (mlowe@brunolawyers.com)
David Goddard, Esq. (dgoddard@brunolawers.com)
*ATTORNEYS FOR DEFENDANTS PETER CICHUNIEC AND JEREMY COOPER, IN THEIR INDIVIDUAL CAPACITIES*

Stephen J. Hensen, Esq. (steve@hendulaw.com)
*ATTORNEY FOR DEFENDANT DR. ERIC HILL, IN HIS INDIVIDUAL CAPACITY*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

By:   ***s/ Jonathan M. Abramson***
        Jonathan M. Abramson