IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives, Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually, and
LAWAYNE MOSLEY, individually,

       Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity, and
DR. ERIC HILL, in his individual capacity,

       Defendants.

_____

### DEFENDANTS' MOTION TO BIFURCATE INDIVIDUAL AND *MONELL* CLAIMS AND MOTION FOR STAY OF DISCOVERY FOR *MONELL* CLAIMS

_____

       COMES NOW, Defendants, by and through their counsel of record, and hereby submit this Motion for Bifurcation of Individual and *Monell* Claims and Motion for a Stay of Discovery of *Monell* Claims. In support thereof, Defendants state the following:

1

## CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)

Counsel for Defendants certify that they have conferred with counsel for Plaintiffs via email concerning the relief requested herein. Plaintiffs' counsel has indicated Plaintiffs are opposed to the request for bifurcation and the request for a stay of *Monell* discovery.

## I.  INTRODUCTION

In this action, Plaintiffs are seeking to recover damages arising out of the death of Elijah McClain following an incident that occurred on August 24, 2019. The Complaint and Jury Demand (ECF 1) is comprised of 585 paragraphs, alleging nine claims for relief, including three claims against Defendant City under 42 U.S.C. § 1983. The remaining six claims are alleged solely against the individually named Defendants.

The Court has the discretion to bifurcate claims to further the interests of judicial economy and to protect parties from unnecessary prejudice. In the present case, Plaintiffs have alleged claims against the City of Aurora that are separate from claims alleged against the Individual Defendants. Bifurcation is appropriate in this case to separate the *Monell* claims from the claims alleged against the Individual Defendants because it will serve the interests of judicial economy and will prevent substantial prejudice to the Individual Defendants.

## II.  LEGAL STANDARD

The Court may "order a separate trial of one or more separate issues" or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Court has "broad discretion to order a separate trial of one or more separate issues or claims." *Valdez v. Motyka*, 2020 WL 3963717, *17 (D. Colo. 2020). "Bifurcation is appropriate when the 'interests [in Rule 42(b)] favor separation of issues and the issues are clearly separable.'" *Cordova v. City*

*of Albuquerque*, 2013 WL 12040727, *2 (D.N.M. 2013) (quoting *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)). Bifurcation "may be an abuse of discretion if it is unfair or prejudicial to a party." *Valdez*, 2020 WL 3963717, *17.

In the Tenth Circuit, analysis of whether bifurcation is appropriate focuses on "three central elements." *Boyd v. Montezuma County Sheriff's Office*, 2015 WL 2329061, *1 (D. Colo. 2015). These elements are whether bifurcation would facilitate convenience and economy, whether the issues are separable, and whether it would be "essentially unfair to one side." *Id.* "Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Cordova*, 2013 WL 12040727, * 2 (quoting *Desmare v. New Mexico*, 2007 WL 5231690, *2 (D.N.M. 2007)). The Court should consider "the likelihood that a single proceeding will unduly prejudice either party or confuse the jury." *Valdez*, 2020 WL 3963717, *17 (quoting *York v. AT&T*, 95 F.3d 948, 957-58 (10th Cir. 1996)).

## III.   ARGUMENT

### A. Bifurcation is appropriate because resolution of the claims against the Individual Defendants may obviate the need to adjudicate the *Monell* claims against the City and would further the interests of efficiency and judicial economy.

Resolution of the claims against the Individual Defendants could obviate the need to litigate the municipal liability claims because an underlying constitutional violation by an Individual Defendant is required in order to impose municipal liability. The vast scope of *Monell* discovery could be rendered unnecessary by a finding by the Court or a jury that there was no underlying constitutional violation. Bifurcating the individual claims from the municipal claims would further the interests of judicial economy and efficiency by preventing potentially unnecessary cost and

delay due to *Monell* discovery until there is a finding of an underlying constitutional violation that would make such discovery necessary.

A municipality cannot be held liable for constitutional violations when there is no underlying constitutional violation by any of its officers. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). "Absent a showing of constitutional injury, a municipality cannot be liable for damages, regardless of the existence of a policy or custom." *Holmes v. Town of Silver City*, 826 Fed.Appx. 678, 678 (10th Cir. 2020). A claim for municipal liability is "fatally infirm" without an "underlying constitutional violation." *Scott v. City of Albuquerque*, 711 Fed.Appx. 871, 882 n. 10 (10th Cir. 2017). Finally, "[a]n official capacity claim under § 1983 is the same as a claim against a municipality and also requires an underlying constitutional injury." *Rowell v. Bd. of County Comm'rs*, 2020 WL 627907, *7 (10th Cir. 2020).

As a threshold issue to impose municipal liability, there must be an underlying constitutional violation by an Individual Defendant. Bifurcation in this matter would permit the underlying constitutional issues to be determined prior to undertaking discovery and litigation of the municipal liability claims. Should the Court or a jury determine that there was no underlying constitutional violation, there would be no need to address the municipal liability claims as they would be "fatally infirm" as a matter of law. *Scott*, 711 Fed.Appx. at 882 n. 10.

Bifurcation would significantly promote the interests of efficiency and judicial economy. "[D]iscovery against the sovereign overwhelms the case and results in a multitude of discovery disputes." *Boyd*, 2015 WL 2329061, *2. Bifurcation of the discovery in this case would promote efficiency as it would allow discovery to address the claims against Individual Defendants, without

the expansive scope of additional discovery against the municipality to confuse the issues and result in delays while discovery disputes are resolved.

Furthermore, the financial and time burdens to both sides associated with the request, preparation, and review of the expansive discovery anticipated for the *Monell* claims will be significant. As a public entity, the City of Aurora is tasked with ensuring that public funds are expended efficiently and in the best interests of the taxpayers. This fiduciary duty is particularly important during times of economic hardship as budget shortfalls could result in cuts to essential programs and social services. The COVID-19 pandemic has resulted in a projected budget deficit for the City as a result of reduced sales tax revenues and increased expenditures undertaken to mitigate the pandemic. The financial burden of conducting potentially unnecessary and highly costly discovery during such a financial time would be an inefficient use of taxpayer dollars and of the Court's resources.

To undertake the expansive discovery tasks envisioned in this case unnecessarily would also be inefficient and contrary to the purpose of judicial economy. Without the underlying constitutional violation to support a *Monell* claim, the parties would have expended significant time, money, and judicial resources on claims that ultimately would not reach a trial.

Discovery for the municipal liability claims is anticipated to cover approximately 27 other incidents alleged in the Complaint, involving a multitude of other parties and witnesses. This would result in potentially dozens of additional depositions, additional experts, and documents unrelated to the facts of the encounter with Mr. McClain. The amount of discovery necessary to litigate the pattern and practice claims against the City is exponentially larger than the amount of discovery necessary to litigate the claims against the individual officers.

Therefore, in order to prevent expensive and time-consuming discovery that may ultimately be determined to be unnecessary, the underlying constitutional issues for Individual Defendants should be addressed first. Should there be a finding of a constitutional violation by any individual, the second phase of discovery regarding the municipal claims would proceed. Bifurcation of the municipal liability claims would promote efficiency for all parties and would promote judicial economy. This first factor weighs in favor of bifurcation.

**B.  Bifurcation is appropriate because the issues are separable.**

The claims against the Individual Defendants and the City are distinct and easily separable. *See Boyd*, 2015 WL 2329061, *2. This factor weighs in favor of granting Defendants' request for bifurcation.

The claims against the Aurora Police Department and Aurora Fire Rescue Individual Defendants involve the actions undertaken on the date of the incident and are factually related to each person's interactions with Mr. McClain. The allegations against Dr. Hill are related solely to medical practices and are separate from both the allegations against the other Individual Defendants and the allegations against the City. The allegations against the City, involve a multitude of separate incidents alleged to form a pattern or practice. These incidents are not factually related to the incident involving Mr. McClain. Although there may be some witnesses who could testify in both phases of a bifurcated proceeding, the vast majority of witnesses would be different and trying all claims together would significantly expand the scope and necessary length of any trial.

The separability of the issues is demonstrated by the Complaint (ECF 1). Of the 585 paragraphs contained in the Complaint, approximately 200 paragraphs deal solely with the

allegations against the City. *See* ECF 1 at ¶¶ 226-392, 418-427, 435-436, 440-448, 467-477. Of

that 200, approximately 27 paragraphs deal with allegations of prior incidents involving entirely

different people and facts from the underlying allegations regarding Mr. McClain. *See* ECF 1 at

¶¶ 281-307. The claims against the City are contained in separate sections and do not overlap with

the factual allegations against the Individual Defendants. Separating the facts of the incident

involving Mr. McClain from the allegations regarding a pattern and practice of the City involving

a multitude of different people and situations would not only be more efficient, such a separation

would also prevent significant prejudice to the Individual Defendants. The factor of separability

weighs in favor of granting Defendants' request for bifurcation.

### C. Bifurcation is appropriate because it would prevent substantial prejudice to the Individual Defendants without causing prejudice to the Plaintiffs.

Evidence related to the municipal liability claims would be prejudicial to the Individual

Defendants at trial. Furthermore, presentation of evidence related to the *Monell* claims during a

trial of the individual claims would be likely to confuse the jury. These factors weigh in favor of

granting Defendants' request for bifurcation.

To establish municipal liability, Plaintiffs must provide evidence of "similarly situated

individuals . . . mistreated by the municipality in a similar way." *Cordova*, 2013 WL 12040727,

*2 (quoting *Carney v. City and County of Denver*, 534 F.3d 1269, 1274 (10th Cir. 2008)). Here,

the Complaint contains 27 paragraphs alleging such incidents. ECF 1 at ¶¶ 281-307. "This

evidence is likely to be highly prejudicial – jurors may inappropriately consider other incidents of

police misconduct when determining Defendant Officers' liability." *Cordova*, 2013 WL

12040727, *2. Combining the trials of the individual officers' conduct with the multitude of other

allegations against the City would "present too great a risk that the jury will consider evidence

introduced on the municipal and supervisory claims when deciding the" claims against the individuals. *Id.*

This is a highly complex case with a large number of parties and claims. Given the large number of other allegations contained in the complaint and the large number of individuals named, both in the underlying incident and those that were involved in the other alleged incidents, a trial on all claims would be incredibly difficult for jurors to "disentangle the evidence relevant to each defendant." *Id.* The evidence related to the municipal liability claims would be highly prejudicial to the Individual Defendants as it would present testimony otherwise inadmissible in the claims against the individuals. These two concerns can both be adequately addressed through bifurcation.

Furthermore, bifurcation would not prejudice any party. If the threshold issue of a constitutional violation is satisfied, the discovery and litigation related to the claims against the City would proceed. Given the large amount of discovery and documents already exchanged, there is little likelihood that evidence would be unavailable in the future. Further, the City is already on notice of the pending claims against it and has undertaken efforts, consistent with its obligations, to preserve items within its possession. If any policies of the City are relevant to the individual claims, such evidence could be presented, however, "the inability to present otherwise inadmissible evidence to establish the backdrop of Defendant Officers' alleged misconduct is not prejudicial." *Id.*

The evidence related to the municipal liability claims would be otherwise inadmissible in the claims against the individual officers. Presentation of such evidence in the same trial would be significantly prejudicial to the Individual Defendants and would confuse the issues for the jury.

Separating the claims would not result in prejudice to the Plaintiffs but would prevent substantial prejudice to the Individual Defendants. Therefore, this factor weighs in favor of bifurcation.

**D. A stay of discovery related to the *Monell* claims is warranted if the claims are bifurcated.**

Should the Court grant the request for bifurcation, Defendants request, pursuant to Fed. R. Civ. P. 26(v) and for the reasons set forth above a partial stay of discovery related to the *Monell* claims against the City.

### IV.    CONCLUSION

Defendants request that the *Monell* claims against Defendant City be bifurcated from the claims alleged against the Individual Defendants. The factors of efficiency, judicial economy, separability, and prejudice all weigh in favor of granting the request for bifurcation. Should the Court grant this request, Defendants further request a stay of discovery related to the *Monell* claims.

Dated this 4th day of December, 2020.

_s/ Peter Ruben Morales_
Peter Ruben Morales
Isabelle S. Evans
Aurora City Attorney's Office
15151 E. Alameda Parkway, Suite 5300
Aurora, CO 80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
pmorales@auroragov.org
ievans@auroragov.org
*Attorneys for Defendant City of Aurora, and Defendants Woodyard, Roedema, Rosenblatt, Green, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson, Nunez,*

_s/ Michael Lowe_
Michael Lowe
David Goddard
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, Colorado 80202
P: 303.831.1099
F: 303.831.1088
MLowe@brunolawyers.com
dgoddard@brunolawyers.com
*Attorneys for Defendants Cichuniec and Cooper in their individual capacities ("AFR Defendants")*

*Cichuniec, and Cooper in their official*
*capacities ("Aurora Defendants")*

**_s/ Stephen J. Hensen_**
Stephen J. Hensen
Hensen | DuWaldt
1001 Bannock St., Suite 39
Denver, CO 80204
303-223-0773 p
Mobile: 303-895-4199 c
steve@hendulaw.com
*Attorney for Defendant Dr. Eric Hill*

  **_s/ Jonathan M. Abramson_**
Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
jonathan@kandf.com
julie@kandf.com
*Attorneys for Defendants Dittrich, Dunson,*
*Green, Leonard, Marrero, Mullins-Orcutt,*
*Nunez, Roedema, Root, Rosenblatt, Ward,*
*and Woodyard in their individual capacities*
*("APD Defendants")*

I hereby certify that the foregoing pleading complies with the type-volume limitations set forth in Judge Dominico's Practice Standards III(A)(1).

*/s/ Isabelle S. Evans*

## CERTIFICATE OF SERVICE BY CM/ECF

I hereby certify that on December 4, 2020, I electronically filed the foregoing *Defendants' Motion to Bifurcate Individual and Monell Claims and Motion for Stay of Discovery for Monell Claims* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

Mari Newman, Esq. [mnewman@kln-law.com]
Liana G. Orshan, Esq. [lorshan@kln-law.com]
Michael Fairhurst, Esq. [mfairhurst@kln-law.com]
*Attorneys for Plaintiffs*

Michael T. Lowe, Esq. [mlowe@brunolawyers.com]
David Goddard, Esq. [dgoddard@brunolawyers.com]
*Attorneys for Defendants Cichuniec and Cooper in their individual capacities*

Stephen J. Hensen [steve@hendulaw.com]
*Attorney for Defendant Hill in his individual capacity*

Jonathan M. Abramson [jonathan@kandf.com]
Yulia Nikolaevskaya [julie@kandf.com]
*Attorneys for Defendants Dittrich, Dunson, Green, Leonard, Marrero, Mullins-Orcutt, Nunez, Roedema, Root, Rosenblatt, Ward, and Woodyard in their individual capacities*

*s/ Joanne Flaherty*
Joanne Flaherty