IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually,
LAWAYNE MOSLEY, individually,

      Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity,
DR. ERIC HILL, in his individual capacity,

      Defendants.

---

## DEFENDANTS' JOINT MOTION TO STAY DISCOVERY

Defendants City of Aurora, Officer Nathan Woodyard, Officer Randy Roedema, Officer Jason Rosenblatt, Officer Matthew Green, Sergeant Dale Leonard, Officer  Alicia Ward, Officer Kyle Dittrich, Officer Erica Marrero, Officer James Root, Officer Jordan Mullins-Orcutt, Officer Darren Dunson, Sergeant Rachel Nunez, Lieutenant Peter Cichuniec and Paramedic Jeremy Cooper, in their official capacities, by and through their official capacity counsel, Peter Ruben

Morales and Isabelle S. Evans of the Aurora City Attorney's Office, Defendants Officer Nathan Woodyard, Officer Randy Roedema, Officer Jason Rosenblatt, Officer Matthew Green, Sergeant Dale Leonard, Officer  Alicia Ward, Officer Kyle Dittrich, Officer Erica Marrero, Officer James Root, Officer Jordan Mullins-Orcutt, Officer Darren Dunson, Sergeant Rachel Nunez, in their individual capacities, by and through their individual capacity counsel, Jonathan M. Abramson and Yulia  Nikolaevskaya of Kissinger & Fellman, P.C., Defendants Lieutenant Peter Cichuniec and Paramedic Jeremy Cooper, in their individual capacities, by and through their individual capacity counsel, Michael Lowe and David Goddard, of Bruno, Colin & Lowe, P.C., and Defendant Dr. Eric Hill, in his individual capacity, by and through his counsel of record, Stephen J. Hensen of Hensen | DuWaldt, (collectively "Defendants"), hereby move for a stay of all discovery in this matter pending ruling on the discrete Defendants' Motions to Dismiss [Docs. 37, 38, 39, 40, 41], as follows:

## Certification Pursuant to D.C.COLO.LCivR 7.1(a)

Undersigned counsel for Defendants certify they have conferred with counsel for Plaintiffs via [telephone/email] concerning the relief requested in this Motion. Plaintiffs' counsel has indicated that they object to the relief requested herein.

## Background and Introduction

Plaintiffs are the Estate of Elijah McClain and Mr. McClain's parents, Sheneen McClain and Lawayne Mosely. Defendants are the City of Aurora, Colorado; twelve current or former Officers of the Aurora Police Department; two paramedics with Aurora Fire Rescue; and Dr. Eric Hill, the contract Medical Director for Aurora Fire Rescue. Plaintiffs filed their Complaint [Doc. 1] on August 11, 2020, asserting nine claims for relief against the various Defendants, including

constitutional claims under the Fourth and Fourteenth Amendments, and state law claims for wrongful death.

Twelve of the Defendants filed motions to dismiss the Complaint in its entirety against them on November 30, 2020. [Docs. 37 (City of Aurora); 38 (Cichuniec & Cooper); 40 (Green, Leonard & Ward); 41 (Dittrich, Morrero, Root, Mullins, Dunson & Nunez]. Three of the individual Aurora Police Defendants filed a partial motion to dismiss [Doc. 39], and Dr. Hill's motion to dismiss is forthcoming. [Doc. 45]. All eleven of the individual Aurora Police and Fire Rescue Defendants who filed full motions to dismiss have asserted entitlement to qualified immunity, [Doc. 38] at 11; [Doc. 40] at 5; [Doc. 41] at 5, and Dr. Hill's forthcoming motion to dismiss will assert qualified immunity as well. The parties exchanged initial disclosures on November 18, 2020. Between the Parties, the initial disclosures designated almost 6,000 pages of documents, many hours of video and audio recordings, and over 150 potential witnesses.

### Standard of Review

While the Federal Rules of Civil Procedure do not expressly provide for a stay of discovery, courts have the authority to "make any order which justice requires to protect a party … from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). The decision whether to stay discovery rests within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the Court; (4) the interests of non-parties; and (5) the public interest. *Weitzman v. McFerrin*, 2019 U.S. Dist. LEXIS 140478, at *3 (D. Colo. Aug. 19, 2019); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388, at *2 (D. Colo. 2006).

Assertions of qualified immunity bear heavily on requests to stay discovery, because questions of jurisdiction and immunity should be resolved at the earliest stages of litigation in order to conserve the time and resources of the Court and the parties. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) (stating that "the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery....'" *Behrens*, 516 U.S. at 308 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985)). While an assertion of qualified immunity "is not a bar to all discovery," *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004), a court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). Thus, "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of

4

judicial resources.'" *Goodwin v. Bruggeman-Hatch*, 2014 U.S. Dist. LEXIS 26815, at *6 (D. Colo. Feb. 28, 2014), citing *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted). "[G]ood cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, 2007 U.S. Dist. LEXIS 25880, at *1 (D. Colo. 2007); *see also Behrens*, 516 U.S. at 308, 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending).

## Argument

The five *String Cheese* factors weigh heavily in favor of Defendants' request to stay of all discovery pending the Court's ruling on their respective motions to dismiss. With respect to the first factor, it is anticipated that Plaintiffs will raise the traditional specter of prejudice through evidentiary value diminishing; witnesses relocating, becoming unavailable, or memories fading; and documents becoming lost or destroyed. However, generalized concerns that the passage of time will result in such consequences is not enough to cause prejudice to Plaintiff. *See Chapman v. Fed. Bureau of Prisons*, 2015 U.S. Dist. LEXIS 99648, at *7 (D. Colo. 2015). Moreover, in the instant matter those concerns are minimal, if not misplaced. The incident forming the basis for this lawsuit occurred on August 24, 2019. In the ensuing year before filing their Complaint, Plaintiffs sought and received a significant amount of evidence and documents from the case through Colorado Open Records Act requests. In addition, the initial disclosures in this matter submitted on November 18, 2020 comprised over 2000 pages of documents from Defendants and over 3700 pages from Plaintiffs, as well as many hours of audio and recorded interviews of involved parties and non-parties alike. These documents and videos also included records from both the criminal

and internal administrative investigations conducted following the incident. In the course of those investigations, dozens of statements and recorded interviews were taken of involved individuals and preserved, along with the body-worn camera footage from the incident. Given the memorialization, preservation and disclosure of this voluminous information, a stay of discovery pending the Court's determination of Defendants' motions to dismiss will not hinder Plaintiff's ability to obtain evidence in this case.

The second *String Cheese* factor also weighs heavily in favor of a discovery stay, because even if Plaintiffs have an interest in proceeding expeditiously, that interest is outweighed by the substantial burdens on both the individual Defendants and the City of Aurora if discovery is allowed to proceed. That this case is complex is an understatement, with a 106-page Complaint alleging 585 paragraphs of allegations against sixteen Defendants. Between them, the Parties' initial disclosures listed over 150 individuals with discoverable information. The Scheduling Order [Doc. 25] provides for ten non-party, non-expert depositions per side, as well as seven expert witnesses per side, and written discovery requests in the hundreds between the Parties. Based on this complexity, it is anticipated that discovery in this case will be voluminous, costly and resource-intensive, involving production of thousands of pages of documents, multiple hours of depositions, and high costs associated with expert witnesses and attorneys' fees. The City of Aurora will bear the heaviest burden in these processes, as the lion's share of information to be sought through discovery will likely be maintained by the City as the individual Defendants' public employer. And as a public employer utilizing taxpayer funds to operate, the City of Aurora has a responsibility to ensure that public funds are spent efficiently, especially during this difficult pandemic time. It is public knowledge that Aurora may take years to recover from the recent and

devastating impacts of the pandemic. The current budget forecast indicates a decline in the City's operating budget of approximately twenty million dollars, and furloughs for the City's approximately 4,000 employees continue to be implemented. The burden on the City in conducting discovery pending judicial determination of the motions to dismiss would represent an inefficient use of Aurora's resources, especially in consideration of these difficult times. Since the taxpayers ultimately pay for Aurora's defense in this case, the conservation and preservation of City resources is particularly worthy of consideration here.

The individual Defendants' burdens are also substantial should discovery be allowed to proceed, because not only would they likely be required to propound and respond to voluminous discovery requests as well as retain expert witnesses, but they would be prejudiced by the loss of the fundamental protection of qualified immunity—that is, immunity from suit and attendant pretrial procedures including discovery. In *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), the Supreme Court expressly stated that "[u]ntil this threshold [qualified] immunity question is resolved, discovery should not be allowed." In *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), the Court went on to state that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." The Court rejected the lower court's "careful case management" approach for limiting the burdens of discovery in the face of the "heavy costs" of litigation, explaining that:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery." [Citation omitted.] There are serious and legitimate reasons for this. If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and

resources that might otherwise be directed to the proper execution of the work of the Government.

*Iqbal*, 556 U.S. at 685-86. *See also Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998) (courts are obligated to "exercise [their] discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings"); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 145 (1993); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The Tenth Circuit has followed suit. *See Stonecipher v. Valles*, 759 F.3d 1134, 1148-49 (10th Cir. 2014) ("because qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity"); *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) ("'even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government'" (*quoting Mitchell*, 472 U.S. at 526)); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Workman v. Jordan*, 958 F.2d 332, 335-36 (10th Cir. 1992) (when a defendant asserts qualified immunity, the court should grant the defendant's request for a stay of discovery until the immunity issue is resolved).

Moreover, the City's inability to assert qualified immunity should not preclude a complete stay of discovery as to all parties because, if discovery continues as to the City, it would almost certainly require all of the individual defendants asserting immunity to participate in the discovery process or risk compromising their litigation position. The Supreme Court specifically addressed this issue in *Iqbal*, 556 U.S. at 685-86:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove

necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

Consistent with *Iqbal*, the district court in *Zubia v. Denver City*, 2014 U.S. Dist. LEXIS 204357, at *4-5 (D.N.M. 2014) noted that:

[T]he Tenth Circuit has held that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. [Citing *Jiron v. City of Lakewood*, 392 F.3d at 414; *Workman v. Jordan*, 958 F.2d at 336.] Moreover, *once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed*. [Citing *Iqbal*, 556 U.S. at 685-86.]

(Emphasis added.) Indeed, it has been held that "proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative*." Lincoln v. Maketa*, 2015 U.S. Dist. LEXIS 69099, at *6 (D. Colo. 2015). *See also Gale v. Jacob*, 2015 U.S. Dist. LEXIS 80569, at *5 (D. Colo. 2015); *Ingram v. Clements*, 2015 U.S. Dist. LEXIS 45958, at *6 (D. Colo. 2015). Under this standard, a complete stay of discovery for claims and defendants both subject to and not subject to an immunity defense is appropriate and regularly ordered. *See, e.g.*, *Martinez v. Carson*, 697 F.3d 1252, 1256-57 (10th Cir. 2012) (describing propriety of a complete stay of discovery when some defendants raise qualified immunity); *Frey v. Reams*, 2017 U.S. Dist. LEXIS 166554, at *5 (D. Colo. 2017) (staying all claims pending resolution of the individual defendants' qualified immunity motion); *Chapman v. Fed. Bureau of Prisons*, 2015 U.S. Dist. LEXIS 99648, at *8-11 (D. Colo. 2015) (entering complete stay of discovery despite immunity defenses only applying to some defendants and to some claims); *Drive Sunshine Inst. v. High Performance Transportation*, 2014 U.S. Dist. LEXIS 158723, at *9 (D. Colo. 2014) ("[a]dditionally, discovery should be stayed in the case as a whole even though only some of the

defendants are asserting qualified immunity as a defense"). Thus, should discovery proceed, the individual Defendants will not only lose the fundamental protection of qualified immunity, but the City may be further prejudiced as well—should this Court resolve the first prong of the qualified immunity analysis in favor of the individual defendants, then the § 1983 claim(s) against the City also fail since a fundamental prerequisite for a viable municipal liability claim is an underlying constitutional violation. *See, e.g., Trigalet v. City of Tulsa*, Okla., 239 F.3d 1150, 1155 (10th Cir. 2001). Furthermore, given the purely legal arguments at issue in the pending motions, there is no discovery as to the City that must be attended to while the issues of qualified immunity are being determined, and the second *String Cheese* factor weighs in favor of a stay.

As to the third factor, a stay of discovery may allow the Court to avoid expending resources in managing a significant portion of this action in that if the twelve individual defendants asserting qualified immunity are found to be entitled to it, they will all be dismissed from this case. Moreover, as previously noted, if their motions to dismiss are successful on the first prong of the qualified immunity analysis, the concomitant *Monell* claims against the City will not survive as they are intertwined with the underlying alleged constitutional violation. Such findings would not only significantly narrow the scope of the case and issues of discovery—thereby preserving Defendants' resources—but would prevent potentially piecemeal litigation of this matter and relieve the Court's docket as well. *See Johnson v. Wingert*, 2018 U.S. Dist. LEXIS 232467, at *4-5 (D. Colo. 2018) (citing *Harris v. United States*, 2010 U.S. Dist. LEXIS 48315, at *1 (D. Colo. 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.")); *Taylor v. Colo. Dep't of Health Care Policy & Fin.*, 2012 U.S. Dist. LEXIS 66083, at *10-11 (D. Colo.

2012) (proceeding with discovery would promote a piecemeal disposition of the case and such approach would waste scarce judicial resources). The third factor thus also weighs in favor of a stay.

The fourth *String Cheese* factor also weighs heavily in favor of a stay, in that non-party employees of the City, as well as other potential non-party witnesses set forth in initial disclosures in this case, have an interest in not being deposed in a case in which the City and the majority of individual Defendants may not face liability at the pleading stage. Defendants are unaware of any other non-parties with significant particularized interests in this case. *See FDIC v. Banc of Am. Funding Corp.*, 2014 U.S. Dist. LEXIS 52695, at *7 (D. Colo. Apr. 15, 2014) ("[n]on-parties could be unnecessarily burdened by discovery requests via subpoenas and/or depositions if [a] motion to dismiss is granted in whole or in part"). Indeed, if the City and/or the majority of individual Defendants are dismissed from this case, it is anticipated the number of deponents will be greatly reduced. To date, the Parties have disclosed well over one hundred potential non-party witnesses between them. A large number of disclosed witnesses will thus potentially be inconvenienced by discovery that may ultimately be unnecessary should the motions to dismiss be granted. *See Warad W. LLC v. Sorin CRM USA Inc*., 2015 U.S. Dist. LEXIS 44683, at *6 (D. Colo. 2015). The fourth factor thus weighs in favor of granting a stay of discovery as well.

The final *String Cheese* factor regarding the public interest weighs also heavily in favor of a stay of all discovery here, because the public's only interest in this case is generally of efficient and just resolution. As set forth in detail above in the context of the other four factors, avoidance of wasteful efforts by the Court and litigants serves this interest. As the District of Colorado Court stated in *Estate of Thakuri v. City of Westminster*:

> The Court is not persuaded that stays in section 1983 cases are contrary to the public interest simply because they may delay appropriate discipline or procedural reform or deter future plaintiffs. The *possibility* that those effects may occur is outweighed by several factors, including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the *probability* that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the *probability* that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time. Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances.

*Estate of Thakuri,* 2019 U.S. Dist. LEXIS 215693, at *9 (D. Colo. 2019); *see also Weitzman*, 2019 U.S. Dist. LEXIS 140478, * 8. Thus, the fifth *Sting Cheese* factor weighs in favor of a discovery stay.

Put directly, the complexity of this matter coupled with the preservation and disclosure of voluminous evidence, as well as the number of Defendants who may be dismissed at the pleading stage and thereby preserve their protections under qualified immunity, militate toward a stay of all discovery in this case. This is true also of the few Defendants who filed only a partial motion to dismiss, because "a bifurcation of discovery is wholly inefficient, and judicial economy and the danger of unfair and substantial prejudice to [Defendants] warrants a stay of discovery as to all parties and claims pending the resolution of the motion[s] to dismiss filed by [the parties]." *Howse v. Atkinson*, 2005 U.S. Dist. LEXIS 7511, *7 (D. Kan. 2005). Indeed, if piecemeal discovery is allowed to proceed, fewer than all parties will be participating in written discovery and depositions while the motions to dismiss are pending before the Court, all over a common nucleus of operative facts pled against all the Defendants. *See Benton v. Town of S. Fork & Police Dep't*, 2012 U.S. Dist. LEXIS 132901, at *14-15 (D. Colo. 2012) (any possible prejudice to Plaintiff is outweighed by the burden on all defendants if discovery were to proceed in a piecemeal fashion) *Monroe v.*

12

*City of Lawrence,* 2013 U.S. Dist. LEXIS 165520, *8 (D. Kan. 2013) ("Bifurcated discovery would … be impractical and inefficient, based on the common nucleus of facts present in the claims against both Defendants."). Thus, should discovery proceed piecemeal here:

> It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009). Even if the claims against the few defendants who filed partial motions were allowed to proceed, the remaining Defendants would nonetheless be compelled to participate in discovery and the continued proceedings. Any stay granted for the remaining Defendants would thus be effectively nullified.

## Conclusion

Wherefore, for the reasons foregoing, Defendants seek an Order from this Court staying all discovery until the pending motions to dismiss on behalf of all Defendants have been ruled upon.

Dated this 9th day of December, 2020.

*s/ Michael T. Lowe*
Michael T. Lowe
David M. Goddard
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, Colorado 80202
P: 303.831.1099
F: 303.831.1088
mlowe@brunolawyers.com
dgoddard@brunolawyers.com
*Attorneys for Defendants Cichuniec and Cooper in their individual capacities ("AFR Defendants")*

13

_s/ Isabelle S. Evans_
Peter R. Morales
Isabelle S. Evans
Aurora City Attorney's Office
15151 E. Alameda Parkway, Suite 5300
Aurora, CO 80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
pmorales@auroragov.org
ievans@auroragov.org
_Attorneys for Defendant City of Aurora, and_
_Defendants Woodyard, Roedema, Rosenblatt,_
_Green, Leonard, Ward, Dittrich, Marrero, Root,_
_Mullins-Orcutt, Dunson, Nunez, Cichuniec, and_
_Cooper in their official capacities ("Aurora_
_Defendants")_


_s/ Jonathan M. Abramson_
Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
jonathan@kandf.com
julie@kandf.com
_Attorneys for Defendants Dittrich, Dunson, Green,_
_Leonard, Marrero, Mullins-Orcutt, Nunez,_
_Roedema, Root, Rosenblatt, Ward, and Woodyard_
_in their individual capacities ("APD Defendants")_


_s/ Stephen J. Hensen_
Stephen J. Hensen
Hensen | DuWaldt
1001 Bannock St., Suite 39
Denver, CO 80204
303-223-0773 p
Mobile: 303-895-4199 c
steve@hendulaw.com
_Attorney for Defendant Dr. Eric Hill_

14

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, a true and correct copy of the foregoing **JOINT MOTION TO STAY DISCOVERY** was filed with the Clerk of Court via the CM/ECF system, which will send notice of filing to the following:

Peter Ruben Morales
Isabelle Sabra Evans
pmorales@auroragov.org
ievans@auroragov.org

*Attorneys for Defendant City of Aurora and All Individual Defendant Officers, Sergeants and Lieutenants, in their official capacities.*

**Mari Anne Newman**
**Liana Gerstle Orshan**
**Michael Fairhurst**
Killmer Lane & Newman LLP
mnewman@kln-law.com
lorshan@kln-law.com
mfairhurst@kln-law.com

*Attorneys for Plaintiffs*

Jonathan M. Abramson
Yulia (Julie) Nikolaevskaya
Kissinger & Fellman, P.C.
julie@kandf.com
jonathan@kandf.com

*Attorney for Defendants Nathan Woodyard, Randy Roedema, Jason Rosenblatt, Matthew T. Green, Dale Leonard, Alicia Ward, Kyle Dittrich, Erica Marrero, James Root, Jordan Mullins-Orcutt, Darren Dunson and Rachel Nunez, in their individual capacities*

Stephen J. Hensen
Hensen | DuWaldt
steve@hendulaw.com
*Attorney for Defendant Dr. Eric Hill*

s/Julie Bozeman
Julie Bozeman, Paralegal
Bruno, Colin & Lowe, P.C.

15