IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, *et al.*,

Plaintiffs,

v.

CITY OF AURORA, COLORADO, *et al.*,

Defendants.
_____

**RESPONSE TO DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**
_____

Plaintiffs file the following Response to Defendants' Joint Motion to Stay Discovery [Doc. 46, filed 12/9/20]:

## I. INTRODUCTION

Defendants seek to stay discovery based on some Defendants' assertion of qualified immunity in motions to dismiss, even though there is no question that the case will move forward with discovery because some of the Defendants have not sought to dismiss Plaintiffs' claims against them. Defendants' request for a stay is legally flawed and, if heeded, would inflict significant harm not only on the Plaintiffs but also on the Court's efficient management of its docket and public confidence in the judicial system. Thus, as this Court ordered just a few months ago in *Pittman v. Aurora, et al.*, 19-cv-01947-PAB-NRN (Doc. 108) attached as **Ex. 1** (also against the City of Aurora and its police officers), Defendants' motion for stay of discovery should be denied here too. Reinforcing this point, Defendants are trying to have their cake and eat it too. After requesting a stay on discovery, Defendants have nevertheless sought to move

1

forward with *their own* discovery; on December 24, 2020, the City of Aurora and the APD Defendants served written discovery requests to Plaintiffs. Defendants have therefore taken the position that discovery *should* proceed and, as such, ought to be estopped from "deliberately changing positions according to the exigencies of the moment," *Hampshire v. Maine*, 532 U.S. 742, 749-751 (2001), which here means that their motion to say discovery must be denied.

## II. LEGAL STANDARD

"In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that the right to proceed in court should not be denied except under the most extreme circumstances." *JTS Choice Enters. v. E.I. Dupont De Nemours & C.*, 2012 U.S. Dist. LEXIS 25858, at *2-3 (D. Colo. Feb. 29, 2012) (Martinez, J.) (internal citation and quotation marks omitted). For this reason, "stays are generally disfavored in this district." *Id.* at *3. The Federal Rules of Civil Procedure do not provide for a stay of proceedings while a motion to dismiss is pending. *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS 25858, at *2. Instead, Defendants must show good cause for the issuance of a protective order under Fed. R. Civ. P. 26(c): that such an order is necessary to protect them from annoyance, embarrassment, oppression, or undue burden or expense. Defendants "cannot sustain that burden by offering simply conclusory statements," but rather must support their request for a stay with a "particular and specific demonstration of fact." *Id.* (citation omitted). "The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection." *Breckenridge v. Vargo & Janson, P.C.*, 2016 U.S. Dist. LEXIS 168543, at *3-4 (D. Colo. Nov. 28, 2016).

Invoking qualified immunity "does not automatically bar all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004); *see also Kaufman v. Univ. of Colo. at Boulder*,

2015 U.S. Dist. LEXIS 106079, at *5 (D. Colo. Aug. 12, 2015). Even when qualified immunity is raised, courts in this District still disfavor a stay of *all* discovery. *See* **Ex. 1** (*Pittman*, p. 4). Further, there is hardly ever a basis to delay discovery against an entity, which is not entitled to qualified immunity. *See Lane v. Yohn*, 2012 U.S. Dist. LEXIS 148463, at *4 (D. Colo. Oct. 15, 2012). In short, stays are the exception, not the rule, *Waisanen*, 2009 U.S. Dist. LEXIS 123427, at *3, and as such should not be granted here.

### III. ARGUMENT

#### A. Defendants should not be permitted to stay discovery, as they are unlikely to succeed on their motion to dismiss.

Although the Tenth Circuit has not prescribed it, courts in this District typically apply the test outlined in *String Cheese Incident, LLC v. Stylus Shows, Inc.* ("*String Cheese*") in determining whether to stay discovery. 2006 U.S. Dist. LEXIS 97388, at *4 (D. Colo. Mar. 30, 2006). Here, Defendants cannot establish that the balance of the five *String Cheese* interests tips in their favor: (1) Plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to Plaintiffs of a delay; (2) the burden on Defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *Id.* at *4. Although a useful analytical model, many courts wisely consider an additional factor: likelihood of success of the motion to dismiss.

The weight of the traditional *String Cheese* factors in the present case militates that discovery proceed. This result is even more compelling if the Court includes in its analysis a threshold consideration of the likelihood of success of the pending motions to dismiss, necessary to determine the "good cause" burden asserted by Defendants. Defendants have the burden to

3

establish some probability that they will succeed on their motions to dismiss[1] in order to show that proceeding with discovery would cause them an undue burden. *See Estate of Bailey v. City of Colo. Springs*, Civil Action No. 20-cv-1600-WJM-KMT, 2020 U.S. Dist. LEXIS 214552, at *4 (D. Colo. Nov. 17, 2020) (Martinez, J.) (denying motion to stay in part because "in the Court's view it appears that the likelihood Defendants will successfully invoke the defense of qualified immunity is not high").

Thus, as relevant here, courts deny a stay pending the resolution of a motion to dismiss based on qualified immunity when "a review of the [m]otion…reveal[s] that success on the merits of [a qualified immunity] defense is not assured." *Sanaah v. Howell*, 2009 U.S. Dist. LEXIS 35260, at *3 (D. Colo. Apr. 9, 2009). Without a preliminary showing that a qualified immunity defense is likely meritorious, Defendants have not justified a stay: if they are not likely to succeed on the defense (especially at the Motion to Dismiss stage), the rationale for not subjecting them to the burdens of discovery disappears. Accordingly, in weighing the burden on Defendants in moving forward, the Court should consider the likelihood that Defendants will fail on their motion to dismiss—especially since this hypothetical burden is the entire thrust of the second factor of *String Cheese*. Defendants ignored this factor in their motion to stay, and they cannot show they are likely to obtain dismissal of this case.

The Complaint plainly plausibly alleges constitutional violations (given that the well-pled facts in the more than 100-page Complaint certainly plausibly show that the Defendants

---

[1] As Defendants are aware, Plaintiffs plan to file an Amended Complaint by January 20, 2021, *see* Doc. 49, which will moot Defendants' motions to dismiss. Thus, Defendants' contention that they are entitled to a stay based on the filing of motions to dismiss and assertions of qualified immunity (which is unpersuasive in its own right) soon will be rendered null and void, thereby eliminating the main (and erroneous) argument Defendants have asserted in support of their request for a stay.

unconstitutionally inflicted excessive force and killed a young Black man who the police did not even have a legal basis to *arrest*, much less subject to prolonged torture and deadly force). Indeed, even the Defendants have not challenged the legal sufficiency of all of Plaintiffs' constitutional claims at this stage. For example, APD Defendants Officer Woodyard, Officer Roedema, and Former Officer Rosenblatt *did not* seek to dismiss Plaintiffs' excessive force claim against them. *See* Doc. 38. Thus, Plaintiffs clearly will be moving forward with discovery in this action. The only remaining question currently presented is "when" and, for the reasons below, "without delay" is the correct answer.

### B. No automatic stay occurs upon the filing of a motion to dismiss.

"The mere pendency of a [m]otion to [d]ismiss . . . does not entitle [the] [d]efendant to a complete and indefinite stay." *Vaupel v. United States*, 2008 U.S. Dist. LEXIS 43730, at *6 (D. Colo. June 3, 2008); *Marks v. Lynch*, 2017 U.S. Dist. LEXIS 16234, at *6 (D. Colo. Feb. 6, 2017). Although courts have long noted that it generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss, *Chavez v. Young Am. Ins. Co.*, 2007 U.S. Dist. LEXIS 15054, at *6 (D. Colo. Mar. 2, 2007), in the recent years granting such stays has been an increasingly reflexive practice by several magistrate judges, irrespective of (and without even considering) the merits of the invocation of qualified immunity or the motion to dismiss. In this way, defendants help themselves to lengthy delays (often years, given the ready availability of interlocutory appeals upon the denial of the motion to dismiss) in any substantive participation in the truth-seeking process.[2]

---

[2] The damage that delay can inflict on plaintiffs is very real. For instance, while the defendants pursued what the Tenth Circuit deemed to be a meritless interlocutory appeal in *Walton v. Gomez (In re Estate of Booker)*, 745 F.3d 405 (10th Cir. 2014), the father of Mr. Booker (the plaintiff the defendants unconstitutionally killed) died, as the appeal took about two years to resolve.

5

Defendants' argument would establish a rule that the invocation of qualified immunity by *some* defendants entitles **all** defendants in every case to an automatic stay on **all** discovery. That is simply not the rule. *See, e.g.*, *Kaufman*, 2015 U.S. Dist. LEXIS 106079, at *5.[3] The Supreme Court's decision in *Iqbal* **does not** stand for the proposition that defendants are entitled to a stay merely by invoking the term "qualified immunity." In *Iqbal*, the Supreme Court stated in *dicta* that the doctrine of qualified immunity may, *under certain circumstances*, shield certain public officials from "disruptive discovery" because, for policy reasons, high-level government officials should not without good cause have their attention diverted from their government jobs. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) ("we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties").

The situation outlined in *Iqbal*, however, is readily distinguishable from Defendants here. *Iqbal* was an action brought against the United States Attorney General and the Director of the FBI. Courts are understandably solicitous of efforts to shield such high-level officials from disruptive discovery absent compelling reasons. In contrast, the present case principally involves local police officers and paramedics who unjustifiably killed a young Black man. Answering for their conduct, which resulted in a loss of life of a young man who was undisputedly innocent of any wrongdoing whatsoever, is neither unduly burdensome nor otherwise prejudicial. Defendants here provide no details showing that these individual officers will be unduly distracted from their

---

[3] The Supreme Court and the Tenth Circuit have never addressed the propriety of granting a stay of discovery while a motion to dismiss based on qualified immunity is pending. Supreme Court and Tenth Circuit cases that defendants cite all dealt with other issues or are unpublished and nonprecedential.

duties by having to participate in discovery. And obviously, they won't. Providing evidence in federal civil rights litigation is, of course, one of the responsibilities expected of government officials, just as we expect with any other witness to a legal dispute.

### C. Applying the *String Cheese* factors confirms that discovery should proceed as to all Defendants.

Considering the relevant interests involved and "[t]he strong presumption against stays," *Pandaw Am. v. Pandaw Cruises India Pvt. Ltd.,* 2012 U.S. Dist. LEXIS 704, at *6 (D. Colo. Jan. 4, 2012), Defendants have not met their heavy burden even under *String Cheese* to show that their filing of a motion to dismiss constitutes "the most extreme circumstances" so as to justify a stay. *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS 25858, at *4.

#### 1. *Plaintiffs' interest in proceeding expeditiously is manifest.*

"Plaintiff's interests in proceeding with the lawsuit are manifest." *Robert W. Thomas & Anne McDonald Thomas Tr. v. First W. Tr. Bank*, 2012 U.S. Dist. LEXIS 114092, at *10 (D. Colo. Aug. 14, 2012); *see also* **Ex. 1** (*Pittman*, p. 5). Granting Defendants' motion to stay "could delay the proceedings for an unknown period of time until there is a ruling on [the motion to dismiss] and…the delay would significantly impact and prejudice [Plaintiffs'] right to pursue [their] case and vindicate [their] claim[s] expeditiously." *String Cheese*, 2006 U.S. Dist. LEXIS 97388, at *6 (citation omitted). The longer Plaintiffs must wait to obtain discovery, the more likely its value will be diluted. "[W]ith the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."[4] *Lester v. Gene Express, Inc.*, 2010 U.S. Dist. LEXIS 25379, at

---

[4] While Plaintiffs have obtained documents and other material from *some* of the Defendants through public records requests, initial disclosures, and Defendant Aurora's Reponses to date, witness testimony will be critical in this case (because, e.g., Defendant officers intentionally

7

\*2-3 (D. Colo. Mar. 2, 2010). In this respect, "delay may diminish Plaintiff[s'] ability to proceed and may impact [their] ability to obtain a speedy resolution of [their] claims." *Id.*, at \*3; *see also Bailey*, 2020 U.S. Dist. LEXIS 214552, at \*4 ("[A]s Plaintiffs assert, the memories of the parties and other witnesses may fade with the passage of time, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."). "These risks are particularly heightened here because . . . the parties will rely heavily on witness testimony." *Id*. Moreover, Plaintiffs have a "right to have [their] claims heard without undue delay." *Jones v. Clinton*, 72 F.3d 1354, 1363 (8th Cir. 1996); *Zukowski v. Howard, Needles, Tammen, & Bergendoff*, 115 F.R.D. 53, 58 (D. Colo. 1987) (acknowledging that "justice delayed is justice denied" and "suffer[ing] no illusions that time and justice are unrelated"). This Court should fully consider the prejudice that would be inflicted upon Plaintiffs if a stay is granted.

### 2. *Proceeding with discovery does not unfairly burden Defendants.*

Defendants have made no particularized showing that they will suffer a clearly defined, serious harm in proceeding with discovery. They just say it, while meanwhile *submitting written discovery requests to the Plaintiffs*. "[W]here a movant seeks relief that would delay court proceedings by other litigants, [it] must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading*, 713 F.2d at 1484. "[A]bsent an extraordinary or unique burden imposed by the discovery at issue," courts find that "on balance, a consideration of the first two *String Cheese* factors weigh against…a stay." *Wells*

---

tampered with, moved, and/or shut off body cameras in order to avoid accountability for their continued use of excessive force against Mr. McClain and because Mr. McClain is dead), and Plaintiffs need to proceed through discovery in order to depose witnesses. Further, Plaintiffs anticipate obtaining *significant* additional material from the Defendants through written discovery requests.

8

*v. Dish Network,* 2011 U.S. Dist. LEXIS 66948, at *4 (D. Colo. 2011).

Defendants have not shown any "extraordinary or unique burden" supporting departure from that norm. *Id.* Defendants' assertions regarding discovery while their motions to dismiss are pending are the type of speculative, conclusory, and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, [that] do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008). "The ordinary burdens with litigating a case do not constitute undue burden." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *3. Defendants' interests in a stay are nothing more than avoiding the obligations that all defendants face when sued and are insufficient to satisfy their requisite showing. "Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case settles; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure." *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *6; *see also Bailey*, 2020 U.S. Dist. LEXIS 214552, at *4.

Nor does the fact that Defendants filed motions to dismiss some *but not all* of Plaintiffs' claims entitle them to assert any special burden in proceeding with discovery pending a ruling. "[T]he pendency of a run-of-the-mill motion to dismiss for failure to state a claim under Rule 12(b)(6)…[does not] constitute 'extraordinary circumstances.'" *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *6-7. "This is particularly true where, as in this case, the motion to dismiss may just as well be denied as it is granted." *Breckenridge*, 2016 U.S. Dist. LEXIS 168543, at *5. "[B]oth statistically and in consideration of the burden on the moving party, there is a substantial likelihood [Defendants] will not prevail on" their motion to dismiss. *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, 2008 U.S. Dist. LEXIS 101609, at *23 (D. Colo. 2008); *see also Hall v. Town of Gilcrest*, 2011 U.S. Dist. LEXIS 44809, at *4 (D. Colo. 2011) ("[M]otions to dismiss

are denied far more often than they result in termination of a case," so "it is more likely than not from a statistical standpoint that a delay pending a ruling on [a] motion[] to dismiss would prove unnecessary.").

Finally, as in *Pittman*, "[b]ecause the Defendants would likely be deposed anyway as witnesses regarding Plaintiff's municipal liability claims, any additional burden associated with also being asked questions as to the individual liability claims would be minimal." **Ex. 1,** p. 6. Defendants thus have not met their burden of good cause to demonstrate that discovery should be stopped.

### 3. *Convenience to the Court, the public interest, and the interests of third parties are all served by allowing discovery to proceed.*

There are obvious "burdens to the court and to the public in delaying, potentially for months, those cases where a motion to dismiss is filed." *Sutton v. Everest Nat'l Ins. Co.*, 2007 U.S. Dist. LEXIS 34075, at *5 (D. Colo. May 9, 2007). "Convenience to the Court weighs against granting the stay as cases that linger on the Court's docket are more difficult to manage." *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS 25858, at *3. "The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from the imposition of a stay makes the Court's docket less predictable," especially when, as here, "the stay is tied to…pending motion on which ultimate success is not guaranteed." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *4-5.

For similar reasons, a delay in court proceedings harms the public interest and the interests of other third parties who may be affected by this litigation. "[T]he public has an interest in efficient use of public resources, including Court resources," and [t]his factor therefore weighs in favor a denying the stay." *JTS Choice Enters.*, 2012 U.S. Dist. LEXIS 25858,

10

at *4 (Martinez, J.); *see also Pandaw Am.*, 2012 U.S. Dist. LEXIS 704, at *6 ("The public interest…underlying all lawsuits [is] that they be resolved as fairly and quickly as possible."). Delay is "of social concern" because it "is cost prohibitive and threatens the credibility of the justice system." *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *4-5. Without confidence in our justice system, those who need the courts to vindicate their rights may not seek judicial remedies. That is particularly true in this case, which has gained significant national attention.

A delay also detrimentally affects individuals who are at risk of being subjected to excessive force by Aurora Police Department (APD) officers, given that Plaintiffs have fulsomely described a custom and pattern of brutality and deficiencies in the policies, training, and practices of APD in this area. *See generally* Complaint [Doc. 1], pp. 44-67. These individuals, as well as the public in general, have a strong interest "in learning as soon as possible whether [Plaintiffs'] allegations are true." *"V.S." v. Muhammad*, 2008 U.S. Dist. LEXIS 96099, at *10 (E.D.N.Y. Nov. 24, 2008). Similarly, the public has the right to know whether the APD and its officers are using excessive force against residents, particularly people of color. Because Plaintiffs' allegations "call into question…the competence and good faith" of public entities, the interests of the public in quickly discovering the veracity of Plaintiffs' allegations weigh against granting a stay. *"V.S."*, 2008 U.S. Dist. LEXIS 96099, at *10**;** *cf. Estate of Reat v. Rodriguez*, 2013 U.S. Dist. LEXIS 14839, at *13 (D. Colo. Feb. 4, 2013) ("[A]ny delay in the prosecution of this case affects not only the parties, but all persons who may benefit from the proposed polic[y] changes Plaintiff hope[s] to accomplish.").

One of Defendants' primary arguments in their motion to stay boils down to the point this is a major, complex case. However, the fact that this is a major case that is being closely watched by the public weighs in precisely the opposite direction; *especially* in such a high profile case

11

involving serious accusations of misconduct against numerous governmental officials that is consonant with the customs and policies of a populous city, it is imperative that justice not be delayed by a prolonged stay on all discovery.

### D. **Even if discovery were stayed against the Individual Defendants, a stay of discovery as to Defendant Aurora is not warranted.**

But even if the Court disagrees with Plaintiffs' arguments and stays discovery as to the Individual Defendants, Aurora is not entitled to a stay. "There [is] no basis to stay discovery as to Defendant City of Aurora. . . . [T]he city does not assert that it is immune from suit or that the Court lacks jurisdiction over Plaintiff's municipal liability claims." **Ex. 1** (*Pittman*, p. 4).[5] *Iqbal* does not support staying discovery as to all Defendants. Dicta in *Iqbal* addresses an argument that "a claim just shy of a plausible entitlement to relief" should survive a Rule 12(b)(6) motion until after discovery. 556 U.S. at 684-86. *Iqbal* does not address whether a stay of discovery, if granted while a motion to dismiss based on qualified immunity is pending, should be extended to all defendants in the case.[6] *See Moses-El v. Denver*, No. 17-cv-03018-MSK-MJW, [Doc. 93] (D.

---

[5] Defendants wrongly argue that they are all entitled to a stay based on the Individual Defendants' assertion of qualified immunity because if this Court grants the defense (which it certainly should not, given the clearly established law, *see. e.g.*, *Booker*, 745 F.3d at 427-29), there is no liability against Aurora. Defs.' Mtn. at 10. However, Defendants overlook the critical fact that Woodyard, Rosenblatt, and Woodyard *have not* moved to dismiss Plaintiffs' excessive force claim against them. Aurora is also a Defendant under that claim. Moreover, even if the Court determined that some other Defendants were entitled to qualified immunity on certain claims, the Court could do so based on the clearly established prong only while preserving the possibility of holding Aurora liable for the underlying constitutional violation. *See Hinton v. City of Elwood*, 997 F.2d 774, 783 (10th Cir. 1993).

[6] In post-*Iqbal* decisions, courts in this District have not stayed discovery as to all Defendants or claims merely because they decided some Defendants were entitled to a stay by asserting qualified immunity. *See, e.g.*, *Grobecker v. Grundy*, 2013 U.S. Dist. LEXIS 172655, at *2-6 (D. Colo. Dec. 9, 2013); *Pride Servs. v. Denver*, 2012 U.S. Dist. LEXIS 28286, at *3-8 (D. Colo. Mar. 5, 2012); *Rehberg v. Pueblo*, 2011 U.S. Dist. LEXIS 87860 (D. Colo. Aug. 9, 2011).

Colo. July 16, 2018) (denying request for blanket stay after analyzing *Iqbal*).

## IV. CONCLUSION

Defendants' Joint Motion to Stay Discovery should be entirely denied.

## CERTIFICATION OF WORD COUNT

Pursuant to Judge Domenico's Practice Standards and III(A)(1), the undersigned certifies that this brief contains **3,901** words, which is less than the 4,000-word limit.

Respectfully submitted this 30th day of December 2020.

Killmer, Lane & Newman, LLP

*s/ Mari Newman*
_____
Mari Newman
Michael Fairhurst
Liana Gerstle Orshan
1543 Champa Street, Suite 400
Denver, Colorado 80202
Phone: (303) 571-1000
mnewman@kln-law.com
mfairhurst@kln-law.com
lorshan@kln-law.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter Morales
Isabelle Evans
Aurora City Attorney's Office
15151 E. Alameda Parkway, Suite 5300
Aurora, CO 80012
pmorales@auroragov.org
ievans@auroragov.org

*Counsel for Defendant City of Aurora, and Defendants Woodyard, Roedema, Rosenblatt, Green, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson, Nunez, Cichuniec, Cooper, in their official capacities*

Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
jonathan@kandf.com
julie@kandf.com

*Attorney for Defendants Dittrich, Dunson, Green, Leonard, Marrero, Mullins-Orcutt, Nunez, Roedema, Root, Rosenblatt, Ward, and Woodyard in their individual capacities*

Stephen J. Hensen
Partner
Hensen | DuWaldt
1001 Bannock St., Suite 39
Denver, CO 80204
steve@hendulaw.com

*Attorney for Dr. Eric Hill*

Michael Lowe
David Goddard
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, Colorado 80202
MLowe@brunolawyers.com
dgoddard@brunolawyers.com

*Attorneys for Defendants Cichuniec and Cooper in their individual capacities*

            KILLMER, LANE & NEWMAN, LLP

            *s/ Jesse Askeland*
            _____
            Jesse Askeland