IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01947-PAB-NRN

TEDDY PITTMAN,

Plaintiff,

v.

CITY OF AURORA
OFFICER KEVIN PALACIO,
OFFICER DARIAN DASKO,
OFFICER DANIEL VEITH, and
OFFICER RYAN BURKE,

Defendants.

---

**ORDER ON
DEFENDANTS' JOINT MOTION FOR STAY OF PROCEEDINGS
PENDING RULING ON MOTIONS TO DISMISS (Dkt. #97)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #98) issued by Chief Judge Philip A. Brimmer referring Defendants' Joint Motion for Stay of Proceedings Pending Ruling on Motions to Dismiss. Dkt. #97. The Court has carefully considered the motion, Plaintiff's response (Dkt. #103), and Defendants' reply. Dkt. #105. The Court has taken judicial notice of the Court's file and has considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and order.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-

LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .." Fed. R. Civ. P. 26(c). Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.*

A stay of all discovery is generally disfavored. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009). However, courts have recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue, and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see also Vivid Techs., Inc. v. Am. Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). The Supreme Court has established that

evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id.* at 643–44.

When considering a stay of discovery, this Court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

Here, Defendants seek to stay all discovery pending resolution of their motions to dismiss. Dkt. ##90 & 93. Defendants Palacio, Dasko, Veith, and Burke argue that a stay of discovery should be ordered based on their pending motion to dismiss which alleges, among other things, that they are entitled to qualified immunity. *See* Dkt. #93 at 14. They and Defendant City of Aurora further argue that the *String Cheese* factors favor a stay.

The Court finds that a balance of the above factors does not favor a stay in this matter. This is not the first time this issue has been before the Court. Defendants (apart from Defendant Dasko) moved to dismiss earlier in the litigation (Dkt. #28), and on October 18, 2019, the Court entered an Order (Dkt. #38) staying discovery as to Defendants Palacio and Veith, but permitting discovery to go forward on Plaintiff's claims against Defendants Dasko and City of Aurora.[1]

There remains no basis to stay discovery as to Defendant City of Aurora. As the Court previously noted, the city does not assert that it is immune from suit or that the Court lacks jurisdiction over Plaintiff's municipal liability claims. Plaintiff's interest in prosecuting these claims outweighs any burden discovery may impose on this defendant.

As to the individual Defendants, their mere assertion that they are entitled to qualified immunity does not end the analysis. Even when qualified immunity is raised, courts in this District generally disfavor a stay of all discovery. *See Rome*, 225 F.R.D. at 643 ("qualified immunity does not protect an official from *all* discovery, but only from that which is 'broad-reaching'") (quoting *Crawford–El v. Britton*, 523 U.S. 574, 593, n.14 (1998) (emphasis in original)). Magistrate Judge Nina Y. Wang was confronted with this issue in *Estate of Ronquillo by & through Sanchez v. City & Cty. of Denver*, No. 16-cv-01664-CMA-NYW, 2016 WL 10842586 (D. Colo. Nov. 14, 2016). In denying the defendants' motion to stay, Judge Wang reasoned as follows:

> The prevailing law provides that assertions of qualified immunity will often warrant a stay of discovery. It also recognizes, however, that in some circumstances discovery should proceed "to elicit facts pertinent to the defense." *Rome*, 225 F.R.D. at 643. *See also Currier v. Doran*, 242 F.3d 905, 914 (10th Cir. 2001) (although qualified immunity protects public

---

[1] Defendant Burke would be added as a Defendant later.

4

> officials "from the costs associated with defending against lawsuits, particularly baseless ones, it d[oes] not follow that a defendant's claim of qualified immunity c[an] always be resolved before at least some discovery [is] conducted") (citing *Crawford-El*, 523 U.S. at 593-94, n.14); *Choate v. City of Gardner, Kansas*, No. 16-2118-JWL, 2016 WL 2958464, at *4 (D. Kan. May 23, 2016) (denying motion to dismiss excessive force claim finding, in part, that the court could not conclude as a matter of law from the video of the event at issue that the officers' use of deadly force was justified). It is not proper for this court to make factual findings in the context of these Motions to Stay. In light of the pending Motions to Dismiss that remain before Judge Arguello, the inquiry into the totality of the circumstances required by the court, and the potential for disputed material facts surrounding the qualified immunity defense as evidenced by the Parties' briefing, this court finds that a stay of all discovery is not appropriate.

2016 WL 10842586, at *4. The same factors considered by Judge Wang likewise militate against staying all discovery here.

Furthermore, the *String Cheese* factors weigh in favor of proceeding with discovery. Plaintiff has an undeniably strong interest in proceeding expeditiously with his case. "Like the government official who rightfully invokes the defense of qualified immunity, a private citizen is entitled to claim the timely protection of the law." *Sanchez v. Hartley*, No. 13-cv-01945-WJM-CBS, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016); *see also Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163 (1803) ("The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury."). This case has been pending for over a year, during which time the Court recommended that several of Plaintiff's claims, asserted when he was still proceeding pro se, survive Defendants' first motion to dismiss.[2] Another six months could easily pass before Chief Judge Brimmer issues a

---

[2] That Report and Recommendation (Dkt. #51) was not ruled on because it was made moot by the filing of Plaintiff's Second Amended Complaint. Dkt. #83.

final ruling on the current motions to dismiss. Delaying discovery until this ruling comes down defies the well-recognized axiom that "justice delayed is justice denied."

Moreover, Plaintiff's interest is not outweighed by any burden on the individual Defendants. A significant amount of discovery has already been conducted. Plaintiff reports that he has issued 23 requests for production, 11 requests for admission, 19 interrogatories on the City of Aurora, and 6 interrogatories on Officer Dasko, which "means that—at most—one of the remaining three Defendant Officers would have to respond to 2 requests for production and 14 requests for admission." This essentially leaves only depositions. Because the Defendants would likely be deposed anyway as witnesses regarding Plaintiff's municipal liability claims, any additional burden associated with also being asked questions as to the individual liability claims would be minimal. *See Estate of Ronquillo,* 2016 WL 10842586, at *4 ("While this court understands that discovery may burden the Individual Defendants involved in this action and distract from their core professional responsibilities, such is always the case for witnesses in civil litigation."). In short, "Defendants have established no particularized facts that demonstrate they will suffer a clearly defined and serious harm associated with moving forward with discovery." *Id.*

Finally, proceeding with discovery promotes the Court's interest in efficiently managing its docket, while the interests of persons not parties to the civil litigation and the public interest are not harmed by moving forward with the case.

WHEREFORE, Defendants' Joint Motion for Stay of Proceedings Pending Ruling on Motions to Dismiss (Dkt. #97) is DENIED.

BY THE COURT

Date: September 3, 2020
Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge