IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00991-CMA-KMT

ESTATE OF JEFFREY MELVIN, by and through its personal representative Jeffrey Melvin Sr.,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO,
DANIEL PATTERSON, in his individual capacity, and
JOSHUA ARCHER, in his individual capacity,

    Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO BIFURCATE

This matter is before the Court on Defendants the City of Colorado Springs and Daniel Patterson's (together, "Defendants") Motion for Separate Trials of Individual and Municipal Liability Claims and for Protective Order from Discovery on Plaintiff's Municipal Liability Claims ("Motion"). (Doc. # 33.) For the following reasons, the Motion is denied.

### I.    BACKGROUND

In this action, Plaintiff alleges that Jeffrey Melvin was killed by two police officers employed by Defendant Colorado Springs—Daniel Patterson and Joshua Archer (together, the "Individual Defendants")—on April 26, 2018. Plaintiff alleges that the Individual Defendants

    forcibly detained [Mr. Melvin], threw [him] to the ground, held him down,

> choked him, pepper sprayed him[,] and deployed a Taser on Mr. Melvin no less than five times in two minutes. The Taser use and other force the officers used was so excessive that Mr. Melvin went into Lactic Acidosis, releasing so much lactic acid into Mr. Melvin's body that it killed him. The coroner ruled Mr. Melvin's death a homicide.

(Doc. # 30 at 2.) Mr. Melvin's estate brought this civil rights lawsuit against Defendant Colorado Springs and the Individual Defendants under 42 U.S.C. § 1983. In the Amended Complaint and Jury Demand, Plaintiff asserts individual liability claims against Defendants Patterson and Archer for excessive force and unlawful arrest and municipal liability claims against Defendant Colorado Springs for alleged customs and failures to train, supervise, and discipline. *See generally* (*id.*).

Defendants filed the instant Motion on July 2, 2020, prior to filing their Motion to Dismiss Plaintiff's Amended Complaint. (Doc. # 33.) Therein, Defendants move this Court to order separate trials on the individual liability and municipal liability claims pursuant to Fed. R. Civ. P. 42(b) and to temporarily stay discovery on the municipal liability claims pursuant to Fed. R. Civ. P. 26(c)(1). Defendants argue that granting the Motion would promote convenience and economy and would extend fairness to the parties. Plaintiff timely filed a Response in opposition to the Motion (Doc. # 44), and Defendants filed a Reply (Doc. # 49).

## II. <u>APPLICABLE LEGAL PRINCIPLES</u>

Pursuant to Fed. R. Civ. P. 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more issues, claims, crossclaims, and counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Although the trial court has discretion to order separate trials, that does not mean that severance is the norm or even a common occurrence. *See*, *e.g.*, Fed. R. Civ. P. 42(b)

2

advisory comm. notes (noting that bifurcation should not be "routinely ordered," but "it is important that it be encouraged where experience has demonstrated its worth"); 8 MOORE'S FEDERAL PRACTICE, § 42.40[4][a] at 42-46 (Matthew Bender 3d ed. 2010) ("[I]t should be noted that bifurcation and separate trials are not the normal course of events, and a single trial will usually be more expedient and efficient."). Indeed, "[b]ifurcation is the exception; not the rule." *L-3 Comms. Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 382 (S.D.N.Y. 2005).

"[T]he presumption is that the [non-movant] . . . should be allowed to present [its] case in the order [it] chooses. The burden is on the [movant] to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." *Engen v. Colorado Mills Mall Ltd. P'ship,* No. 09-CV-01281-REB-KLM, 2010 WL 2232422, at *1 (D. Colo. May 28, 2010) (quoting *Patten v. Lederle Laboratories*, 676 F. Supp. 233, 238 (D. Utah 1987)). Separation must further the goals of Rule 42(b); the parties' desire to proceed in a certain order is not paramount. *See York v. AT&T*, 95 F.3d 948, 957–58 (10th Cir. 1996) ("Such decisions [on bifurcation] must be made with regard to judicial efficiency, judicial resources, and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury."). Further, severance under Rule 42(b) should not prejudice one party. *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

In determining whether to grant a stay of discovery, courts consider the following factors: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation;

3

and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–CV–01934–LTB–PA, 2006 WL 894955, at *3 (D. Colo. March 30, 2006).

### III. DISCUSSION

In the instant case, Defendants assert that bifurcation of Plaintiff's *Monell* claims is warranted because (1) Plaintiff's *Monell* claims are derivative claims that require a finding that the Individual Defendants committed a constitutional violation; (2) bifurcation and a corresponding delay in discovery concerning Plaintiff's *Monell* claims would reduce or potentially eliminate the need for discovery on said claims; and (3) fairness to the parties counsels in favor of bifurcation because bifurcation would protect the Individual Defendants from the risk of unfair prejudice at trial.

At the outset, the Court notes that Defendants point to a single case out of this district that bifurcated and stayed discovery on *Monell* claims. *See Boyd v. Montezuma Cty. Sheriff's Office*, No. 15-CV-00101-MEH, 2015 WL 2329119, at *1 (D. Colo. May 12, 2015). Defendants' appendix of cases that granted motions to bifurcate trial on individual and municipal liability claims and stayed discovery bears no mention of the District of Colorado. *See generally* (Doc. # 49-1). It is evident from the briefing on the instant Motion, as well as this Court's experience and independent legal research, that the relief Defendants urge this Court to grant herein is uncommon in this jurisdiction.

Defendants have not persuaded the Court that bifurcation will result in measurable gains in convenience or efficiency. Bifurcation of Plaintiff's individual and municipal liability claims would allow this case to languish on the Court's docket, potentially for years, and would be inconsistent with the Court's obligation to oversee "the just, speedy, and inexpensive determination of every action and proceeding." *See*

4

Fed. R. Civ. P. 1. Moreover, the Court agrees with Plaintiff that staying discovery on the *Monell* claims would merely substitute some discovery disputes for others; disputes concerning which discovery requests relate to the individual versus municipal liability claims would follow an order granting Defendants' Motion. *See Terry v. Cook County Dep't of Corr.*, 2010 U.S. Dist. LEXIS 68623, at *8-9 (N.D. Ill. July 8, 2010) ("If the Court were to grant the bifurcation motion, the need for the parties to separate *Monell* evidence from individual liability evidence may further complicate rather than simplify these proceedings."). Further, Defendants' generic arguments concerning the cost of discovery on Plaintiff's *Monell* claims would apply in any Section 1983 case involving individual and municipal liability claims. This Court shares the concern articulated in *Daniels v. City of Sioux City*, 294 F.R.D. 509 (N.D. Iowa September 13, 2013), that "[o]rdering bifurcation at this incredibly-early stage of the case would be tantamount to establishing a bright-line rule that bifurcation is automatically appropriate in every Section 1983 case that includes both a claim against a governmental employee and a *Monell* claim against his or her employer." *Id.* at 511.

Nor is the Court persuaded that bifurcation would result in a reduction in prejudice to the parties. To the contrary, the Court finds that bifurcation would prejudice Plaintiff. "[A] private citizen is entitled to claim the timely protection of the law." *Sanchez v. Hartley*, 2016 U.S. Dist. LEXIS 185020, at *17-18 (D. Colo. Apr. 26, 2016) (citing *Marbury v. Madison*, 5 U.S. 137 (1803)). This general principle is particularly pertinent in the context of a plaintiff that alleges constitutional violations as grave as those alleged in this case. Plaintiff has an interest in expeditiously proceeding with discovery on the municipal liability claims and would be prejudiced by an indefinite stay of that discovery.

Further, to the extent that Defendants may be prejudiced by jurors confusing or conflating issues, such prejudice can be mitigated through the jury instructions and verdict form. "[T]he mere possibility of some prejudice does not justify separate trials where such prejudice is not substantial and there are strong countervailing considerations of economy . . . . [W]here the degree of potential prejudice is not compelling, the trial judge can often mitigate the suggested prejudice through appropriate jury instructions and other devices." *Tri-R Systems, Ltd. v. Friedman & Son, Inc.*, 94 F.R.D. 726, 728–29 (D. Colo. 1982) (denying motion for separate trials) (internal citations omitted); *see also Saviour v. Kansas City, Kansas*, No. 90-2430, 1992 WL 135019, at *9 (D. Kan. May 15, 1992) (unpublished) (denying motion to bifurcate, in part, because the court has "sufficient preventative measures at its disposal to eliminate the risk of prejudice").

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' Motion for Separate Trials of Individual and Municipal Liability Claims and for Protective Order from Discovery on Plaintiff's Municipal Liability Claims (Doc. # 33) is DENIED.

DATED: January 5, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge