IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually,
LAWAYNE MOSLEY, individually,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality, *et al.*,

    Defendants.

## DEFENDANTS' RESPONSE TO SUPPLEMENTAL AUTHORITY

Defendants, above-named and through their respective counsel of record, hereby respond to the supplemental authority filed on January 6, 2021 (Dkt. #56), and pursuant to this Court's direction during oral argument, state as follows:

The sole common reference between the two cases at issue—*Estate of Melvin v. City of Colo. Springs*, 2021 U.S. Dist. LEXIS 1539 (D. Colo. 2021), and *Boyd v. Montezuma Cty. Sheriff's Office*, 2015 U.S. Dist. LEXIS 62799 (D. Colo. 2015)—is that both cases recognize that bifurcation (and a concomitant discovery stay) are not only appropriate in certain circumstances, but should be "encouraged" where "experience has demonstrated its worth." *Melvin*, 2021 U.S. Dist. LEXIS 1539, at *3 (quoting Fed. R. Civ. P. 42(b) advisory comm. notes); *Boyd*, 2015 U.S. Dist. LEXIS 62799, at *5 (quoting *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)). Although the authorities diverge beyond this point, Defendants submit that the analysis and holding of *Boyd* more closely heeds to the experience-based framework of Rule 42(b)

as urged by Tenth Circuit authority, more closely aligns with the posture of the instant case and should therefore be followed here.

Critically, the central consideration of the *Boyd* decision was the immense discovery burden that inevitably befalls a public agency in § 1983 cases—a burden relieved by early and efficient determination of the qualified immunity issue in such cases[1], which is precisely the circumstance we have in the present matter. As Magistrate Judge Hegarty noted:

> As both a judicial officer and trial lawyer, I have been associated with many individual/governmental constitutional cases, and *it is my experience that discovery against the sovereign overwhelms the case and results in a multitude of discovery disputes*. In the Amended Complaint in this case, … the municipal allegations discuss at least seven separate, additional instances of constitutional violations, along with references to the existence of many others. …. While it is true that bifurcation would result in two separate discovery periods and trials, it is also my experience that a finding of individual liability would likely result in settlement of the case as a whole; on the other hand, as noted above, a finding of no constitutional violation at all would result in conclusion of the case. This factor favors separate trials.

*Boyd* at *5-6 (emphasis added). This is the same burden currently facing Defendants here, most keenly by the City of Aurora, but greatly magnified.[2] Indeed, Plaintiffs' Complaint in this matter specifically references not just seven additional instances of alleged unconstitutional conduct by Aurora agents, but *twenty-seven* such instances, stretching back some seventeen years, all of which are ostensibly subject to challenge not only through discovery but at trial as well. *See* Dkt. #1 at

---

[1] It is most relevant as most Defendants have well-supported claims of qualified immunity as to both prongs of analysis pending in Motions to Dismiss before Judge Domenico, which encompass the majority of Plaintiff's claims.

[2] This burden is in addition to 150,000 documents already produced by the City voluntarily and pursuant to requests, especially in the case where Plaintiff's counsel already has a trove of *Monell* discovery acquired in other cases. This also addresses the issue of disfavored early bifurcation and stay in *Melvin*, as here Plaintiff is not prejudiced because thousands of documents have already been produced.

¶¶ 281-307. As the complexity of a given case increases, then, so too does the convenience and economy requiring bifurcation, as *Boyd* emphasizes. Put directly, the more complex the case in terms of *Monell* issues, the more likely that bifurcation and judicious application of discovery stays will result in expedient resolution of the matter, either through settlement or dramatic narrowing of the issues to be litigated. *See Boyd* at *6-8 ("… I can envision a two-day trial on the individual constitutional claims versus a two-week trial if all claims are tried simultaneously …"). Here, the complexity of this case makes it a prime candidate for early and decisive mitigation through the potential elimination of the vast majority of Defendants and claims by operation of qualified immunity.[3]

In contrast, the *Melvin* decision does not address this critical factor at all. Indeed, the *Melvin* Order seems to be based almost entirely on the frequency with which early bifurcation and discovery stays are granted, as emphasized by Plaintiffs in their Notice of Supplemental Authority. *See Melvin* at *5 ("It is evident from the briefing on the instant Motion, as well as this Court's experience and independent legal research, that the relief Defendants urge this Court to grant herein is uncommon in this jurisdiction.");[4] Dkt. #56 at 1. Put directly, whether requested relief is commonly granted is not a factor to consider under Fed. R. Civ. P. 42(b) or in determining the

---

[3] As this Court duly noted, Plaintiffs have chosen to sue 12 individual APD Defendants, many with little to no alleged direct participation. Their well-supported Motions to Dismiss are currently pending. Dkts. ## 39, 40, 41.

[4] It should be noted here that in stark contrast to *Boyd*, the *Melvin* Court does not detail what its experience is in such cases as this, but instead relies on broad statements from other courts largely outside the District of Colorado to the effect that discovery disputes in civil rights cases alleging both individual and *Monell* liability can be costly and procedurally intensive. *Melvin* at *6. Of course, that is a specter in every such case, as pointed out in *Boyd* at *5 ("… discovery against the sovereign overwhelms the case …"). The question is whether the cost and complexity of litigation in certain cases can be mitigated through bifurcation and discovery stays—a question answered directly and affirmatively by *Boyd*, but addressed at best perfunctorily by *Melvin*.

propriety of a motion to stay. *See Angelo*, 11 F.3d at 964-65 (focusing analysis on three elements). Rather, the propriety of a bifurcation and stay, whether *full or partial*[5], is best approached from the perspective of experience applied to the circumstances of the case at hand, rather than attempting to place a square case into the round hole of generalized authority. Plaintiffs failed to present any particularized arguments that they would be prejudiced by bifurcation or stay, and most Defendants in this case have presented multiple well-substantiated arguments that they would be severely prejudiced if discovery is not stayed or limited. For the reasons discussed in the City's Motion to Bifurcate, Dkt. #43, and during a hearing on this issue, and coupled with the fact that substantial discovery has already been produced by the City and is already in the possession of Plaintiff's counsel, this Court should follow Judge Hegarty's well-reasoned and detailed opinion in *Boyd* and grant Motions to Bifurcate and Stay Discovery (fully or partially).

Dated this 8th day of January, 2021.

> *s/ Michael T. Lowe*
> Michael T. Lowe
> David M. Goddard
> Bruno, Colin & Lowe, P.C.
> 1999 Broadway, Suite 4300
> Denver, Colorado 80202
> P: 303.831.1099
> F: 303.831.1088
> mlowe@brunolawyers.com
> dgoddard@brunolawyers.com
> *Attorneys for Defendants Cichuniec and Cooper in their individual capacities ("AFR Defendants")*

---

[5] Granting of a partial motion to stay discovery as to majority of Individual Defendants is appropriate where well-supported claims of qualified immunity have been made, just as in this case. *See* Dkts. # 38, 39, 40, 41. *See Hulse v. Adams Cty.*, 2015 U.S. Dist. LEXIS 49027, *4 (D. Colo. 2015) (citing to *Crawford—El v. Britton*, 523 U.S. 574, 598 (1998)) ("[t]his holding is consistent with the Supreme Court's recognition that a well-supported claim of qualified immunity should shield a defendant from "unnecessary and burdensome discovery.")

*s/ Isabelle S. Evans*
Peter R. Morales
Isabelle S. Evans
Aurora City Attorney's Office
15151 E. Alameda Parkway, Suite 5300
Aurora, CO 80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
pmorales@auroragov.org
ievans@auroragov.org
*Attorneys for Defendant City of Aurora, and Defendants Woodyard, Roedema, Rosenblatt, Green, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson, Nunez, Cichuniec, and Cooper in their official capacities ("Aurora Defendants")*


*s/ Jonathan M. Abramson*
Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
jonathan@kandf.com
julie@kandf.com
*Attorneys for Defendants Dittrich, Dunson, Green, Leonard, Marrero, Mullins-Orcutt, Nunez, Roedema, Root, Rosenblatt, Ward, and Woodyard in their individual capacities ("APD Defendants")*


*s/ Stephen J. Hensen*
Stephen J. Hensen
Hensen | DuWaldt
1001 Bannock St., Suite 39
Denver, CO 80204
303-223-0773 p
Mobile: 303-895-4199 c
steve@hendulaw.com
*Attorney for Defendant Dr. Eric Hill*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court via the CM/ECF system, which will send notice of filing to the following:

Peter Ruben Morales
Isabelle Sabra Evans
pmorales@auroragov.org
ievans@auroragov.org

*Attorneys for Defendant City of Aurora and All Individual Defendant Officers, Sergeants and Lieutenants, in their official capacities.*

**Mari Anne Newman**
**Liana Gerstle Orshan**
**Michael Fairhurst**
Killmer Lane & Newman LLP
mnewman@kln-law.com
lorshan@kln-law.com
mfairhurst@kln-law.com

*Attorneys for Plaintiffs*

Jonathan M. Abramson
Yulia (Julie) Nikolaevskaya
Kissinger & Fellman, P.C.
julie@kandf.com
jonathan@kandf.com

*Attorney for Defendants Nathan Woodyard, Randy Roedema, Jason Rosenblatt, Matthew T. Green, Dale Leonard, Alicia Ward, Kyle Dittrich, Erica Marrero, James Root, Jordan Mullins-Orcutt, Darren Dunson and Rachel Nunez, in their individual capacities*

Stephen J. Hensen
Hensen | DuWaldt
steve@hendulaw.com
*Attorney for Defendant Dr. Eric Hill*

                                                *s/Julie Bozeman*
                                                Julie Bozeman, Paralegal
                                                Bruno, Colin & Lowe, P.C.