IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually,
LAWAYNE MOSLEY, individually,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality, *et al.*,

    Defendants.

## DEFENDANTS' BRIEF RE: STAY OF DISCOVERY PENDING GRAND JURY INVESTIGATION

Defendants, above-named and through their respective counsel of record, hereby provide the following Brief addressing the propriety of a stay, pursuant to this Court's Order of January 11, 2021 (Dkt. #60):

On June 25, 2020, Colorado Governor Jared Polis ordered the Colorado Attorney General to conduct a criminal investigation into the incident involving Mr. McClain, and "if the facts support prosecution, criminally prosecute any individuals whose actions caused the death of Elijah McClain …." *See* Executive Order D 2020 115, attached hereto as **Exhibit A**. On November 10, 2020, Governor Polis expanded the scope of that investigation and prosecution to include any "offenses … arising from the … encounter with Elijah McClain and/or his subsequent death …." *See* Executive Order D 2020 246, attached hereto as **Exhibit B**. On December 2, 2020, Governor Polis again amended Executive Orders 2020 115 and 246 to specifically designate "law enforcement" as being among the "persons" subject to the authority of the Attorney General. *See*

Executive Order D 2020 267, attached hereto as **Exhibit C**. In furtherance of these Executive Orders, the Colorado Attorney General's Office announced the convening of a grand jury on January 8, 2021. *See* Press Release dated 1/8/2021, available at https://coag.gov/press-releases/1-8-20/. This Court then ordered briefing on the impact, if any, such investigation would have on the currently pending motions to stay discovery in this matter. Dkt. #60; Dkt. ##43, 46, 52, 53, 54.

Put directly, the ongoing grand jury investigation by the Attorney General's Office constitutes a parallel criminal proceeding which could actually and potentially implicate the Individual Defendants' Fifth Amendment rights.[1] Such situation puts this Court in the position of considering a stay of discovery to "prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080-81 (10th Cir. 2009). Therefore, stay of discovery in this case is not only appropriate but should be required.

The decision to stay discovery rests within the sound discretion of the trial court. *Fine v. Tumpkin*, 2018 U.S. Dist. LEXIS 3012, at *2 (D. Colo. 2018) (citing *Wang Hsu*, 919 F.2d 130, 130 (10th Cir. 1990) and *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)). Although, as a general proposition, courts in this District disfavor stays, "a stay may be appropriate under particular circumstances, such as parallel civil and criminal proceedings." *Davis v. United States*, 2020 U.S. Dist. LEXIS 196467, at *5 (D. Colo. 2020) (citing *Hartford Life & Accident Ins. Co. v. Nickal*, 2018 U.S. Dist. LEXIS 36358 (D. Colo. 2018)); *see also Duke v. Lehmann*, 2018 U.S. Dist. LEXIS

---

[1] In light of the policies and statutory provisions of secrecy governing grand jury proceedings in Colorado, Defendants are reluctant to specify whether any Individual Defendants have thus far been subpoenaed by the Attorney General's Office. Should the Court wish any such identities be revealed, Defendants will do so by supplemental sealed pleading pursuant to D.C.COLO.LCivR 7.2.

76611 (D. Colo. 2018). In such circumstances, courts in the District of Colorado consider the following six factors in determining the propriety of a stay:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal case, including whether there has been an indictment; (3) the interests of, prejudices to, and burden on the plaintiff; (4) the interests of and burden on the defendant; (5) the interest of the court; and (6) the public interest. *See Nickal*, 2018 WL 1173150, at *2 (collecting cases); *Maxton v. United States*, 2014 U.S. Dist. LEXIS 144387, 2014 WL 5091972, at *4 (D. Colo. Oct. 10, 2014) (citing *AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007)).

*Davis*, 2020 U.S. Dist. LEXIS 196467, at *6. In addition, when considering "whether the interests of justice seem to require a stay, the Court *must* consider the extent to which a party's Fifth Amendment rights are implicated." *Fine*, 2018 U.S. Dist. LEXIS 3012, at *7 (quoting *Creative Consumer Concepts*, 563 F.3d at 1080 (emphasis added)). This is because, while a defendant "has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment Privilege[,] … [a] district court may also a stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." *Id.* (quoting *Creative Consumer Concepts* at 1080-81).

In the instant matter, there can be little dispute that the first factor militates in favor of granting a stay. The first factor focuses on similarity of issues "to determine whether the defendant's Fifth Amendment rights are or may be implicated." *Fine*, at *9. Overlap of issues between the civil and criminal proceedings thus "has been termed 'the most important issue at the threshold to determine whether to grant a stay.'" *Stohr v. Scharer*, 2018 U.S. Dist. LEXIS 89488, at *6 (D. Kan. 2018) (quoting *Walsh Securities, Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998)). Here, the civil and criminal proceedings involve precisely the same

3

issue—whom, if anyone, is directly or indirectly responsible for Mr. McClain's death. The civil and criminal proceedings therefore overlap considerably, directly and potentially implicate the Fifth Amendment rights of the Individual Defendants who are likely to be subpoenaed by the Attorney General's Office, and the first factor, therefore, weighs in favor of granting a stay. *See Stohr*, at *6; *Fine*, at *8-9 (comparing the criminal allegations to the civil allegations and finding that "Plaintiff's argument that the issues in the criminal case are only a portion of those alleged in this case is a non-starter"); *Davis*, at *7 (negligence claim by plaintiff "overlaps almost entirely" with criminal investigation of plaintiff's self-defense claim); *Duke*, 2018 U.S. Dist. LEXIS 76611, at *3.

The second factor also favors granting a stay. While the existence of an indictment or pending charges is often determinative of entitlement to a stay, "'courts can and do … grant pre-indictment stays, when warranted by particular circumstances.'" *Davis*, at *8 (quoting *Patrick v. Apple*, 2020 U.S. Dist. LEXIS 149993, at *11 (N.D.N.Y. 2020) (collecting cases)). Moreover, whether a parallel criminal proceeding is a pre-indictment investigation or an actual court proceeding "does not appear to be the determining factor" in analyzing the propriety of a stay. *Id.* at *8-9 (quoting *Sea Salt, LLC v. Bellerose*, 2:18-cv-00413-JAW, 2020 WL 2475874, at *2 n.1 (D. Maine May 13, 2020) (citing *Zavastsky v. O'Brien*, 902 F. Supp. 2d 135, 147 (D. Mass. 2012) ("While a court is not compelled to stay a civil proceeding during the pendency of a parallel criminal investigation or proceeding, such a scenario has been recognized as one in which a stay may be appropriate."))). In fact, "'[t]here is no question that a court has discretion to stay a civil litigation even in favor of a pending investigation that has not ripened into an indictment.'" *Id.* (quoting *In re 650 Fifth Ave.*, 2011 U.S. Dist. LEXIS 91363, 2011 WL 3586169, at *4 (S.D.N.Y.

4

Aug. 12, 2011) (quoting *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001))). Here, in light of the clear overlap between the criminal and civil proceedings, the implication of Individual Defendants' Fifth Amendment rights and the difficulties attendant thereto as discussed in more detail below, the second factor also supports imposing a stay. *See Davis*, at *8 (finding a lack of indictment "not an impediment to a stay" in light of the difficulties presented by implication of Fifth Amendment rights); *see also Fine*, at *13-14 (same).

With respect to the third and fourth factors, Plaintiffs of course have the same generalized interest in proceeding expeditiously that is present in all civil cases.[2] However, Courts in this District have recognized that while this factor may slightly disfavor a stay, a plaintiff's concerns must yield to those of a defendant faced with "'the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case.'" *Duke*, at *4 (quoting *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995), and finding that "[t]his important interest outweighs Plaintiffs' legitimate interest in the expeditious resolution of their case." (internal quotation marks omitted)); *see also Stohr*, at *7 (finding the fourth factor weighs in favor of a stay because, if the defendant "were forced to assert his Fifth Amendment rights, this would unduly prejudice him because plaintiffs would undoubtedly seek an adverse inference against him.").[3] The analysis is pushed

---

[2] It should be noted here that the broad and voluminous evidence preservation and disclosure of the same to Plaintiffs in this case has already been well-documented in prior briefing and at oral argument on the stay issues in this matter, with Mr. Morales for the City of Aurora noting that approximately 150,000 pages of documents have been disclosed thus far. *See* Dkt. ##46, 50. This mitigates to a great extent the traditional concern that evidence will spoil if a stay is granted in this case.

[3] Were the Court to deny a stay here, the tense scenario of an adverse inference against the Individual Defendants would almost certainly arise. There is currently no indication that the Attorney General's grand jury investigation will resolve prior to close of the discovery period in

further in favor of a stay when accounting for the discovery issues attending a parallel criminal investigation, as observed by Magistrate Judge Hegarty in *Fine v. Tumpkin*:

> Plaintiff argues that a stay is not justified simply because a party must choose between testifying in a civil matter and asserting his Fifth Amendment privilege. … While this is true, the Court also finds compelling the Tenth Circuit's finding in *Creative Consumer Concepts* that "[a] district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution." 563 F.3d at 1080-81. Because the allegations in the criminal proceeding are essentially the same as those raised here, … the Court must take care to ensure that no party gains an advantage from engaging in discovery in the civil case while the criminal case proceeds, and that the civil proceeding does not expose [Defendant]'s criminal defense strategy to the Plaintiff/criminal victim. The safest way to prevent these issues is to stay civil discovery temporarily until the criminal matter resolves.

*Id.* at *13-14. Similarly, in *Davis v. United States*, Magistrate Judge Wang pointed out the "litany of problems related to discovery and disclosures" in the context of parallel civil and criminal proceedings that implicate not only the interests of the parties, but the government and the public as well, further justifying a stay:

> [T]his court respectfully agrees with Defendant's concerns that "documents, witnesses, and testimony that the United States will need to rely on" to defend the instant civil action "are part of the Government's criminal investigation" of Mr. Davis and could: (a) expose the Government's "developing view of the facts and theory of the prosecution in advance of any criminal proceeding"; (b) "permit key witnesses to hear reports on matters being investigated criminally," thereby jeopardizing the investigation; (c) "enable potential targets of a criminal investigation to obtain earlier and greater access to information" thereon; (d) provide discovery to Mr. Davis beyond the limits set forth in the Federal Rules of

---

this matter, and it is likely that Plaintiffs will notice Defendants' depositions while the grand jury investigation is ongoing. The Individual Defendants here would then be faced with the "quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case." *Transworld, supra.* Moreover, should the Individual Defendants invoke their privilege and the grand jury then refuse to indict, an evidentiary quandary would arise at trial over the legitimacy of an adverse inference in the face of properly asserted Fifth Amendment rights. "The safest way to prevent these issues is to stay civil discovery temporarily until the criminal matter resolves." *Fine*, at *14.

> Criminal Procedure; (e) create unfairness and prejudice to the subjects and targets of the criminal investigation; and (f) result in inefficiencies and inadequacies in the discovery process to the extent Mr. Davis seeks information that cannot be disclosed during the ongoing criminal investigation. … Simply, the Government has an interest in not disclosing information regarding an ongoing investigation—including witnesses and/or statements that could imperil the investigation or the general administration of the institution. Accordingly, this court finds that this factor weighs in favor of a stay to "prevent either party from taking advantage of broader civil discovery rights[.]" *Creative Consumer Concepts*, 563 F.3d at 1080-81.

*Davis*, at *9-11. Although *Davis* considered a slightly different context—where the Government was both investigating a litigant and defending against the civil case simultaneously—the same discovery concerns are present in this case, particularly that discovery efforts here might result in information being provided that is beyond that allowed by criminal procedure; create unfairness and prejudice to the subjects and targets of the criminal investigation; and result in inefficiencies and inadequacies in the discovery process when the parties inevitably seek information that cannot be disclosed during the ongoing criminal investigation. The third and fourth factors thus favor a stay in this case.

The fifth and sixth factors similarly favor granting a stay. While it is true that a stay will result in a delay of this action, "'[t]he public's interest in the integrity of [a] criminal case is entitled to precedence over the civil litigant.'" *Davis*, at *12 (quoting *Maloney v. Gordon*, 328 F. Supp. 2d 508, 513 (D. Del. 2004)). Moreover, when considered in light of the competing interests at stake in parallel civil and criminal proceedings as detailed above, the Court's and public's interests in the "speedy and inexpensive" determination of an action are outweighed by the necessity to "ensure a 'just' determination of the action." *Fine*, at *15; *see also Davis*, at *12 (same). In addition, "resolution of the criminal case may (1) increase the possibility of settlement of the civil case, and (2) 'may reduce the scope of discovery in the civil case [as] the evidence gathered during

7

the criminal prosecution can later be used in the civil action.'" *Duke*, at *4 (quoting *Transworld*, 886 F. Supp. at 1140). Thus, "'[b]ecause of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here.'" *Id.* (quoting *Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 40 (S.D.N.Y.1993)); *see also Fine*, at *12 (noting that "a stay of this civil matter does not mean that all aspects of the adjudication of Plaintiff's allegations are halted," due to continuation of the criminal investigation)).

In light of the above arguments, consideration of all six factors reveals that they weigh in favor of granting a stay pending resolution of the Attorney General's criminal investigation, over and above the grounds already set forth in prior pleadings on the matter. Defendants therefore request that their pending motions for stay be granted.

Dated this 19th day of January, 2021.

                *s/ Michael T. Lowe*
                Michael T. Lowe
                David M. Goddard
                Bruno, Colin & Lowe, P.C.
                1999 Broadway, Suite 4300
                Denver, Colorado 80202
                P: 303.831.1099
                F: 303.831.1088
                mlowe@brunolawyers.com
                dgoddard@brunolawyers.com
                *Attorneys for Defendants Cichuniec and Cooper in their individual capacities ("AFR Defendants")*

                *s/ Isabelle S. Evans*
                Peter R. Morales
                Isabelle S. Evans
                Aurora City Attorney's Office
                15151 E. Alameda Parkway, Suite 5300
                Aurora, CO 80012
                Telephone: (303) 739-7030

Facsimile: (303) 739-7042
pmorales@auroragov.org
ievans@auroragov.org
*Attorneys for Defendant City of Aurora, and Defendants Woodyard, Roedema, Rosenblatt, Green, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson, Nunez, Cichuniec, and Cooper in their official capacities ("Aurora Defendants")*

*s/ Jonathan M. Abramson*
Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
jonathan@kandf.com
julie@kandf.com
*Attorneys for Defendants Dittrich, Dunson, Green, Leonard, Marrero, Mullins-Orcutt, Nunez, Roedema, Root, Rosenblatt, Ward, and Woodyard in their individual capacities ("APD Defendants")*

*s/ Stephen J. Hensen*
Stephen J. Hensen
Hensen | DuWaldt
1001 Bannock St., Suite 39
Denver, CO 80204
303-223-0773 p
Mobile: 303-895-4199 c
steve@hendulaw.com
*Attorney for Defendant Dr. Eric Hill*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2021, a true and correct copy of the foregoing was filed with the Clerk of Court via the CM/ECF system, which will send notice of filing to the following:

Peter Ruben Morales

Isabelle Sabra Evans
pmorales@auroragov.org
ievans@auroragov.org

*Attorneys for Defendant City of Aurora and All Individual Defendant Officers, Sergeants and Lieutenants, in their official capacities.*

**Mari Anne Newman**
**Liana Gerstle Orshan**
**Michael Fairhurst**
Killmer Lane & Newman LLP
mnewman@kln-law.com
lorshan@kln-law.com
mfairhurst@kln-law.com

*Attorneys for Plaintiffs*

Jonathan M. Abramson
Yulia (Julie) Nikolaevskaya
Kissinger & Fellman, P.C.
julie@kandf.com
jonathan@kandf.com

*Attorney for Defendants Nathan Woodyard, Randy Roedema, Jason Rosenblatt, Matthew T. Green, Dale Leonard, Alicia Ward, Kyle Dittrich, Erica Marrero, James Root, Jordan Mullins-Orcutt, Darren Dunson and Rachel Nunez, in their individual capacities*

Stephen J. Hensen
Hensen | DuWaldt
steve@hendulaw.com
*Attorney for Defendant Dr. Eric Hill*

                                         *s/Julie Bozeman*
                                         Julie Bozeman, Paralegal
                                         Bruno, Colin & Lowe, P.C.