**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, *et al.*,

Plaintiffs,

v.

CITY OF AURORA, COLORADO, *et al.*,

Defendants.

_____

**PLAINTIFFS' RESPONSE TO ORDER FOR SUPPLEMENTAL BRIEFING [Doc. 60]**
_____

Plaintiffs file the following Response to the Court's January 11, 2021, Order for Supplemental Briefing [Doc. 60]:

### ARGUMENT

Fundamentally, the same compelling reasons exist to entirely deny Defendants' joint motion to stay discovery now as before. The Colorado Attorney General's recent announcement of a Grand Jury investigation into Elijah McClain's death does not weigh in favor of granting a stay. Rather, the Grand Jury investigation is at most a neutral factor with respect to the stay question and is more appropriately viewed as another variable that weighs *against* stopping discovery.

When deciding whether to stay discovery in a civil case based on the pendency of a related criminal matter, courts consider the extent to which the defendants' Fifth Amendment rights are implicated. Courts also consider:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2)

1

> the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*SEC v. Mantria Corp.*, Civil Action No. 09-cv-02676-CMA-MJW, 2012 U.S. Dist. LEXIS 72959, at *5-6 (D. Colo. May 25, 2012) (internal citation omitted). "Defendants have no constitutional right to a stay and they bear the burden of showing that there is a pressing need for a delay and that the other party will not suffer harm from the entry of a stay order[.]" *Id.* at *6 (internal citation and quotation marks omitted).

Regarding the degree to which Defendants' Fifth Amendment rights are implicated: "The absence of an indictment against Defendants weighs strongly against granting them a stay in this action." *Id.* (denying defendants' motion to stay civil proceedings where Grand Jury was investigating defendants); *see also Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) ("The case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened.") (internal quotation marks, alterations, and citation omitted); *Gala Enterprises Inc. v. Hewlett Packard Co.*, 1996 U.S. Dist. LEXIS 18867, 1996 WL 732636, at *2 (S.D.N.Y. Dec. 20, 1996) ("Pre-indictment requests of a stay of civil proceedings are generally denied[.]"); *S.E.C. v. Dresser Indus., Inc*., 628 F.2d 1368, 1376, 202 U.S. App. D.C. 345 (D.C. Cir. 1980) (noting that, "where no indictment has been returned," the purpose of staying a civil proceeding is "far weaker" than when a criminal prosecution has commenced). No Defendant has been indicted for any crime involving their conduct towards Elijah McClain at this time.

Even had any of the Defendants already been indicted, granting Defendants "essentially . . . an open-ended stay" prejudices the interests of Plaintiffs, this Court, and the public, such that a

stay should still not be granted under those circumstances. *Garcia v. City of Leavenworth*, No. 19-2049-JAR-KGG, 2019 U.S. Dist. LEXIS 122336, at *9 (D. Kan. July 23, 2019) (denying defendant's motion to stay where, unlike any Defendant here, he had been *indicted* on a charge of involuntary manslaughter in relation to the same incident for which plaintiffs were suing him and holding: "[T]he issue still remains that Defendant Harrington is essentially arguing for an open-ended stay for an indefinite period of time. Accordingly, it would best serve the Court's interests to deny Defendant Harrington's Motion to Stay and allow this case to proceed.").

Also weighing strongly against a stay here is the fact that Defendant Aurora – one of the key Defendants in Plaintiffs' case – could not possibly be indicted and therefore has no Fifth Amendment basis for seeking a stay. *See Braswell v. United States*, 487 U.S. 99, 102 (1988) (entity defendant may not assert the Fifth Amendment privilege against self-incrimination). Moreover, historically, law enforcement has very seldom been prosecuted for misconduct towards citizens (people of color especially), even when such misconduct is egregious and results in death. For instance, undersigned counsel tried the *Marvin Booker* case in 2014 before a federal jury in the United States District Court for the District of Colorado. That lawsuit was based on the defendants there unconstitutionally killing a slightly-built, 56-year-old, unarmed, homeless black man in the downtown Denver jail. The jury found that all of the defendants subjected Mr. Booker to excessive force in violation of his constitutional rights and returned the largest civil rights verdict at the time in Colorado history. The jury determined that the defendants' conduct was so reprehensible it punished them (collectively) with a $4.5 million punitive damages award (in *addition* to amounts awarded for actual damages, fees and costs). Still, not a single criminal charge was ever brought against any defendant in the case in connection with their conduct involving Mr. Booker.

3

While Plaintiffs and their counsel are hopeful that justice will be served here – and that the Defendants will ultimately be indicted and convicted for illegally torturing and killing Elijah – the reality is that the odds of this happening are disturbingly low. That further militates against a stay on discovery.

As for the other five factors above, *all* of them weigh against staying discovery for the reasons set forth in Plaintiffs' response to Defendants' motion to stay discovery (which Plaintiffs incorporate herein by reference). A few particularly salient points merit reemphasis in the context of the on-going Grand Jury investigation. First, justice delayed is, at a certain point, justice denied. Halting discovery until *possible* criminal proceedings related to any of the Defendants' conduct towards Elijah are fully resolved risks halting the civil case for years. As the Court knows, the instant case is a matter of particular public interest and concern. The public should receive answers to the extremely serious questions and concerns raised by Elijah's civil case expeditiously, not years from now. So should Elijah's grieving family. *See Garcia*, 2019 U.S. Dist. LEXIS 122336, at *8 (denying defendant's motion to stay where he already had been *indicted* and stating that "[t]he public has an interest in . . . the prompt resolution of civil cases").

Second, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id*. at *7. It is not only "permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." *Id*. at *7-8. In this respect, the individual Defendants in this case are no different than any party in a civil case who may need to invoke the Fifth Amendment while testifying because of possible related criminal liability. There is no reason that Defendants

4

should be treated any more favorably – by obtaining a significant delay in the case – than any other party who may be faced with the decision whether to risk answering a potentially incriminating question in a civil case or assert their Fifth Amendment privilege.

Third, there are myriad discovery-related issues that the parties can seamlessly address without conceivably implicating any Fifth Amendment issues. The individual Defendants can describe their observations of the key events that occurred in the case, provide information about their law enforcement background and training, and information regarding other Defendants without coming close to self-incrimination issues. And, of course, if Fifth Amendment issues arise during the course of discovery, then the Defendants or their counsel can easily assert them. *See SEC v. Kimmel*, No. 19-mc-00113-CMA, 2020 U.S. Dist. LEXIS 94016, at *6-9 (D. Colo. May 29, 2020) (denying motion to stay discovery where defendant was being criminal investigated for same conduct and stating as part of its holding: "Mr. Kimmel may decide to invoke the Fifth Amendment on a question by question basis, but he may not refuse to appear for testimony altogether").

Fourth and finally, the fact that many of the Defendants will continue to have to exchange information and documents with third parties related to Elijah's killing (in connection with the Grand Jury investigation) even though some, but *not all*, have asserted a qualified immunity defense in motions to dismiss further undercuts Defendants' claim that invoking qualified immunity in a motion to dismiss somehow automatically erects a shield from discovery until the qualified immunity question is resolved. The fact is, Defendants will continue to be "burdened" by the consequences of their conduct towards Elijah (by having no choice but to supply information/materials to third parties regardless of whether the Court grants their motion to stay discovery here). This is all the more reason why stopping the prompt exchange of relevant

5

information and materials in the instant case in an effort to "protect" Defendants from such an exchange of relevant information and materials at all pending the resolution of their qualified immunity defense, as Defendants request, would accomplish little, other than to substantially prejudice Plaintiffs, undermine the Court's interest in maintaining a manageable and predictable docket, and undercut the public's interest in seeing a just and speedy resolution to this momentous, closely-watched case.

## CONCLUSION

Defendants' Joint Motion to Stay Discovery should be entirely denied.

## CERTIFICATION OF WORD COUNT

Pursuant to Judge Domenico's Practice Standards and III(A)(1), the undersigned certifies that this brief contains **1,556** words, which is less than the 4,000-word limit.

Respectfully submitted this 19th day of January 2021.

        Killmer, Lane & Newman, LLP

        *s/ Mari Newman*
        _____
        Mari Newman
        Michael Fairhurst
        Liana Gerstle Orshan
        1543 Champa Street, Suite 400
        Denver, Colorado 80202
        Phone: (303) 571-1000
        mnewman@kln-law.com
        mfairhurst@kln-law.com
        lorshan@kln-law.com

        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Peter Morales
Isabelle Evans
Aurora City Attorney's Office
15151 E. Alameda Parkway, Suite 5300
Aurora, CO 80012
pmorales@auroragov.org
ievans@auroragov.org

*Counsel for Defendant City of Aurora, and Defendants Woodyard, Roedema, Rosenblatt, Green, Leonard, Ward, Dittrich, Marrero, Root, Mullins-Orcutt, Dunson, Nunez, Cichuniec, Cooper, in their official capacities*

Jonathan M. Abramson
Yulia Nikolaevskaya
Kissinger & Fellman, P.C.
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
jonathan@kandf.com
julie@kandf.com

*Attorney for Defendants Dittrich, Dunson, Green, Leonard, Marrero, Mullins-Orcutt, Nunez, Roedema, Root, Rosenblatt, Ward, and Woodyard in their individual capacities*

Stephen J. Hensen
Partner
Hensen | DuWaldt
1001 Bannock St., Suite 39
Denver, CO 80204
steve@hendulaw.com

*Attorney for Dr. Eric Hill*

Michael Lowe
David Goddard
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, Colorado 80202
MLowe@brunolawyers.com
dgoddard@brunolawyers.com

*Attorneys for Defendants Cichuniec and Cooper in their individual capacities*

KILLMER, LANE & NEWMAN, LLP

*s/ Jesse Askeland*
_____
Jesse Askeland