IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives,
Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually, and
LAWAYNE MOSLEY, individually,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity, and
DR. ERIC HILL, in his individual capacity,

    Defendants.

---

**PLAINTIFF SHENEEN MCCLAIN'S MOTION TO CONFIRM SETTLEMENT AND TO DEPOSIT FUNDS IN COURT REGISTRY PENDING ALLOCATION OF SETTLEMENT PROCEEDS BETWEEN PLAINTIFFS**

---

Plaintiff Sheneen McClain, through her undersigned counsel, moves the Court to confirm the terms of the settlement agreement between plaintiffs and defendants, permit defendants to

1

deposit the settlement payment(s) into the court registry, and retain jurisdiction over this action pending a hearing to determine the proper allocation of settlement proceeds between the plaintiffs. In support of this Motion, Ms. McClain states as follows:

### CERTIFICATION OF CONFERRAL

Undersigned counsel certifies that he has conferred with counsel for the City (who has purported to speak for all defense counsel related to this issue) and counsel for Plaintiff Lawayne Mosely. In response to the Court's directives from the October 8 status conference, the City circulated a draft motion. The City's attorney made it clear that plaintiffs could either accept the City's motion "as written" and on a take it or leave it basis or the City would simply proceed to file their motion alone. Sheneen McClain did not agree with portions of the City's proposed Motion and, therefore, she is not willing to join the City's Motion and must present her own position through this Motion. Counsel for the individual plaintiffs have also conferred many times, and again specifically in relation to this Motion. Despite good faith attempts by counsel for both plaintiffs to reach a compromise, they cannot agree on how to memorialize the terms of the settlement agreement in a way that does not potentially prejudice their respective clients.

### I.   INTRODUCTION

This action stated nine causes of action against the City of Aurora and other defendants arising out of the tragic death of Elijah McClain. The causes of action included both federal claims and state law claims brought expressly pursuant to Colorado's wrongful death statute. Three plaintiffs are named: The Estate of Elijah McClain, Sheneen McClain individually, and Lawayne Mosley individually.

Counsel for the plaintiffs and the defendants reached a settlement in principle on or about July 22, 2021, following three mediation sessions. The terms of the settlement were as follows:

2

In exchange for a specific amount of money paid by the defendants to the plaintiffs, the plaintiffs would dismiss (in a particular sequential order) all claims against all defendants and plaintiffs would release all defendants from any other claims related to the death of Elijah McClain.

On August 8, 2021, the City of Aurora circulated a draft settlement agreement intended to more formally memorialize the settlement agreement referenced above. Through no fault of the City's counsel, the draft contained several provisions that were not acceptable to Sheneen McClain. These issues included (1) a lack of specificity about who would safeguard the settlement proceeds pending an allocation hearing between the plaintiffs and (2) ambiguity about the scope of the release and, particularly, clarification that the plaintiffs were not releasing each other from any claims as part of the settlement agreement. Counsel for the different plaintiffs were not, and have not, been able to reach agreement on acceptable language for the written settlement agreement.

To summarize:

- There is <u>no disagreement</u> between the parties concerning the amount of money to be paid by all defendants to all plaintiffs.

- There is <u>no disagreement</u> that the plaintiffs agreed to dismiss all claims against all defendants or release the defendants from any additional claims related to the death of Elijah McClain.

- There is <u>no disagreement</u> that settlement proceeds should be held in the court registry or in a trust account pending a determination by this Court of how those proceeds should be allocated between the three plaintiffs.

- There <u>is disagreement</u> about how to document the settlement agreement in a manner that will not prejudice any plaintiff in the future allocation dispute. In particular, it is

critical to Sheneen McClain that the proceeds be paid to all three plaintiffs (not just the Estate, as Mr. Mosely's counsel has demanded), and that the scope of any release clearly and unequivocally exclude any claims between or among any of the plaintiffs.

To move this case forward without prejudicing any party, Sheneen McClain requests that the Court proceed as follows: (1) the Court must first determine the *actual terms* of settlement between plaintiffs and defendants and reduce such terms to a written order so that no party can use the written settlement agreement to demand terms that were not bargained for; (2) after the terms of the settlement agreement are determined, the Court should require defendants to pay the settlement funds into the Court registry; (3) after the funds are deposited, all defendants should be dismissed in the sequence agreed upon by the parties; and (4) the Court should retain jurisdiction and keep this action open for the specific purpose of holding a hearing and allocating the settlement proceeds between the plaintiffs pursuant to Colorado's wrongful death statute, Colo. Rev. Stat. § 13-21-201(1)(c)(II) *and* (III); *see also Dowling v. General Motors LLC*, 2018 WL 1566832 (D. Colo. 2018), Magistrate Mix, unpublished. A copy of the Dowling cases, which are highly instructive, are attached hereto as **Exhibit 1**.

## II. DETERMINATION OF SETTLEMENT TERMS

Before any defendant can be dismissed or released, the Court must first determine what the terms of settlement are.[1] The issue here is not disagreement between the plaintiffs and defendants about the material terms of settlement. Rather, the issue is disagreements about how

---

[1] If, for example, Mr. Moseley's position is somehow correct—that a material term of settlement was that payment would be made *only to the estate* and not to the individual plaintiffs—then Ms. McClain received no consideration for the settlement of her individual claims and she will not release any defendant and instead will proceed to trial. This illustrates why the Court must determine the terms of settlement before ordering the dismissal of any defendant.

4

Case 1:20-cv-02389-DDD-NRN   Document 100   Filed 10/29/21   USDC Colorado   Page 5 of 8

the terms of the settlement agreement should be committed to writing. The parties have tried several times to reach agreement without success. Thus, the best way forward is for the Court to hold a simple hearing to determine what the actual terms of settlement are. Once the Court makes this determination, the Court should enter an order setting forth those terms of settlement.

### III.   DEPOSIT OF FUNDS INTO COURT REGISTRY

To safeguard the settlement proceeds, the Court should permit the Defendants to deposit the settlement payment into the Court registry or, alternatively, a separate trust account. The Court should order that these funds will not be released absent (1) written agreement between all interested parties or (2) an Order of the Court.

### IV.   DISMISSAL AND RELEASE OF DEFENDANTS

After the Court has determined the terms of settlement (including the scope of any releases) and the settlement payment has been deposited, the plaintiffs shall then be required to dismiss all defendants in the sequence required by the settlement agreement.

### V.   COURT RETAINS JURISDICTION TO DETERMINE ALLOCATION

Colorado law expressly permits Ms. McClain to seek apportionment of the settlement proceeds arising out of the wrongful death of Elijah McClain. *See* § 13-21-201(1)(c)(II) *and* (III). Her Motion may be brought at any time prior to entry of a final judgment in this action. *Id.* The Colorado Generally Assembly added these apportionment provisions to the wrongful death act in in response to the inequitable result in *Brill v. Hughes*, 958 P.2d 529 (Colo. App. 1998) (allowing deadbeat father to recover). Sheneen McClain seeks, through allocation, to avoid the same inequitable result in this case.

5

When considering the merits of an apportionment claim, the court "shall consider each parent's relationship with the deceased, including custody, control, support, parental responsibility, and any other factors the court deems pertinent. The court's determination of the percentage of the judgment awarded to each parent shall not be disturbed absent an abuse of discretion." Colo. Rev. Stat. § 13-21-201(1)(c)(II) *and* (III).

Once the Court has determined the existence and specific terms of the settlement agreement between plaintiffs and defendants, Ms. McClain intends to file a separate motion for allocation and request for evidentiary hearing. At this hearing, Ms. McClain anticipates presenting evidence concerning the factors listed above and requesting that she receive a disproportionate amount of the settlement proceeds, commensurate with her role as Elijah's sole custodian and provider throughout his amazing life.

## CONCLUSION

The parties acknowledge that the Court has jurisdiction over this matter, in all its particulars, including enforcement of the settlement agreement, authority to order the deposit of settlement funds into the Court registry, and jurisdiction to keep this matter open for the purpose of taking evidence and allocating the settlement proceeds between the three plaintiffs in conformity with the facts, circumstances and pertinent law.

Dated this 29th day of October, 2021.

> *s/Daniel A. Wartell*
> Daniel A. Wartell
> Loren M. Brown
> Ciancio Ciancio Brown, P.C.
> 1660 Lincoln Street, Suite 2000
> Denver, CO  80264
> Telephone: (303) 451-0300
> Email: danwartell@colo-law.com
> *Attorney for Plaintiff Sheneen McClain*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Jonathan Marshall Abramson<br>Kissinger & Fellman, P.C.<br>3773 Cherry Creek North Drive, Suite 900<br>Ptarmigan Place<br>Denver, CO 80209<br>jonathan@kandf.com | Felipe S. Bohnet-Gomez<br>Rathod Mohamedbhai LLC<br>2701 Lawrence Street, Suite 100<br>Denver, CO 80205<br>fbg@rmlawyers.com |
| Matthew J. Cron<br>Rathod Mohamedbhai LLC<br>2701 Lawrence Street, Suite 100<br>Denver, CO 80205<br>mc@rmlawyers.com | Isabelle Sabra Evans<br>Aurora City Attorney's Office<br>15151 East Alameda Parkway<br>Aurora, CO 80012<br>ievans@auroragov.org |
| Michael Paul Fairhurst<br>Killmer Lane & Newman LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>mfairhurst@kln-law.com | David M. Goddard<br>Bruno Colin & Lowe, P.C.<br>1999 Broadway, Suite 4300<br>Denver, CO 80202<br>dgoddard@brunolawyers.com |
| Iris Halpern<br>Rathod Mohamedbhai LLC<br>2701 Lawrence Street, Suite 100<br>Denver, CO 80205<br>ih@rmlawyers.com | Stephen Jerome Hensen<br>Jackson Kelly PLLC<br>1099 18th Street, Suite 2150<br>Denver, CO 80202<br>Stephen.hensen@jacksonkelly.com |
| Darold E. Killmer<br>Killmer Lane & Newman, LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>dkillmer@kln-law.com | David A. Lane<br>Killmer Lane & Newman, LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>dlane@kln-law.com |

7

| | |
|---|---|
| Michael Turner Lowe<br>Bruno Colin & Lowe, P.C.<br>1999 Broadway, Suite 4300<br>Denver, CO 80202<br>mlowe@brunolawyers.com | Qusair Mohamedbhai<br>Rathod Mohamedbhai LLC<br>2701 Lawrence Street, Suite 100<br>Denver, CO 80205<br>qm@rmlawyers.com |
| Peter Ruben Morales<br>Aurora City Attorney's Office<br>15151 East Alameda Parkway<br>Aurora, CO 80012<br>pmorales@auroragov.org | Mari Anne Newman<br>Killmer Lane & Newman LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>mnewman@kln-law.com |
| Yulia Nikolaevskaya<br>Kissinger & Fellman, P.C.<br>3773 Cherry Creek North Drive, Suite 900<br>Ptarmigan Place<br>Denver, CO 80209<br>julie@kandf.com | Liana Gerstle Orshan<br>Killmer Lane & Newman LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>lorshan@kln-law.com |
| Siddhartha H. Rathod<br>Rathod Mohamedbhai LLC<br>2701 Lawrence Street, Suite 100<br>Denver, CO 80205<br>sr@rmlawyers.com | David R. Struthers<br>Patrick D. Tooley<br>Dill Dill Carr Stonbraker & Hutchings, P.C.<br>455 Sherman Street<br>Denver, CO 80203<br>dstruthers@dillanddill.com<br>pdtooley@dillanddill.com |

*s/ Daniel A. Wartell*
Daniel A. Wartell
Ciancio Ciancio Brown, P.C.
1660 Lincoln Street, Suite 2000
Denver, CO 80264
T: (303) 451-0300
F: (303) 464-8000
Email: danwartell@colo-law.com
Attorney for Plaintiff, Sheneen McClain