# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually,
LAWAYNE MOSLEY, individually,

     Plaintiffs,
v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
OFFICER STEPHANIE NGHIEM, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity,
DR. ERIC HILL, in his individual capacity,

     Defendants.

## MOTION TO RESTRICT

COMES NOW Plaintiff Lawayne Mosley, in his individual capacity through his counsel, David R. Struthers and Patrick D. Tooley of the law firm of DILL DILL CARR STONBRAKER & HUTCHINGS, P.C., and submits this Motion to Restrict consistent with D.C. Colo. L. Civ. R. 7.2 and D.C. ECF Civil Procedures v. 6.1, R. 5.1. This Motion to Restrict is intended to support and

be part of Plaintiff Lawayne Mosley's Motion for Court to Resolve Outstanding Issues Concerning Settlement Agreement and Allocation Disputes, filed on November 1, 2021.

1. **Identity of Document.**  The document Plaintiff Mosley seeks to file as a **Level 1 Restriction**, limiting access only to the parties and the Court, is the Settlement Agreement and Release of All Claims ("Settlement Agreement") dated August 31, 2021, and September 1, 2021, as signed by the Plaintiffs.

2. **The interests to be protected** are the monetary amount of the settlement and the terms of the settlement.  At this stage of the proceedings, Mr. Mosley seeks to enforce the Settlement Agreement, which enforcement action is before the Court.  **The interest to be protected outweighs the presumption of public access** because the settlement amount and the settlement terms as reflected in the Settlement Agreement are matters strictly between the parties and the Court at this stage.  Given the delicacy of any settlement negotiations and this enforcement action, allowing public access would release speculation and public media attention which can only detract from, if not destroy, the settlement that has been reached and the current effort to enforce such settlement.

3. **The clearly defined and serious injury that would result if access is not restricted** is the significant risk of destroying the lengthy, protracted, and, at this stage, somewhat delicate, settlement agreement which has been reached among the parties in this high profile matter of national interest.

4. **Why no alternative to restriction is practicable.**  Mr. Mosley seeks enforcement of the Settlement Agreement reached in July 2021, and until the Court makes that determination any revelation of terms and amounts to the public will only harm or destroy the settlement process and agreement.

5. **The Level of Restriction sought is Level 1**, limiting access to the parties and the Court.

6. Pursuant to Order of Magistrate Judge Neureiter, the Settlement Agreement sought to be restricted is filed with this Motion and has the amount of the settlement redacted to absolutely avoid any potential errors of the figure being released to the public inappropriately.

WHEREFORE, the Plaintiff, Mr. Lawayne Mosley, respectfully requests that the Court grant this Motion to Restrict access to the Settlement Agreement.

s/ *David R. Struthers*
David R. Struthers
DILL DILL CARR STONBRAKER & HUTCHINGS, P.C.
455 Sherman Street
Denver, CO 80203
Telephone: (303) 777-3737
E-mail: dstruthers@dillanddill.com

s/ *Patrick D. Tooley*
Patrick D. Tooley
DILL DILL CARR STONBRAKER & HUTCHINGS, P.C.
455 Sherman Street
Denver, CO 80203
Telephone: (303) 777-3737
E-mail: pdtooley@dillanddill.com
*Attorney for Plaintiff Lawayne Mosley, Individually*

### CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Liana Orshan, Esq. (lorshan@kln-law.com)
Michael Fairhurst, Esq. (mfairhurst@kln-law.com)
Mari Newman, Esq. (mnewman@kln-law.com)
Liana Orshan, Esq. (lorshan@kln-law.com)
Darold W. Killmer, Esq. (dkillmer@kln-law.com)
David Lane, Esq. (dlane@kln-law.com)

Qusair Mohamedbhai, Esq. (qm@rmlawyers.com)
Siddhartha H. Rathod, Esq. (srmlawyers.com)
Felipe S. Bohnet-Gomez, Esq. (fbg@rmlawyers.com)
Matthew J. Croh, Esq. (mc@rmlawyers.com)
Iris Halpern, Esq. (ih@rmlawyers.com)
Daniel Wartell, Esq. (danwartell@colo-law.com)
Loren Brown (lorenbrown@colo-law.com)
Peter Morales, Esq. (pmorales@auroragov.org)
Isabelle Evans, Esq. (ievans@auroragov.org)
Michael Lowe, Esq. (mlowe@brunolawyers.com)
David Goddard, Esq. (dgoddard@brunolawers.com)
Stephen J. Hensen, Esq. (steve@hendulaw.com)

    s/ *David R. Struthers*
    David R. Struthers
    Dill Dill Carr Stonbraker & Hutchings, P.C.
    455 Sherman Street, Suite 300
    Denver, CO 80203
    Telephone: (303) 777-3737
    Fax:  (303) 777-3823
    E-mail: dstruthers@dillanddill.com
    *Attorney for Plaintiff Lawayne Mosley, Individually*