**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually,
LAWAYNE MOSLEY, individually,

    Plaintiffs,
v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
OFFICER STEPHANIE NGHIEM, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity,
DR. ERIC HILL, in his individual capacity,

    Defendants.

---

### RESPONSE TO DEFENDANTS' [AURORA'S] MOTION FOR COURT JURISDICTION, INTERVENTION AND ALLOCATION

---

COMES NOW Plaintiff Lawayne Mosley, in his individual capacity through his counsel, David Struthers and Patrick Tooley, of DILL, DILL, CARR, STONBRAKER AND HUTCHINGS, P.C., and submits this Response to Defendants' [Aurora's] Motion for Court Jurisdiction, Intervention

and Allocation (Case 1:20-cv-02389-DD-NRN, Document 99, filed 10/29/21, hereinafter "Aurora's Motion").

## STATEMENT OF INCORPORATION BY REFERENCE

Plaintiff Lawayne Mosley incorporates by reference his previous pleadings in this matter, including Plaintiff Lawayne Mosley's Motion for Court to Resolve Outstanding Issues Concerning Settlement Agreement and Allocation Disputes (Case 1:20-cv-02389-DD-NRN, Document 103), Mr. Mosley's Motion to Restrict (Case 1:20-cv-02389-DD-NRN, Document 108), and Lawayne Mosley's Response to Plaintiff Sheneen McClain's Motion to Confirm Settlement and to Deposit Funds in Court Registry Pending Allocation of Settlement Proceeds between Plaintiffs (Case 1:20-cv-02389-DD-NRN, Document ___).

## I. INTRODUCTION

**A.    Jurisdiction**

Germane to this Response is the jurisdiction of the Federal Court in this matter. As stated in the Amended Complaint (Case 1:20-cv-02389-DD-NRN, Document 69), jurisdiction is defined as follows:

> 10. This action arises under the Constitution and laws of the United States and is brought pursuant to Title 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331. Jurisdiction supporting Plaintiffs' claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.
>
> 11. Jurisdiction for Plaintiffs' *supplemental state law claims*, brought under Colorado state law, including the wrongful death act, C.R.S. § 13-21-201 *et seq.*, is conferred by 28 U.S.C. § 1367.
>
> 12. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events alleged herein occurred within the State of Colorado.  (Emphasis added)

**B.    Claims for Relief**

Of equal or greater importance is the plain reading and structure of the Amended Complaint which determined the course of litigation and the course of settlement with the Defendants.  There are nine claims for relief, the first five of which are the *primary claims* in this entire litigation and are filed under Title 42 U.S.C. § 1983 claims:  (1) Excessive Force; (2) Denial of Equal Protection; (3) Failure to Ensure Basic Safety and Provide Adequate Medical Care and Treatment; (4) Substantive Due Process – Deprivation of Liberty – Forcible Administration of Medications; (5) Excessive Force. The Sixth through Ninth Claims for Relief were secondary claims and were brought under the *supplemental* state law claims pursuant to C.R.S. § 13-21-201 involving wrongful death.

The primary claims, those which confer jurisdiction on the Court, are federal civil rights claims (the First through Fifth Claims for Relief).  These claims are asserted by Elijah's Estate, through its Co-Personal Representatives, against the City and the individual Defendants under 42 U.S.C. § 1983.  *The federal civil rights claims are survival claims* and they are owned by the Co-Personal Representatives, who are the only ones entitled to assert those claims on behalf of Elijah's Estate.  *Salazar v. Dowd*, 256 F.Supp. 220, 223 (D.Colo.1966); *Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1506-07 (10th Cir. 1990)(Section 1983 claim is a survival claim to be brought by the estate of the deceased victim).  *Harold v. University of Colo. Hospital,* 680 Fed. Appx. 666, 672 (10th Cir. 2017)(section 1983 claims of deceased Colorado victim must be brought by personal representative of victim's estate); C.R.S. § 13-20-101 (survival claims may be brought by personal representative of deceased). Mr. Mosely and Ms. McClain *individually* lack standing to assert any Section 1983 claim based on the violation of Elijah's civil rights.

3

The secondary claims are supplemental state law claims brought under Colorado's Wrongful Death Act. C.R.S. §13-21-201. *A wrongful death claim is derivative in nature*, and under Colorado law, no cause of action exists for the death of another other than under the Wrongful Death Act. *Ball v. United States,* 2018 WL 6173754 at *11 (D.Colo. Nov. 26, 2018)*; Steedle v. Sereff,* 167 P.3d 135, 138 (Colo. 2007); C.R.S. § 13-21-203(1)(a). The Co-Personal Representatives of Elijah's Estate have no standing to maintain a wrongful death action. Instead, a wrongful death action must be asserted by the "lineal descendants" of the deceased or, in limited circumstances, such as those here, his parents. *Whitenhill v. Kaiser Permanente*, 940 P.2d 1129, 1131 (Colo.App.1997); C.R.S. § 13-21-201(1)(c). And, unlike the Estate's civil rights claims, the damages recoverable in a wrongful death action are expressly limited, not only by Colorado's damage caps, but also by the Colorado Governmental Immunity Act. *See* C.R.S. § 13-21-102.5 and C.R.S. § 24-10-114.

## II. AURORA'S MOTION STATEMENT OF JURISDICTION, INTERVENTION AND ALLOCATION

1. Plaintiff Mosley agrees that the Court has jurisdiction over these matters, including the settlement of the matter, payment of the settlement funds in the Court Registry and resolution of the allocation dispute.

2. Plaintiff Mosley agrees with Aurora's Motion that the Court should intervene in this matter, but the Court should enforce the Settlement Agreement, as stated and argued in Plaintiff Lawayne Mosley's Response to Plaintiff Sheneen McClain's Motion to Confirm Settlement and to Deposit Funds in Court Registry Pending Allocation of Settlement Proceeds Between Plaintiffs (Case 1:20-cv-02389-DD-NRN, Document ___).

3. Plaintiff Mosley agrees as follows with Aurora's Motion that the Court should:

4

    i. *Dismiss* the individual Defendants *with* prejudice and *without* payment prior to the entry of a settlement agreement between the Plaintiffs and the City of Aurora;

    ii. *Determine* that the Plaintiffs have agreed to and are bound by the Settlement Agreement they have signed and which has been filed in the Court under seal;

    iii. *Accept* payment of the settlement funds into the Court Registry;

    iv. *Dismiss* the City of Aurora with prejudice;

    v. *Resolve* the allocation dispute as suggested above.

### III. CONCLUSION

Plaintiff Lawayne Mosley acknowledges that the Court has jurisdiction to address these matters, including the release of the individual Defendants with prejudice and without payment, the existence and enforcement of a valid Settlement Agreement, the payment of the settlement funds into the Court Registry, release of the City of Aurora from the matter, and resolution of any disputes concerning allocation of the settlement funds.

Respectfully submitted this 15th day of November 2021

        s/ *David R. Struthers*
        David R. Struthers
        DILL DILL CARR STONBRAKER & HUTCHINGS, P.C.
        455 Sherman Street
        Denver, CO 80203
        Telephone: (303) 777-3737
        E-mail: dstruthers@dillanddill.com

        s/ *Patrick D. Tooley*
        Patrick D. Tooley
        DILL DILL CARR STONBRAKER & HUTCHINGS, P.C.
        455 Sherman Street
        Denver, CO 80203
        Telephone: (303) 777-3737
        E-mail: pdtooley@dillanddill.com
        *Attorney for Plaintiff Lawayne Mosley, Individually*

**PRACTICE STANDARDS CERTIFICATION**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Liana Orshan, Esq. (lorshan@kln-law.com)
Michael Fairhurst, Esq. (mfairhurst@kln-law.com)
Mari Newman, Esq. (mnewman@kln-law.com)
*Attorneys for Plaintiff Estate of Elijah Javon Mcclain by and through its Personal Representatives, Sheneen Mcclain And Lawayne Mosley*

Liana Orshan, Esq. (lorshan@kln-law.com)
Michael Fairhurst, Esq. (mfairhurst@kln-law.com)
Mari Newman, Esq. (mnewman@kln-law.com)
Qusair Mohamedbhai, Esq. (qm@rmlawyers.com)
Siddhartha H. Rathod, Esq. (srmlawyers.com)
Felipe S. Bohnet-Gomez, Esq. (fbg@rmlawyers.com)
Matthew J. Croh, Esq. (mc@rmlawyers.com)
Iris Halpern, Esq. (ih@rmlawyers.com)
*Attorneys for Plaintiff Sheneen Mcclain in Her Individual Capacity*

Liana Orshan, Esq. (lorshan@kln-law.com)
Michael Fairhurst, Esq. (mfairhurst@kln-law.com)
Mari Newman, Esq. (mnewman@kln-law.com)
Darold W. Killmer, Esq. (dkillmer@kln-law.com)
David Lane, Esq. (dlane@kln-law.com)
*Attorneys for Plaintiff Lawayne Mosley in His Individual Capacity*

Peter Morales, Esq. (pmorales@auroragov.org)
Isabelle Evans, Esq. (ievans@auroragov.org)
*Attorneys for Defendants The City Of Aurora, Colorado, Nathan Woodyard, Randy Roedema, Jason Rosenblatt, Matthew T. Green, Dale Leonard, Alicia Ward, Kyle Dittrich, Erica Marrero, James Root, Jordan Mullins-Orcutt, Darren Dunson, Rachel Nunez, Stephanie Nghiem, Peter Cichuniec and Jeremy Cooper, in Their Official Capacities*

Michael Lowe, Esq. (mlowe@brunolawyers.com)
David Goddard, Esq. (dgoddard@brunolawers.com)
*Attorneys For Defendants Peter Cichuniec and Jeremy Cooper, In Their Individual Capacities*

Stephen J. Hensen, Esq. (steve@hendulaw.com)
*Attorney for Defendant Dr. Eric Hill, in His Individual Capacity*

                                                 s/ *David R. Struthers*
David R. Struthers
Dill Dill Carr Stonbraker & Hutchings, P.C.
455 Sherman Street, Suite 300
Denver, CO 80203
Telephone: (303) 777-3737
Fax:  (303) 777-3823
E-mail: dstruthers@dillanddill.com
*Attorney for Plaintiff Lawayne Mosley, Individually*