# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-CV-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal
representatives, Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually, and LAWAYNE MOSLEY, individually,

Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity, and
DR. ERIC HILL, in his individual capacity,

Defendants.

---

## LAWAYNE MOSLEY'S RESPONSE TO PLAINTIFF SHENEEN MCCLAIN'S MOTION TO CONFIRM SETTLEMENT AND TO DEPOSIT FUNDS IN COURT REGISTRY PENDING ALLOCATION OF SETTLEMENT PROCEEDS BETWEEN PLAINTIFFS [Dkt. 100, filed 10/29/21]

Plaintiff Lawayne Mosley, individually, hereby submits his Response to
Plaintiff Sheneen McClain's Motion to Confirm Settlement and to Deposit Funds
in Court Registry Pending Allocation of Settlement Proceeds Between Plaintiffs
[Dkt. #100, filed 10/29/21].

## I. Introduction

In July 2021, the parties reached a settlement agreement to resolve this
matter in full. The parties agreed Plaintiffs would dismiss all claims against the
individual defendants with prejudice and without payment. They agreed that
following the dismissal of those claims, the City would execute the settlement
agreement and then deliver substantial settlement proceeds payable to Elijah's
Estate. And they agreed that thereafter the Estate's remaining federal civil rights
claims against the City would be dismissed. Under the Colorado Probate Code,
Mr. Mosley and Ms. McClain, as the sole beneficiaries of Elijah's Estate, are
entitled to share equally in the net settlement proceeds to be distributed by Elijah's
Estate.

But now—whether due to avarice or personal animosity toward Mr.
Mosley—Ms. McClain wants more. She wants the Court to modify the settlement
agreement. She wants the Court to deviate from the agreed upon terms. And

ultimately she wants the Court to misapply an allocation provision in Colorado's Wrongful Death Act to subvert the settlement agreement and the Colorado Probate Code. The Court should reject Ms. McClain's attempts to unfairly enrich herself and should instead enforce the settlement agreement as written and agreed to by the parties.

## II. <u>Discussion</u>

### A.   **Factual Background**

In July 2021, the parties reached a global settlement to resolve this matter in full. *See Exhibit 1, Aff. of D. Killmer with attached 7/23/21 email exchange.* The City asked Plaintiffs' counsel to confirm the settlement agreement by email. Ms. McClain's counsel did so, as did Mari Newman, who confirmed Mr. Mosley's agreement "to settle for [an amount certain], payable to the estate of Elijah McClain." *Id.* The City agreed to draft the settlement agreement, which it did.

On August 4, 2021, the City circulated its proposed settlement agreement to Plaintiffs' counsel. Because Mr. Mosley and Ms. McClain each had conflicting interests individually and as co-PRs of Elijah's Estate, each retained two sets of additional counsel to represent them in those capacities. *See Exhibit 2, Aff. of D. Struthers.*

On August 31, 2021, Mr. Mosley signed the City's settlement agreement as drafted by the City and sent it to Ms. McClain's counsel. *See Exhibit 3, 8/31/21 email from P. Tooley.* On September 2, 2021, Ms. McClain's counsel responded by email, stating he wished to include an additional sentence in Recital E. *Exhibit 4, 9/2/2021 email from D. Wartell.* As drafted by the City, Recital E states, "The Plaintiffs represent that they have no other claims of any kind against any other party arising out of the facts alleged in this matter." Ms. McClain insisted that her additional sentence was "not intended to benefit or prejudice any party. It is solely intended to clarify the scope and intent of the releases and make clear that this settlement agreement is not intended to address issues between the plaintiffs." *Id.* By reply email that same day, Mr. Mosley's counsel stated that he had not been authorized to approve any changes to the settlement agreement by counsel for Mr. Mosley as co-PR of Elijah's Estate, the additional sentence was unnecessary, and requested that the signed settlement agreement be sent to the City. *Exhibit 5, 9/2/21 email from P. Tooley.*

On September 3, 2021, at 5:27 p.m., Mr. Mosley's counsel emailed a copy of the settlement agreement signed by Mr. Mosley to the City, acknowledging "that both Ms. McClain and Mr. Mosley have taken the position that each reserves all rights, defenses, and arguments concerning any issues relating to the allocation

of the settlement proceeds." *See Exhibit* 6, *9/3/21 email from P. Tooley.*

At 5:52 p.m., Ms. McClain's counsel emailed the City "to notify the parties of our understanding that there is a final, written, and signed settlement agreement." *See Exhibit 7, 9/3/21 email from D. Wartell.* Ms. McClain's counsel provided the City with the form of settlement agreement Mr. Mosley had signed, along with a second form of settlement agreement signed by Ms. McClain that deleted the word "solely" in Recital D (which is a non-issue here) and added the following sentence to Recital E: "Nothing in this Agreement shall be construed to limit or otherwise impact the rights of the Plaintiffs to seek allocation or apportionment of the settlement proceeds between Plaintiffs." *Id.* Ms. McClain's counsel advised the City that once Mr. Mosley confirmed he did not object to those changes, Ms. McClain would consider the formal execution of the settlement agreement to be complete. *Id.*

In the succeeding weeks, counsel met and exchanged emails about Ms. McClain's request to append language to Recital E. On September 13, 2021, Mr. Mosley's counsel emailed the City's and Ms. McClain's counsel a version of the sentence to be appended to Recital E that Ms. McClain's counsel had tentatively indicated appeared to be acceptable. *See Exhibit 8, 9/13/21 email from D. Struthers.* On September 27, 2021, however, Ms. McClain's counsel advised the

City that "I have informed Mr. Mosley's counsel that we will insist on keeping the original proposed language from Ms. McClain making it clear that nothing in the settlement agreement affects the plaintiffs['] rights to seek allocation of the settlement proceeds between them. That language is present in the version of the settlement agreement signed by Ms. McClain and transmitted to your office earlier this month." *Exhibit 9, 9/27/21 email from D. Wartell.*

On September 28, 2021, the City emailed all counsel stating:

the City would very much like to resolve this settlement and get things finalized this week **as had been previously discussed and agreed to. Prior to the City Attorney signing any settlement agreement, the individual defendants need to be dismissed from the case.** To that end, attached are two stipulated motions to dismiss, one for Dr. Hill and one for the remaining individual defendants. (emphasis added).

*See Exhibit10, 9/28/21 email from I. Evans, with attachs.* Each stipulated motion states that the claims against the individual defendants are **dismissed with prejudice and without payment.** *Id.*

On October 2, 2021, after an unsuccessful mediation between Plaintiffs, Mr. Mosley elected to put the matter to rest and agreed to the form of settlement agreement that included Ms. McClain's sentence added to Recital E. *See Exhibit 11, 10/2/21 email from P. Tooley.* Ms. McClain did not object that Mr. Mosley's response was untimely, but on October 3, 2021, made a new demand, namely that

5

the settlement proceeds be paid to her attorney, warning that "Defendants are not authorized to pay or transmit settlement funds in any manner other than what is specified in this email." *Exhibit 12, 10/2/21 email from D. Wartell.* Mr. Mosley objected to Ms. McClain's unilateral demand. *See Exhibit 13, 10/2/21 email exchange.*

Ms. McClain now seeks relief from the Court that would violate the settlement agreement's express terms. For the reasons stated below, the Court should deny Ms. McClain's motion and instead enforce the settlement agreement as written and agreed to by all parties.

### B.   Standard of Review

Colorado public and judicial policies favor voluntary agreements to settle legal disputes, *Garner v. FCA Chrysler*, 2020 WL 1650450 at *2-3 (D. Colo., April 3, 2020), and the court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10 Cir. 2004). A district court's decision to enforce such an agreement will be affirmed absent an abuse of discretion. *United States v. Hardage*, 982 F.2d 1491, 1495 (10th Cir.1993).  An abuse of discretion occurs when the district court "base[s] its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the

ruling." *Wang v. Hsu,* 919 F.2d 130, 130 (10ᵗʰ Cir. 1990).

Disputes relating to the formation, construction, and enforceability of a settlement agreement are resolved by applying state contract law, even when there are federal causes of action at issue. *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000). Where the material facts concerning the existence or material terms of a settlement agreement are not in dispute, the Court need not conduct an evidentiary hearing. *See, e.g., Evans-Carmichael v. United States*, 250 Fed.Appx. 256, 262 (10th Cir. 2007). *Cf. United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir.1993). Here, the material facts establishing the existence of the settlement agreement are found in the emails and correspondence attached to this Response, and thus no evidentiary hearing is necessary for this Court to determine whether an enforceable settlement agreement exists.

When the terms of the contract are unambiguous and negotiated and accepted by the parties, the court considers the settlement an enforceable contract. *Briones v. JNS Const. Services, LLC*, 2009 WL 943767 at *3 (D. Colo., April 6, 2009). In such cases, the Court has an obligation to effectuate the intent of the parties to the settlement agreement "according to the plain language and meaning of the contract." *Chandler–McPhail v. Duffey*, 194 P.3d 434, 438 (Colo. App. 2008). It thus enforces the contract as written, "unless there is an ambiguity in the

7

language." *Id.*

Ordinarily, a party who knowingly and voluntarily authorizes the settlement of her claims cannot avoid the terms of the settlement simply because she changes her mind. *Garner v. FCA Chrysler,* 2020 WL 1650450 at *3 (D. Colo., April 3, 2020), *citing Woods v. Denver Dep't of Revenue, Treasury Div.*, 45 F.3d 377, 378 (10th Cir. 1995). Similarly, a unilateral mistake of one of the parties is generally not a valid ground for rescission of the settlement agreement. *Shoels v. Klebold*, 375 F.3d at 1066. And the fact that certain formalities remain to be performed, such as signing the written agreement, does not reduce such an agreement to the status of mere negotiations. *City & Cty. of Denver v. Adolph Coors Co.*, 813 F. Supp. 1476, 1481 (D. Colo. 1993).

### C.    The Settlement Agreement is Binding and Should be Enforced as Written.

There is an Enforceable Settlement Agreement Here. Ms. McClain asks the Court to determine and reduce to writing the terms of the parties' settlement agreement. But Ms. McClain misunderstands the Court's role, which is not to make a contract for the parties. *Schreck v. T & C Sanderson Farms, Inc.*, 37 P.3d 510, 514 (Colo. App. 2001) (Courts cannot make contracts for parties and then order them specifically performed); *DiFrancesco v. Particle Interconnect Corp.*,

8

39 P.3d 1243, 1248 (Colo. App. 2001)(court cannot force parties to come to an agreement). Instead, the Court's role is to determine whether an enforceable settlement agreement exists in the first instance.

Here, there is an enforceable settlement agreement. Ms. McClain repeatedly asserted that she considered the settlement agreement to be final conditioned upon Mr. Mosley agreeing to the inclusion of her additional sentence in Recital E. Ms. McClain reaffirmed this position on September 27, 2021, and on October 2, 2021, Mr. Mosley reluctantly agreed. Thus, a valid, binding settlement agreement exists.

But even if Mr. Mosley had never agreed to Ms. McClain's additional sentence, that would not defeat the enforceability of the signed settlement agreement for two reasons. First, Ms. McClain's appended sentence is not a material term, and disputes over immaterial terms do not defeat an otherwise enforceable contract. *Wilson v. Wilson*, 46 F.3d 660, 666–67 (7th Cir.1995) (unresolved immaterial terms do not prevent meeting of the minds); *Dillard v. Starcon Intern. Inc.,* 483 F.3d 502, 508 (7th Cir. 2007)(party's objection to nonmaterial term would not defeat enforceability of settlement agreement); *Accord: Furstenau v. City of Naperville,* 2009 WL 10741785 at *6 (N.D. Ill., June 17, 2009)(term "does not become material simply because the provision is the subject of litigation.").

Recital E simply confirms for the City that Plaintiffs have no claims against "any other party arising out the facts alleged in this matter"—that is, Plaintiffs have no claims against any other City officer, employee, or agent arising out of Elijah's tragic death. And although Ms. McClain asserted that Recital E was potentially ambiguous (it is not), Mr. Mosley has consistently acknowledged and agreed that Plaintiffs each retain all claims and defenses that may exist between them.[1]

Second, even if Ms. McClain's additional sentence to Recital E were a material term, "courts consistently reject the notion that disputes over choice of language to express a material term can defeat the settlement." *Steadfast Ins. Co. v. Auto Marketing Network, Inc.,* 2004 WL 906118 at *4 (N.D. Ill., April 28, 2004). Mr. Mosley and Ms. McClain each proposed language stating, in essence, that Recital E did not apply to any disputes between them. They disagreed about wording. But whether it was Mr. Mosley, Ms. McClain, or both who were intransigent, any dispute that may have existed over the proposed language does not defeat the enforceability of the settlement agreement. *Wilson*, *supra,* 46 F.3d at

---

[1] Although Mr. Mosley disputes that any legal, equitable, or factual grounds exist to allocate a greater portion of the settlement proceeds to Ms. McClain, he has never maintained that Recital E would bar any claims or defenses as between Plaintiffs.

667 (that parties could not agree on whether to execute mutual releases or instead covenants not to sue did not defeat settlement agreement).

Ms. McClain's Other Requested Relief Would Violate the Settlement Agreement. Ms. McClain asks the Court (at page 4 of her motion) to require that the settlement proceeds be paid into the registry of the Court *before* the claims against the individual defendants are dismissed. She also argues that it is critical that the settlement proceeds be paid to all three plaintiffs. **But that is not what the settlement agreement says.** And because granting the relief Ms. McClain seeks would violate the settlement agreement's express terms, her requested relief should be denied.

The Settlement Agreement Should be Enforced as Written. In clear and certain terms, the settlement agreement mandates that the following events must occur in the following order: First, all claims against the individual defendants must be **dismissed with prejudice and without payment**. Second, *following* dismissal of those, the City must execute the settlement agreement. Third, within ten days thereafter, the City must remit settlement proceeds payable to Elijah's Estate. Fourth, upon receipt of the settlement proceeds, the remaining claims against the City must be dismissed. These terms are material and have obvious and intended consequences given the nature of the claims in the Amended Complaint

[Dkt. 69, filed 1/20/21].

The Amended Complaint contains two sets of claims. The primary claims—federal civil rights claims which confer jurisdiction on the Court—are asserted through the co-PRs on behalf of Elijah's Estate against the City and the individual defendants. *See Amended Compl., First thru Fifth Claims, ¶¶ 475-600.* Federal civil rights claims are survival claims owned on behalf of Elijah's Estate by the co-personal representatives, and not by Mr. Mosley and Ms. McClain, individually. *Harold v. University of Colo. Hospital,* 680 Fed.Appx. 666, 672 (10th Cir. 2017)(section 1983 claims of deceased Colorado victim must be brought by personal representative of victim's estate). *Accord: Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1506-07 (10th Cir. 1990)(Section 1983 claim is a survival claim to be brought by the estate of the deceased victim); *Salazar v. Dowd*, 256 F.Supp. 220, 223 (D. Colo. 1966); C.R.S. § 13-20-101 (authorizing personal representatives of deceased to maintain survival claims).

Conversely, the secondary claims—supplemental state law claims brought under Colorado's Wrongful Death Act—are asserted by Mr. Mosley and Ms. McClain, individually. *See Amended Compl., Sixth thru Ninth Claims, ¶¶601-667.* A wrongful death claim is derivative in nature, and no cause of action exists for the death of another under Colorado law other than under the Wrongful Death Act.

12

*Ball v. United States,* 2018 WL 6173754 at *11 (D. Colo., Nov. 26, 2018)*; Steedle v. Sereff,* 167 P.3d 135, 138 (Colo. 2007). A wrongful death action must be asserted by the  "lineal descendents" of the deceased or, in limited circumstances, such as those here, his parents. *Whitenhill v. Kaiser Permanente*, 940 P.2d 1129, 1131 (Colo. App.1997); C.R.S. § 13-21-201(1)(c). But unlike the Estate's civil rights claims, the damages recoverable in a wrongful death action are expressly limited, not only by Colorado's statutory damage caps, but also by the Colorado Governmental Immunity Act.  *See* C.R.S. § 13-21-102.5 and C.R.S. § 24-10-114.

In light of these two sets of claims, the settlement agreement's terms make perfect sense. The settlement agreement mandates dismissal of all claims against the individual defendants first, even before the City signs the settlement agreement. The consequences of this material term are that following dismissal of those claims, the individual defendants will be dismissed entirely, and Mr. Mosley and Ms. McClain, individually, will have no remaining claims against anyone. The only remaining claims (the first, second, and thirds claims for relief under 42 U.S.C. § 1983) belong to Elijah's Estate. And because the settlement agreement mandates that the claims against the individual defendants be ***dismissed with prejudice and without payment***, it inevitably and necessarily follows that payment must be made *solely* to Elijah's Estate.

13

Ms. McClain suggests in her motion (at p.4, n.1) that this outcome results in the failure of the settlement agreement for lack of consideration. But this simply is not so.

Under the settlement agreement, the City promises to pay and must pay substantial settlement proceeds to the Estate. The City's promise, as well as the payment, constitutes ample consideration to support the settlement agreement, even though the proceeds are payable solely to Elijah's Estate. *PayoutOne v. Coral Mortg. Bankers,* 602 F.Supp.2d 1219, 1224 (D. Colo. 2009)(under Colorado law, a promisee need not be the recipient of the bargained-for performance for consideration supporting existence of a contract to be found) *citing Wellshire Land Co. v. City & County of Denver*, 103 Colo. 416, 87 P.2d 1, 2 (1939)("Benefit to a third party is sufficient consideration for a contract."); *Digital Advertising Displays, Inc. v. Newforth Partners, LLC,* 2014WL1292931 (D. Colo. March 31, 2014)(a promise for a promise is valid consideration); *Luby v. Jefferson County Bank of Lakewood,* 28 Colo. App. 441, 445,  476 P.2d 292, 294 (1970)(rejecting lack of consideration argument where bank agreed to pay monies to co-maker of note). This is particularly true here, where Ms. McClain and Mr. Mosely are the sole beneficiaries of Elijah's Estate and will receive equal distributions of the net settlement proceeds.

<u>Deposit of Settlement Proceeds until Resolution of Allocation Motions</u>. The Court should (a) order the parties to file the Stipulated Dismissals prepared by the City, dismissing all claims against the individual defendants with prejudice and without payment; (b) direct the City to sign the settlement agreement; (c) require the City to remit the Estate's settlement proceeds; and (d) require the co-PRs to dismiss the Estate's remaining claims against the City. Consistent with the relief requested by Mr. Mosley in his Motion for Court to Resolve Outstanding Issues Concerning Settlement Agreement and Allocation Disputes [Dkt. 103, filed 11/1/21], Mr. Mosley does not object to the Estate's settlement proceeds being deposited with the clerk of the court pending resolution of whatever allocation motions may be filed.

Mr. Mosley notes, however, that the Wrongful Death Act allocation provision Ms. McClain intends to rely on has no application here because "any damages from survival claims go to the decedent's estate." *Champlin v. Burlington Northern Santa Fe Corp.,* 385 F.Supp. 720, 725 (N.D. Ill. 2005)(applying Colorado law in action where wrongful death claims brought by plaintiffs individually and survival claims brought by plaintiffs as appointed representatives of decedent's estate). The Colorado Probate Code governs the distribution of the Estate's assets and mandates that the Estate's assets be distributed to the

decedent's parents "equally." C.R.S. § 15-11-103. Nothing in the Colorado Probate Code or any other statute empowers this or any other court to make an unequal distribution of estate assets.[2]

### III. Conclusion

The parties have entered into an enforceable settlement agreement. The Court is authorized to enforce the settlement agreement and should do so. *Shoels v. Klebold*, 375 F.3d 1054, 1063 (10th Cir. 2004)(finding enforceable settlement agreement existed and rejecting argument that settlement terms were indefinite because, among other reasons, there was no way for the parties to know how much they would get out of the settlement); *Evans-Carmichael v. United States*, 250 Fed.Appx. 256, 262 (10th Cir. 2007)(affirming district court's enforcement of oral settlement agreement without evidentiary hearing and rejection of argument that settlement agreement and plaintiff had not agreed to release potential constitutional claims); and *Siribuor v. UHS of Denver, Inc.*, 2012WL3590791 at *4 (D. Colo., Aug. 20, 2012)(finding email exchange constituted final settlement and rejecting argument that specifics of "full release" was a material term that had

---

[2] Mr. Mosley reserves all rights, claims, and defenses concerning any requested allocation, including allocation from the gross settlement proceeds for attorney fees to which Killmer, Lane & Newman, LLP is entitled under its fee agreement and its separate fee sharing contract with Rathod Mohamedbhai LLC.

16

not been negotiated), *aff'd* 514 Fed.Appx. 811 (10th Cir. 2013). For the reasons

stated above, the Court should deny the relief sought by Ms. McClain.


Dated November 15, 2021.

 s/ Patrick D. Tooley_____

David R. Struthers

Patrick D. Tooley

DILL AND DILL

455 Sherman Street Ste 300

Denver, CO 80203

dstruthers@dillanddill.com

pdtooley@dillanddill.com

***Attorneys for Lawayne Mosley***

## Certification

I hereby certify that the foregoing pleading complies with the type-volume
limitation set forth in Judge Domenico's Practice Standard III(A)(1).

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, I served the foregoing LAWAYNE MOSLEY'S RESPONSE TO PLAINTIFF SHENEEN MCCLAIN'S MOTION TO CONFIRM SETTLEMENT AND TO DEPOSIT FUNDS IN COURT REGISTRY PENDING ALLOCATION OF SETTLEMENT PROCEEDS BETWEEN PLAINTIFFS via CM/ECF system on the following:

Daniel A. Wartell
Loren Michael Brown
CIANCIO CIANCIO BROWN, P.C.
danwartell@colo-law.com
Lorenbrown@colo-law.com
and
Siddhartha H. Rathod
Qusair Mohamedbhai
Felipe S. Bohnet-Gomez
Matthew J. Cron
Iris Halpern
RATHOD MOHAMEDBHAI LLC
qm@rmlawyers.com
ih@rmlawyers.com
sr@rmlawyers.com
mc@rmlawyers.com
fbg@rmlawyers.com
*Attorneys for Sheneen McClain*

Michael Paul Fairhurst
Mari Anne Newman
Liana Gerstle Orshan
KILLMER LANE & NEWMAN LLP
mfairhurst@kln-law.com
mnewman@kln-law.com
lorshan@kln-law.com
*Attorney for Estate of Elijah Javon McClain, LaWayne Mosley, Sheneen McClain*

Isabelle Sabra Evans
Peter Ruben Morales
AURORA CITY ATTORNEY'S OFFICE
ievans@auroragov.org
pmorales@auroragov.org
*Attorney for City of Aurora, Alicia Ward, Dale Leonard, Darren Dunson, Erica Marrero, James Root, Jason Rosenblatt, Jeremy Cooper, Jordan Mullins0Orcutt, Kyle Dittrich, Matthew Green, Nathan Woodyard, Peter Cichuniec, Rachel Nunez, Randy Roedema*

Jonathan Marshall Abramson
Yulia Nikolaevskaya
KISSINGER & FELLMAN, P.C.
jonathan@kandf.com
julie@kandf.com
*Attorneys for Alicia Ward, Dale Leonard, Darren Dunson, Erica Marrero, James Root, Jason Rosenblatt, Jordan Mullins-Orcutt, Kyle Dittrich, Matthew Green, Nathan Woodyard, Rachel Nunez, Randy Roedema*

18

David M. Goddard                        Darold E. Killmer
Michael Turner Lowe                     David A. Lane
BRUNO COLIN & LOWE, P.C.                 KILLMER LANE & NEWMAN, LLP
dgoddard@brunolawyers.com               dkillmer@kln-law.com
mlowe@brunolawyers.com                  dlane@kln-law.com
***Attorneys for Jeremy Cooper, Peter*** ***Attorneys for LaWayne Mosley***
***Cichuniec***

Stephen Jerome Hensen
JACKSON KELLY PLLC
Stephen.hensen@jacksonkelly.com
***Attorney for Eric Hill***

s/ Michele Overton