IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02389-DDD-NRN

ESTATE OF ELIJAH JAVON MCCLAIN, by and through its personal representatives, Sheneen McClain and Lawayne Mosley,
SHENEEN MCCLAIN, individually, and
LAWAYNE MOSLEY, individually,

      Plaintiffs,

v.

CITY OF AURORA, COLORADO, a municipality,
OFFICER NATHAN WOODYARD, in his individual and official capacity,
OFFICER RANDY ROEDEMA, in his individual and official capacity,
OFFICER JASON ROSENBLATT, in his individual and official capacity,
OFFICER MATTHEW GREEN, in his individual and official capacity,
SERGEANT DALE LEONARD, in his individual and official capacity,
OFFICER ALICIA WARD, in her individual and official capacity,
OFFICER KYLE DITTRICH, in his individual and official capacity,
OFFICER ERICA MARRERO, in her individual and official capacity,
OFFICER JAMES ROOT, in his individual and official capacity,
OFFICER JORDAN MULLINS-ORCUTT, in his individual and official capacity,
OFFICER DARREN DUNSON, in his individual and official capacity,
SERGEANT RACHEL NUNEZ, in her individual and official capacity,
LIEUTENANT PETER CICHUNIEC, in his individual and official capacity,
PARAMEDIC JEREMY COOPER, in his individual and official capacity, and
DR. ERIC HILL, in his individual capacity,

      Defendants.

---

**PLAINTIFF SHENEEN MCCLAIN'S RESPONSE TO PLAINTIFF LAWAYNE MOSLEY'S MOTION FOR COURT TO RESOLVE OUTSTANDING ISSUES CONCERNING SETTLEMENT AGREEMENT AND ALLOCATION DISPUTES**

---

Plaintiff Sheneen McClain, through her undersigned counsel, responds as follows to Plaintiff Lawayne Mosley's Motion for Court to Resolve Outstanding Issues Concerning Settlement Agreement and Allocation Disputes [Doc. 103]:

1

## INTRODUCTION

The basis of the Motion is that "counsel for Mr. Mosely believe that Ms. McClain had also signed and agreed to the Settlement Agreement" and that the same "was confirmed by Ms. McClain's counsel on at least two separate occasions…." Motion at 3. The facts demonstrate that Mr. Mosely is incorrect, and the Court should Deny the Motion.

Ms. McClain incorporates by reference the substance of her Motion to Confirm Settlement and to Deposit Funds in Court Registry Pending Allocation of Settlement Proceeds Between Plaintiffs [Doc. 100]. Thus, she will not unnecessarily repeat those same points in this Response.

## ANALYSIS

Mr. Mosely accurately states in his Motion that "[t]his litigation was settled on July 22, 2021, and the final settlement was ***memorialized in emails between and among counsel at that time.***" Motion at 2 (emphasis added). Mr. Mosely does not attach those emails to his Motion.

The Motion also correctly states that "[o]n August 8, 2021, the City of Aurora sent Plaintiffs a ***proposed*** settlement agreement.[1] *Id.* (emphasis supplied). Indeed, Mr. Mosley's own counsel, Mr. Killmer, circulated edits among plaintiffs' counsel after receiving the Defendants' draft. *See* **Exhibit A at 1**.

Mr. Mosley then inexplicably represents in the Motion (at page 3) that the "material terms of settlement were included "…(2) ***execution of the settlement agreement***;…" Put differently, Mr. Mosely now argues that a "material term" of the parties' settlement was to execute a "settlement agreement" that had not yet been drafted, reviewed, or approved by any of the parties. Mr. Mosely is confusing and conflating the material terms of the settlement agreed to on July 22—

---

[1] The actual date was August 4, 2021, but this statement is otherwise correct. *See* Exhibit A at 9.

2

payment of money in exchange for dismissals and releases for the benefit of defendants—with the *memorialization* of those terms in a subsequently prepared written document. This flawed argument defies logic and, as discussed below, is contradicted by the documentary evidence.

Mr. Mosely's counsel continued to actively confer with Ms. McClain's counsel about proposed edits to the City's draft until September 3, 2021. On the evening of September 3, Mr. Mosely's counsel unilaterally sent defense counsel a copy of the City's proposed draft executed by Mr. Mosely. **Exhibit A at 3**. The version executed by Mr. Mosely (1) abandoned all changes Mr. Killmer had previously proposed, (2) modified the signature lines from what the City had drafted, (3) did not incorporate any of Ms. McClain's edits, and (4) purported to modify the "payee" information which the City had intentionally left blank and highlighted (a manifestation that the City did not consider the payee to be determined or a material term of settlement from its perspective). **Exhibit A at 9** (email from Mr. Morales stating that his draft contained "a yellowed in portion which relates to further information we are waiting for and have not filled in as final yet."). Ms. McClain never agreed to accept this version as the settlement agreement.

On the evening of September 3, Ms. McClain's counsel responded to the unanticipated email from Mr. Mosely's counsel attaching an executed version of the settlement agreement. **Exhibit A at 7.** In this email to all counsel, Ms. McClain attached a different version of the settlement agreement which included specific language to clarify that no part of the settlement agreement was intended to release plaintiffs from claims between each other or affect in any way the forthcoming allocation proceedings. *Id.* Counsel for Mr. Mosely immediately responded and informed all counsel that the version approved and signed by Ms. McClain was rejected. *Id.* at 11.

A few days later, on September 7, 2021, Mr. Mosely's counsel sent an email to Ms. McClain's counsel with what he referred to as "draft language" for the settlement agreement.

**Exhibit A at 15.** Mr. Mosely's counsel clarified that this "draft language" had not been approved by his client or co-counsel.  Mr. Mosely's current argument that by September 3 the parties already had what he considered to be a fully executed settlement agreement is belied by these emails from his own counsel proposing new "draft language." *See also* **Exhibit A at 16** (September 13 email from Mr. Mosely's counsel proposing additional "draft language").

On September 20, 2021, in a further effort finalize the written settlement agreement, Ms. McClain's counsel again offered to treat that version of the settlement agreement that she had executed on September 3 as the final settlement agreement.  **Exhibit A at 18**.  Counsel for Mr. Mosely prompted responded with a rejection of that offer.  *Id.* at 17 (responding to email on page 18).

On September 23, 2021, Mr. Mosely's sent a different executed version of the settlement agreement to counsel for the defendants.  *Id.* at 24.  In their email, Mr. Mosely's counsel stated: "In the interest of full disclosure, however, in response to Mr. Sturthers's [sic] September 13, 2021 email, Mr. Wartell proposed different language than indicated by Mr. Struthers' [sic] and we in turn suggested alternative language to Mr. Wartell."  This email completely contradicts Mr. Mosely's argument that the parties had already agreed upon a form of the settlement agreement on September 3 or that a "material term" of settlement was the execution of a specific form of the agreement.

On September 27, 2021, Ms. McClain's counsel responded to the City's counsel and informed all parties that "the version of the settlement agreement signed by Mr. Mosely and transferred to your office is not the final version that my client has agreed to.  I have made it clear to Mr. Mosely's counsel that the attached version is not acceptable unless the payee is changed to include all three plaintiffs—not just the Estate…." **Exhibit A at 30**.

On September 28, 2021, Mr. Mosely's counsel again circulated various versions of the draft settlement agreement to counsel for the parties. *Id.* at 28 (responding to email on page 30). None of these versions had been approved or signed by Ms. McClain. As Mr. Mosely's counsel explained in that email, the first version was the original draft from the City *plus* an "added signature line to correctly reflect the roles of the parties." Ms. McClain never agreed to or signed this version. The second version contained additional language added by Mr. Mosely's counsel concerning the definition of "any other party" in Recital E of the draft. Ms. McClain never agreed to or signed this version. The third version contained a different version of changes, including language that Mr. Mosely's counsel *admits* was never agreed to. *Id.* (Mr. Mosely's counsel states that they added a sentence proposed by Ms. McClain and then "added two words" to it.) Ms. McClain did not agree to or sign this version with words added by Mr. Mosely's counsel.

On September 29, 2021, Mr. Mosely's counsel again emailed all counsel concerning, among other things, the settlement agreement. **Exhibit A at 36**. In that email, his counsel contradicted the position taken in this Motion, stating: "Once we have Ms. Sheneen McClain's signature on a Settlement Agreement, we will let you know who will be filing the dismissals." This is a direct admission that as of September 29, Mr. Mosely's counsel understood that there had been no agreement on a final draft, nor had all of the parties executed the settlement agreement.

On October 2, 2021, after a failed mediation between the plaintiffs, Mr. Mosely's counsel sent an email to all counsel. **Exhibit A at 39**. Without any notice to or consent from counsel for Sheneen McClain, Mr. Mosely's counsel purported to revive and accept the version of the settlement agreement originally offered by Ms. McClain on September 3 and repeatedly rejected by Mr. Mosely's counsel. This appears to be the genesis of Mr. Mosely's current position that there is, indeed, a signed settlement agreement. But his argument is incorrect.

5

From a legal standpoint, basic contract principals prevent acceptance of a proposal previously rejected. Offering different terms (a counteroffer) also serves as rejection of the prior offer. Both occurred here. The Restatement (Second) of Contracts provides:

> (1) An offeree's power of acceptance is terminated by his rejection of the offer, unless the offeror has manifested a contrary intention.
>
> (2) A manifestation of intention not to accept an offer is a rejection unless the offeree manifests an intention to take it under further advisement.

Restatement (Second) of Contracts § 38 (1981).

> (1) A counter-offer is an offer made by an offeree to his offeror relating to the same matter as the original offer and proposing a substituted bargain differing from that proposed by the original offer.
>
> (2) An offeree's power of acceptance is terminated by his making of a counter-offer, unless the offeror has manifested a contrary intention or unless the counter-offer manifests a contrary intention of the offeree.

Restatement (Second) of Contracts § 39 (1981). Thus, Mr. Mosely had no legal authority to unilaterally revive a previous version of the settlement agreement that he had already rejected.

In addition to the legal flaws in Mr. Mosely's argument, there is also an important factual reason that explains why Ms. McClain was willing to accept certain language on September 3 but was no longer willing to agree to that language on October 2 when Mr. Mosely purported to accept the version he had already rejected on numerous occasions. Counsel for the plaintiffs had agreed to deposit the settlement funds into a designated trust account pending resolution of all disputes. For this reason, the "payee" issue (and the language left yellow and blank in the City's original draft) was not relevant on September 3 because the plaintiffs had already agreed that the funds would be paid into a trust account. However, when Ms. McClain's counsel requested that the "payee" language in the final agreement reflect the plaintiffs' mutual agreement Mr. Mosely's counsel refused and insisted that a material term of settlement was that only the Estate

be listed as payee. For this and other reasons, Ms. McClain was not willing to revert to a version of the agreement that contains ambiguity concerning the payee.

## CONCLUSION

The actual terms of settlement between plaintiffs and defendants are what matter. Mr. Mosely's instant position has nothing to do with the settlement between plaintiffs and defendants and has everything to do with positioning himself for an allocation hearing. Specifically, Mr. Mosely continues to insist on terms that inject ambiguity into the settlement agreement (such as insisting that only the Estate be listed as a payee) and do not reflect the parties' actual agreement. For this reason, the Court should deny the Motion and make its own determination of whether there is a settlement and, if so, the material terms of that agreement. The allocation issue between plaintiffs can then be decided on the merits without interference from ambiguous terms that do not reflect the parties' agreement.

Dated this 15th day of November, 2021.

*s/Daniel A. Wartell*
Daniel A. Wartell
Loren M. Brown
Ciancio Ciancio Brown, P.C.
1660 Lincoln Street, Suite 2000
Denver, CO  80264
Telephone: (303) 451-0300
Email: danwartell@colo-law.com
*Attorney for Plaintiff Sheneen McClain*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Jonathan Marshall Abramson<br>Kissinger & Fellman, P.C.<br>3773 Cherry Creek North Drive, Suite 900<br>Ptarmigan Place<br>Denver, CO 80209<br>jonathan@kandf.com | Felipe S. Bohnet-Gomez<br>Rathod Mohamedbhai LLC<br>2701 Lawrence Street, Suite 100<br>Denver, CO 80205<br>fbg@rmlawyers.com |
| Matthew J. Cron<br>Rathod Mohamedbhai LLC<br>2701 Lawrence Street, Suite 100<br>Denver, CO 80205<br>mc@rmlawyers.com | Isabelle Sabra Evans<br>Aurora City Attorney's Office<br>15151 East Alameda Parkway<br>Aurora, CO 80012<br>ievans@auroragov.org |
| Michael Paul Fairhurst<br>Killmer Lane & Newman LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>mfairhurst@kln-law.com | David M. Goddard<br>Bruno Colin & Lowe, P.C.<br>1999 Broadway, Suite 4300<br>Denver, CO 80202<br>dgoddard@brunolawyers.com |
| Iris Halpern<br>Rathod Mohamedbhai LLC<br>2701 Lawrence Street, Suite 100<br>Denver, CO 80205<br>ih@rmlawyers.com | Stephen Jerome Hensen<br>Andrew C. Nickel<br>Jackson Kelly PLLC<br>1099 18th Street, Suite 2150<br>Denver, CO 80202<br>Stephen.hensen@jacksonkelly.com |
| Darold E. Killmer<br>Killmer Lane & Newman, LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>dkillmer@kln-law.com | David A. Lane<br>Killmer Lane & Newman, LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>dlane@kln-law.com |
| Michael Turner Lowe<br>Bruno Colin & Lowe, P.C.<br>1999 Broadway, Suite 4300<br>Denver, CO 80202<br>mlowe@brunolawyers.com | Qusair Mohamedbhai<br>Rathod Mohamedbhai LLC<br>2701 Lawrence Street, Suite 100<br>Denver, CO 80205<br>qm@rmlawyers.com |
| Peter Ruben Morales<br>Aurora City Attorney's Office<br>15151 East Alameda Parkway<br>Aurora, CO 80012<br>pmorales@auroragov.org | Mari Anne Newman<br>Killmer Lane & Newman LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>mnewman@kln-law.com |
| Yulia Nikolaevskaya | Liana Gerstle Orshan |

| | |
|---|---|
| Kissinger & Fellman, P.C.<br>3773 Cherry Creek North Drive, Suite 900<br>Ptarmigan Place<br>Denver, CO 80209<br>julie@kandf.com | Killmer Lane & Newman LLP<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>lorshan@kln-law.com |
| Siddhartha H. Rathod<br>Rathod Mohamedbhai LLC<br>2701 Lawrence Street, Suite 100<br>Denver, CO 80205<br>sr@rmlawyers.com | David R. Struthers<br>Patrick D. Tooley<br>Dill Dill Carr Stonbraker & Hutchings, P.C.<br>455 Sherman Street<br>Denver, CO 80203<br>dstruthers@dillanddill.com<br>pdtooley@dillanddill.com |

*s/ Daniel A. Wartell*
Daniel A. Wartell
Ciancio Ciancio Brown, P.C.
1660 Lincoln Street, Suite 2000
Denver, CO 80264
T: (303) 451-0300
F: (303) 464-8000
Email: danwartell@colo-law.com
Attorney for Plaintiff, Sheneen McClain