# FINAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This Release and Settlement Agreement (hereafter "Agreement") is entered into by and between Sheneen McClain ("McClain") and LaWayne Mosley ("Mosley"). McClain and Mosley are collectively referred to as the "Parties."

## Recitals

On August 11, 2020, McClain, Mosley, and the Estate of Elijah McClain ("Estate") filed a lawsuit in the United States District Court for the District of Colorado, Case No. 20-cv-02389-DDD-NRN, arising out of the wrongful death of Elijah McClain, the biological child of McClain and Mosley;

McClain and Mosley are the co-personal representatives of the Estate and the sole beneficiaries of the Estate;

On August 31, 2021, McClain, Mosley, and the Estate reached a settlement agreement to resolve all claims in the case for a total sum of $15,000,000.00;

A dispute exists between McClain and Mosley, in their individual capacities and in their capacities as co-personal representatives of the Estate, concerning the allocation of the settlement amount;

McClain and Mosley participated in a mediation on March 10, 2022, seeking to resolve the dispute and have reached a resolution of all claims between the Parties regarding the allocation of the settlement amount.

## Agreement

NOW THEREFORE, and in consideration of the mutual promises, conditions and covenants provided herein, and other good and valuable consideration, the Parties agree as follows:

1. Payment. McClain and Mosley agree that McClain will receive $9,750,000.00 and Mosley will receive $5,250,000.00, irrespective of attorney fees and costs. The Parties stipulate that the Parties will file with the Court within five business days a Stipulation for release of funds with Mosley's funds to be distributed to his counsel's trust account, and McClain's funds to be distributed to her counsel's trust account.

2. Mutual Release and Waiver. Except as stated in Paragraph 3 below, McClain and Mosley hereby voluntarily and knowingly forever release, discharge, and relinquish any and all claims against each other, known or unknown.

3. Exceptions to Release and Waiver. McClain expressly does not waive her claim to collect any child support obligations that may be owed to her by Mosley. McClain expressly does not waive or release any claim she may have against her former counsel, Killmer, Lane & Newman LLP ("KLN"), including but not limited to any dispute about the attorney fees owed to KLN. Further, neither Party waives any rights, claims, or defenses concerning the distribution of Elijah's ashes, and the Parties further agree that any dispute concerning

Elijah's ashes will be resolved before the Probate Court or by some other legal resolution as soon as possible but in any event no later than April 10, 2022.

4. <u>Cooperation</u>. The Parties agree to cooperate and execute any further documents necessary to effectuate the terms of this Agreement, including to cooperate for tax purposes.

5. <u>Rule of Construction</u>. This Agreement shall be interpreted liberally by the Parties and by any Court with a view towards accomplishing the expressed intentions of the Parties hereto, whether contained in the Recital clauses or elsewhere within this Agreement.

6. <u>Entire Agreement</u>. The Parties agree and acknowledge that no promise, inducement, or agreement not herein expressed has been made to them or any of their representatives, as this Agreement consists of the entire agreement between the Parties. The terms of this Agreement are contractual in nature and not mere recitals.

7. <u>Changing Facts Known</u>. The Parties understand, acknowledge, and agree that if any fact now believed to be true is found hereafter to be other than, or different from that which is believed, they expressly assume the risk for such difference in fact and agree that this Agreement shall and will remain effective notwithstanding any such difference in fact.

8. <u>Acknowledgment</u>. The Parties agree and acknowledge that they are entering into this Agreement with full understanding of all the terms hereto and that they fully understand and voluntarily accept the terms of this Agreement.

9. <u>Choice of Law</u>. The Parties agree and acknowledge that this Agreement shall be construed under and interpreted in accordance with the laws of the State of Colorado as it exists on the date that this Agreement is fully executed.

10. <u>Authority of Signatories</u>. The signatories below declare, warrant, and represent that they have the authority to enter into this Agreement individually and on behalf of their respective principals, if any.

**WE, THE UNDERSIGNED, HEREBY CERTIFY THAT WE HAVE READ THIS ENTIRE AGREEMENT. WE FULLY UNDERSTAND ALL THE TERMS AND CONSEQUENCES OF THIS AGREEMENT AND BASED UPON SUCH, EXECUTE IT.**

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]**

**SHENEEN MCCLAIN, INDIVIDUALLY**

_____     3-10-2022
Sheneen McClain                                              Date


**LAWAYNE MOSLEY, INDIVIDUALLY**

_____     3-10-22
LaWayne Mosley                                              Date


**SHENEEN MCCLAIN, AS PERSONAL REPRESENATIVE OF THE ESTATE OF ELIJAH MCCLAIN**

_____     3/10/2022
Sheneen McClain                                              Date


**LAWAYNE MOSLEY, AS PERSONAL REPRESENATIVE OF THE ESTATE OF ELIJAH MCCLAIN**

_____     3-10-22
LaWayne Mosley                                              Date

3